IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

CHRISTINE BIROS,

    Appellant,    No. 25-1845

v.

SHANNI SNYDER, et al,

    Appellees.

## MOTION TO DISMISS; OR, IN THE ALTERNATIVE, TO EXPAND THE RECORD ON APPEAL

Appellee George Snyder moves this Court to dismiss this appeal for lack of jurisdiction, waiver of appeal, or abuse of process, or in the alternative, to expand the record so the issue can be raised in briefing:

### background

1. The underlying case involves a Civil RICO filed by Christine Biros relating to filing pleadings in various litigations.

2. On March 31, 2025, the district court dismissed the RICO claims with prejudice and declined to exercise jurisdiction over the state claims.

3. On April 29, 2025, at 3:45 p.m., Biros invoked a state procedure, 42 Pa.C.S. 5103(b), to transfer a federal case dismissed for lack of jurisdiction to the

Court of Common Pleas for Westmoreland County, Pennsylvania.[1] *See* Exhibit B ("Praecipe to Transfer Matter to the Court of Common Pleas of Westmoreland County, Pennsylvania); Exhibit A (docket sheet from state court showing transfer of underlying case to Court of Common Pleas).

4. An hour and a half later, at approximately 4:07 p.m. – after Biros already transferred the case to state court – she filed a notice of appeal to this Court from the district court's March 31, 2025, judgment.

### discussion

5. In this case, Biros makes it clear she is appealing both the district court's dismissal of her Civil RICO claims **and** the refusal of the district court to take jurisdiction of the related state claims. *See Concise Summary of the Case,* Entry 7, page 1 ("Biros appeals from the dismissal with prejudice of the RICO claims and the dismissal of the supplemental state-law claims").

6. A normal, non-fribbling litigant waits out their appeal, and if unsuccessful, files the state law claims in state court which are preserved pursuant to 28 USC 1367(d).

---

[1] The state procedure makes sense in cases where a federal court finds no jurisdiction and the party transfers it to the state court as there will be no further federal litigation. However, in this case, there was no dismissal for lack of jurisdiction and the record is filled with over 1,000 pages of gobbledygook related to the federal RICO claims, something not anticipated by the state statute which allows a transfer of clean claims entirely dismissed by the federal court for a "lack of jurisdiction."

7. Biros instead filed a "transfer" of the case pursuant to 42 Pa.C.S. 5103(b) to the Court of Common Pleas, a procedure used for when a district court finds it had no jurisdiction at all.

8. This procedure, of course, does not apply to cases where the district court had jurisdiction, dismissed part of the lawsuit, and declined to accept supplemental jurisdiction. *See* 42 Pa.C.S. 5103(b)("Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court *for lack of jurisdiction*, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions…").

9. AFTER the transfer, and with Biros choosing the Court of Common Pleas to hear all further proceedings, she appeals both the underlying Civil RICO claim and the declination of supplemental jurisdiction to this Court.

10. Biros surreptitiously included the pre-appeal docket sheet from the district court when she "transferred" the case to the Court of Common Pleas and she failed to supplement after her appeal was lodged.

11. In other words, she failed to inform the Court of Common Pleas that the district court's judgment was not finalized and that continued litigation was taking place in the district court.

12. The consequence of this is that Biros intends to litigate the underlying case while her appeal is pending.

13. There are several problems with this abusive procedure.

14. First, by transferring the case to state court *prior to* filing an appeal to this Court, Biros effectively waived further federal court jurisdiction and any appeal she had. After all, *she* voluntarily transferred the case to a different forum divesting this Court of jurisdiction.

15. Second, what if Biros is successful in this Court? This Court would vacate the underlying judgment and reinstate her complaint, including the 28 USC 1367 state claims, all while the appellees have been forced to litigate the matter in the state court. How will that be handled? Will Biros simply say, "oopsie, lets go back to federal court." Worse, what if the state court decides some or all claims, then this Court finds that jurisdiction should not have been abstained from? Will Biros seek reconsideration of the state court decision in the federal court? Will the *Rooker-Feldman* doctrine apply?

16. This Court should have no qualms dismissing this appeal due to the abusive tactic Biros engaged in. After all, she chose to transfer jurisdiction to the state court one hour before her appeal. Second, this is part of the "endless slog of litigation" that Biros has engaged in. *See In re: U Lock*, 663 B.R. 30, 36,(Bk. W. Pa. 2024)(sanctioning Biros and noting "That said, there are no

angels here. Every party played a role in transforming an otherwise simple chapter 7 case that should have been fully administered within a few months into an endless slog of litigation").

17. In a case where Biros transferred jurisdiction to a state court *prior to* taking her appeal, and never bothered to notify the state court of that appeal, allowing her to have her transfer and appeal too is just more of the "endless slog of litigation" that serves no purpose, will create more issues, and complicates what should be a simple case.

18. Therefore, this Court should dismiss this appeal for either a lack of jurisdiction since Biros relinquished the case to the state courts, waived her appeal, or because her transfer scheme constitutes an abuse of process creating unnecessary litigation and legal issues.

**Alternative Relief**

19. Alternatively, if this Court desires to have this matter raised in the briefs instead of by motion, it should expand the record to include the transfer documents filed in the state court.

WHEREFORE Appellant George Snyder respectfully requests that this Court dismiss this appeal for lack of jurisdiction and/or abuse of process. In the alternative, this Court should expand the record to include the transfer documents so that the matter can be raised in the briefing.

Respectfully submitted,

_____/s/ George Snyder_____

George Snyder
PO Box 15
Irwin PA  15642
georgecsnyder@pm.me

APPELLEE