IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-1845

CHRISTINE BIROS,
*Appellant,*

v.

SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER, and J.
ALLEN ROTH,
*Appellees.*

## VOL II OF IV APPENDIX
## OF APPELLANT, CHRISTINE BIROS

On Appeal from the March 31, 2025 Judgment and Order
of the United States District Court for the Western District of
Pennsylvania at Case No.2:23-cv-00297-RJC

Kirk B. Burkley, Esquire
Pa. I.D. No. 89511
Stuart C. Gaul, Jr., Esquire
Pa. I.D. No. 74529
BERNSTEIN-BURKLEY, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
(412) 456-8100  Telephone
(412) 456-8135  Facsimile
kburkley@bernsteinlaw.com
sgaul@bernsteinlaw.com

*Counsel for Appellant, Christine Biros*

# TABLE OF CONTENTS

Docket Sheet for District Court Case No. 2:23-cv-00297-RJC............A30

#1 COMPLAINT against J. ALLEN ROTH, GEORGE SNYDER, KASH SNYDER, SHANNI SNYDER filed 2/22/2023......................A40

#43 MEMORANDUM OPINION re Defendants Motions to Dismiss [32], [34], [35], and [36] entered 3/29/2024...................................A380

#44 ORDER re Defendants Motions to Dismiss [32], [34], [35], and [36] entered 3/29/2024.......................................................A390

# TABLE OF CONTENTS

## Volume I

Notice of Appeal (April 29, 2025)……………...…………………… A1

Judgement Order (March 31,2025)…………………………………... A3

Order of Court (March 31, 2025…………………………………… A4

Memorandum Opinion (March 31, 2025)……………………………… A5

## Volume II

Docket Sheet for District Court Case No. 2:23-cv-00297-RJC…….. A30

#1 COMPLAINT against J. ALLEN ROTH, GEORGE SNYDER,
KASH SNYDER, SHANNI SNYDER filed 2/22/2023……………..… A40

#43 MEMORANDUM OPINION re Defendants Motions to
Dismiss [32], [34], [35], and [36] entered 3/29/2024……………… A380

#44 ORDER re Defendants Motions to Dismiss [32], [34], [35],
and [36] entered 3/29/2024………………………………………A390

## Volume III

#49 AMENDED COMPLAINT against J. ALLEN ROTH,
SHANNI SNYDER, George Snyder, Kash Snyder filed
5/15/2024……………………………………………………A391

## Volume IV

#56 MOTION to Dismiss filed by J. Allen Roth 7/17/2024…………A890

#57 BRIEF in Support of Motion to Dismiss filed by J. Allen
Roth 7/17/2024…………………………………………………… A1080

#58 MOTION to Dismiss filed by George Snyder 7/17/2024………A1135

#59 MOTION to Dismiss and Brief in Support filed by
Shanni Snyder 7/17/2024………………………………………… A1143

#60 MOTION to Dismiss and Brief in Support filed by
Kash Snyder 7/17/2024…………………………………………A1140

#68 REPLY BRIEF in Support of the Motion to Dismiss Amended
Complaint, Motion for judgment on the Pleadings, and Motion
to Strike Redundant, Immaterial, Impertinent, or Scandalous
Material filed by J. Allen Roth 10/21/2024………………………… A1193

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00297-RJC

BIROS v. SNYDER et al
Assigned to: Judge Robert J. Colville
related Cases: 2:21-cv-00904-RJC
                2:25-cv-00912-RJC
Case in other court: Third Circuit, 25-01845
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 02/22/2023
Date Terminated: 03/31/2025
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**CHRISTINE BIROS**

represented by **Kirk B. Burkley**
Bernstein-Burkley, P.C.
Pennsylvania
Suite 2200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
412-456-8108
Fax: 412-456-8135
Email: kburkley@bernsteinlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel McArdle Booker**
Obermayer Rebmann Maxwell & Hippel LLP
525 William Penn Place
Suite 1710
15219
Pittsburgh, PA 15219
412-566-1500
Fax: 412-281-1530
Email: mcardle.booker@obermayer.com
*TERMINATED: 05/06/2024*
*ATTORNEY TO BE NOTICED*

**Stuart C. Gaul , Jr.**
Bernstein-Burkley, P.C.
601 Grant Street
Ste 9th Floor
Pittsburgh, PA 15219
412-456-8139
Fax: 412-456-8135
Email: sgaul@bernsteinlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SHANNI SNYDER**                    represented by   **Shanni Snyder**
                                                      14390 Route 30
                                                      Suite H
                                                      North Huntingdon, PA 15642
                                                      412-758-1371
                                                      Email: shannis@pm.me
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Kash Snyder**                      represented by   **Kash Snyder**
                                                      Box 111
                                                      Irwin, PA 15642
                                                      412-403-8001
                                                      Email: kashsnyder@hotmail.com
                                                      PRO SE

**Defendant**

**J. ALLEN ROTH**                    represented by   **John Allen Roth**
                                                      Law Office of J. Allen Roth
                                                      805 S Alexandria Street
                                                      Latrobe, PA 15650
                                                      724-686-8003
                                                      Fax: 412-357-6310
                                                      Email: lawmatters@yahoo.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**George Snyder**                    represented by   **George Snyder**
                                                      Box 15
                                                      Irwin, PA 15642
                                                      412-979-9999
                                                      Email: georgecsnyder@pm.me
                                                      PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2023 | 1 | COMPLAINT against J. ALLEN ROTH, GEORGE SNYDER, KASH SNYDER, SHANNI SNYDER (Filing fee, including Administrative fee, $402, receipt number APAWDC-7552995), filed by CHRISTINE BIROS. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X) (jma) (Entered: 02/24/2023) |
| 02/24/2023 | 2 | Summons Issued as to J. ALLEN ROTH, GEORGE SNYDER, KASH SNYDER, SHANNI SNYDER. (Attachments: # 1 Summons J. Allen, # 2 Summons Kash, # 3 Summons Shanni) (jma) (Entered: 02/24/2023) |
| 02/24/2023 | 3 | NOTICE of Appearance by Stuart C. Gaul, Jr on behalf of CHRISTINE BIROS. (Gaul, Stuart) (Entered: 02/24/2023) |

| 02/24/2023 | 4 | NOTICE of Appearance by Daniel McArdle Booker on behalf of CHRISTINE BIROS. (Booker, Daniel) (Entered: 02/24/2023) |
|---|---|---|
| 02/27/2023 | 5 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (tk) (Entered: 02/27/2023) |
| 02/27/2023 | 6 | ORDER RE: Rule 12(b) Motions (details more fully stated in said Order). Signed by Judge Robert J. Colville on 2/27/23. (tk) (Entered: 02/27/2023) |
| 02/27/2023 | 7 | **AT&T SCHEDULING NOTICE FOR ALL TELEPHONIC CONFERENCES** - Every telephonic conference conducted will be via an AT&T call-in number which requires participants to dial-in and provide an access code. When a Telephonic Conference is scheduled, you will be instructed to refer back to this notice. This document has a security setting of Case Participants Only, so only those individuals will have access to view the document. (tk) (Entered: 02/27/2023) |
| 02/27/2023 | 8 | ORDER: on or before 3/13/23, Plaintiff shall file a RICO Case Statement pursuant to LRCvR 7.1B. Signed by Judge Robert J. Colville on 2/27/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 02/27/2023) |
| 02/27/2023 | 9 | MOTION for Extension of Time to File Answer re 1 Complaint, filed by CHRISTINE BIROS, 2 Summons Issued by George Snyder. (Attachments: # 1 Proposed Order, # 2 Certificate of Service) (Snyder, George). Added MOTION to Dismiss on 2/27/2023 (jma) (Entered: 02/27/2023) |
| 02/27/2023 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 9 Motion for Extension of Time to File Answer, Motion to Dismiss. ERROR: MULTIPLE Relief Motion Filed as One Relief. CORRECTION: Attorney advised in future that Motions of this nature are to be filed using the Motion Event and clicking on all the reliefs sought in said motion. Clerk of Court added/docketed Dismiss. This message is for informational purposes only. (jma) (Entered: 02/27/2023) |
| 02/28/2023 | 10 | ORDER granting 9 Motion for Extension of Time to Answer. George Snyder shall respond to the Complaint within 45 days of the filing of Plaintiff's RICO Case Statement. Signed by Judge Robert J. Colville on 2/28/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 02/28/2023) |
| 03/02/2023 | 11 | SUMMONS/Return of Service Returned Executed by CHRISTINE BIROS. J. ALLEN ROTH served on 2/27/2023, answer due 3/20/2023. (Gaul, Stuart) (Entered: 03/02/2023) |
| 03/02/2023 | 12 | SUMMONS/Return of Service Returned Executed by CHRISTINE BIROS. KASH SNYDER served on 2/27/2023, answer due 3/20/2023. (Gaul, Stuart) (Entered: 03/02/2023) |
| 03/02/2023 | 13 | SUMMONS/Return of Service Returned Executed by CHRISTINE BIROS. George Snyder served on 2/27/2023, answer due 4/27/2023. (Gaul, Stuart) (Entered: 03/02/2023) |
| 03/13/2023 | 14 | SUMMONS/Return of Service Returned Executed by CHRISTINE BIROS. SHANNI SNYDER served on 3/10/2023, answer due 3/31/2023. (Gaul, Stuart) (Entered: 03/13/2023) |
| 03/13/2023 | 15 | RICO Case Statement by CHRISTINE BIROS. (Gaul, Stuart) (Entered: 03/13/2023) |

| 03/17/2023 | 16 | NOTICE of Appearance by Shanni Snyder on behalf of SHANNI SNYDER. (Snyder, Shanni) (Entered: 03/17/2023) |
|---|---|---|
| 03/22/2023 | 17 | REQUEST by CHRISTINE BIROS for entry of DEFAULTagainst KASH SNYDER. (Attachments: # 1 Exhibit A -Affidavit of Counsel in Support of Request for Entry of Default Judgment Against Defendant Kash Snyder) (Gaul, Stuart) (Entered: 03/22/2023) |
| 03/22/2023 | 18 | REQUEST by CHRISTINE BIROS for entry of DEFAULT against J. ALLEN ROTH. (Attachments: # 1 Exhibit A -Affidavit of Counsel in Support of Request for Entry of Default Judgment Against Defendant J. Allen Roth) (Gaul, Stuart) (Entered: 03/22/2023) |
| 03/22/2023 | 19 | NOTICE of Appearance by John Allen Roth on behalf of J. ALLEN ROTH. (Roth, John) (Entered: 03/22/2023) |
| 03/22/2023 | 20 | RESPONSE IN OPPOSITION *to Request for Default* to 17 Request for Default Judgment, 18 Request for Default Judgment, filed by J. ALLEN ROTH. (Roth, John) (Entered: 03/22/2023) |
| 03/22/2023 | 21 | MOTION for Extension of Time to File Answer re 1 Complaint,, filed by CHRISTINE BIROS, 15 RICO Case Statement filed by CHRISTINE BIROS *Until April 27, 2023* by J. ALLEN ROTH. (Attachments: # 1 Proposed Order) (Roth, John) (Entered: 03/22/2023) |
| 03/22/2023 | 22 | EXHIBITS in Support of 20 Response in Opposition, 21 Motion for Extension of Time to File Answer by J. ALLEN ROTH. (Attachments: # 1 Exhibit Memorandum Opinion Bankruptcy Case, # 2 Exhibit Show Cause Moving Property) (Roth, John) (Entered: 03/22/2023) |
| 03/22/2023 | 23 | CLERK'S ENTRY OF DEFAULT as to KASH SNYDER. (jma) (Entered: 03/22/2023) |
| 03/23/2023 | 24 | NOTICE of Appearance by Kash Snyder. (Snyder, Kash) (Entered: 03/23/2023) |
| 03/23/2023 | 25 | MOTION to Set Aside Default by Kash Snyder. (Attachments: # 1 Proposed Order) (Snyder, Kash) (Entered: 03/23/2023) |
| 03/23/2023 | 26 | MOTION for Extension of Time to File Answer re 1 Complaint, filed by CHRISTINE BIROS, 15 RICO Case Statement filed by CHRISTINE BIROS *Until April 27 2023* by Kash Snyder. (Attachments: # 1 Proposed Order) (Snyder, Kash) (Entered: 03/23/2023) |
| 03/23/2023 | 27 | ORDER granting in part 21 Motion for Extension of Time to Answer. The deadline for J. ALLEN ROTH to respond to the Complaint is extended to 4/27/2023. Signed by Judge Robert J. Colville on 3/23/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 03/23/2023) |
| 03/23/2023 | 28 | ORDER granting 25 Motion to Set Aside Default as to Kash Snyder. The Default entered at 23 is hereby set aside. Signed by Judge Robert J. Colville on 3/23/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 03/23/2023) |
| 03/23/2023 | 29 | ORDER granting 26 Motion for Extension of Time to File Answer. The deadline for Kash Snyder to respond to the Complaint is extended to 4/27/2023. Signed by Judge Robert J. Colville on 3/23/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 03/23/2023) |
| 04/01/2023 | 30 | MOTION for Extension of Time to File Answer re 1 Complaint, filed by CHRISTINE BIROS, 14 Summons/Returned Returned Executed filed by CHRISTINE BIROS, 15 RICO Case Statement filed by CHRISTINE BIROS by SHANNI SNYDER. (Attachments: # 1 Proposed Order) (Snyder, Shanni) (Entered: 04/01/2023) |
| 04/03/2023 | 31 | ORDER granting 30 Motion for Extension of Time to File Answer. The deadline for Shanni Snyder to respond to the Complaint is extended to 5/1/2023. Signed by Judge |

| | | |
|---|---|---|
| | | Robert J. Colville on 4/3/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 04/03/2023) |
| 04/24/2023 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION for Judgment on the Pleadings , MOTION to Strike by J. ALLEN ROTH. (Attachments: # 1 Proposed Order) (Roth, John) (Entered: 04/24/2023) |
| 04/24/2023 | 33 | BRIEF in Support re 32 Motion to Dismiss for Failure to State a Claim, Motion for Judgment on the Pleadings, Motion to Strike filed by J. ALLEN ROTH. (Roth, John) (Entered: 04/24/2023) |
| 04/27/2023 | 34 | MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, MOTION for More Definite Statement by Kash Snyder. (Snyder, Kash) (Entered: 04/27/2023) |
| 04/27/2023 | 35 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 15 RICO Case Statement, MOTION to Dismiss Case as Frivolous , MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint,, by George Snyder. (Attachments: # 1 Exhibit Ex 1 Opinion Rule 11 against Biros, # 2 Exhibit Ex 2 Excerpts of Transcript April 13 2023, # 3 Exhibit Ex 3 Amended Order to Show Cause, # 4 Exhibit Ex 4 Excepts of Transcript January 27 2023, # 5 Exhibit Ex 5 Excerpts of Christine Biros motion) (Snyder, George) (Entered: 04/27/2023) |
| 05/01/2023 | 36 | MOTION to Dismiss *as Retaliatory Per 29 USC 215(a)(3)* re 1 Complaint, MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by SHANNI SNYDER. (Attachments: # 1 Exhibit Fact Sheet 77a Department of Labor) (Snyder, Shanni) (Entered: 05/02/2023) |
| 05/12/2023 | 37 | MOTION for Extension of Time to File Response/Reply as to 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 15 RICO Case Statement MOTION to Dismiss Case as Frivolous MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, 34 MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, MOTION for More Definite Statement , 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION for Judgment on the Pleadings MOTION to Strike , 36 MOTION to Dismiss *as Retaliatory Per 29 USC 215(a)(3)* re 1 Complaint, MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction, MOTION for Leave to File Consolidated Response re 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 15 RICO Case Statement MOTION to Dismiss Case as Frivolous MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, filed by George Snyder, 34 MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, MOTION for More Definite Statement filed by Kash Snyder, 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, MOTION for Judgment on the Pleadings MOTION to Strike filed by J. ALLEN ROTH, 36 MOTION to Dismiss *as Retaliatory Per 29 USC 215(a)(3)* re 1 Complaint, MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by SHANNI SNYDER by CHRISTINE BIROS. (Attachments: # 1 Proposed Order) (Gaul, Stuart) (Entered: 05/12/2023) |
| 05/12/2023 | 38 | ORDER granting 37 Motion for Extension of Time to File Response/Reply. Plaintiff Christine Biros may file a single, consolidated response to the pending motions to dismiss her complaint of Defendants J. Allen Roth, Kash Snyder, George Snyder, and Shanni Snyder [Doc. Nos. 32, 34, 35, & 36] on or before June 6, 2023. Signed by Judge Robert J. |

| | | |
|---|---|---|
| | | Colville on 5/12/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 05/12/2023) |
| 06/06/2023 | 39 | RESPONSE to Motion re 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 15 RICO Case Statement, MOTION to Dismiss Case as Frivolous, MOTION to Dismiss for Lack of Jurisdiction re 1 Complaint, 34 MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 1 Complaint, 36 MOTION to Dismiss *as Retaliatory Per 29 USC 215(a)(3)* re 1 Complaint, filed by CHRISTINE BIROS. (Gaul, Stuart) (Entered: 06/06/2023) |
| 06/24/2023 | 40 | MOTION for Extension of Time to File Response/Reply as to 39 Response to Motion by J. ALLEN ROTH. (Attachments: # 1 Proposed Order, # 2 Certificate of Service) (Roth, John) Modified text on 6/27/2023. (cel) (Entered: 06/24/2023) |
| 06/27/2023 | 41 | ORDER granting 40 Motion for Extension of Time to File Reply by J. ALLEN ROTH. Reply due by July 5, 2023. Signed by Judge Robert J. Colville on 6/27/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 06/27/2023) |
| 07/05/2023 | 42 | REPLY BRIEF re 32 Motion to Dismiss for Failure to State a Claim, Motion for Judgment on the Pleadings, Motion to Strike filed by J. ALLEN ROTH. (Attachments: # 1 Exhibit Adversary Complaint 23-ap2020 (US Bk. Ct. W.D.Pa.)) (Roth, John) (Entered: 07/05/2023) |
| 03/29/2024 | 43 | MEMORANDUM OPINION re Defendants Motions to Dismiss 32 , 34 , 35 , and 36 . For the reasons stated in the opinions, as to Counts I and II, the Court grants Defendants Motions to Dismiss. Plaintiffs RICO Act and RICO Act Conspiracy claims are dismissed without prejudice, and the Court grants Plaintiff leave to amend her complaint within 21 days of the date of this memorandum order. Details more fully stated in the opinion. An appropriate order of court shall follow. Signed by Judge Robert J. Colville on 3/29/24. (cjo) (Entered: 03/29/2024) |
| 03/29/2024 | 44 | ORDER: Upon consideration of the Motions to Dismiss 32 , 34 , 35 , and 36 filed by Defendants Shanni Snyder, George Snyder, Kash Snyder, and J. Allen Roth, and for the reasons set forth in this Courts Memorandum Opinion of the same date, it is hereby ORDERED that: As to Counts I and II of the Complaint, the Motions to Dismiss are GRANTED in part. As to the remaining state-law claims, the Court declines to exercise supplemental jurisdiction until Plaintiff files an amended complaint with a viable federal question. Plaintiff is granted leave to file an amended complaint. Any such amended complaint shall be filed by April 19, 2024. Signed by Judge Robert J. Colville on 3/29/24. (cjo) (Entered: 03/29/2024) |
| 04/12/2024 | 45 | MOTION for Extension of Time to File *Amended Complaint as to 44 Order* by CHRISTINE BIROS. (Attachments: # 1 Proposed Order) (Gaul, Stuart) (Entered: 04/12/2024) |
| 04/12/2024 | 46 | ORDER granting 45 Motion for Extension of Time to File Amended Complaint. Plaintiff shall file an Amended Complaint on or before May 19, 2024. Signed by Judge Robert J. Colville on 4/12/24. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 04/12/2024) |
| 05/06/2024 | 47 | MOTION to Withdraw *Appearance of D. McArdle Booker, Esquire* by CHRISTINE BIROS. (Attachments: # 1 Proposed Order) (Gaul, Stuart) (Entered: 05/06/2024) |
| 05/06/2024 | 48 | ORDER Granting 47 MOTION to Withdraw *Appearance of D. McArdle Booker, Esquire* filed by CHRISTINE BIROS. Attorney Daniel McArdle Booker terminated. Signed by Judge Robert J. Colville on 5/6/24. Text-only entry; no PDF document will issue. This text- |

| | | |
|---|---|---|
| | | only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 05/06/2024) |
| 05/15/2024 | 49 | AMENDED COMPLAINT against J. ALLEN ROTH, SHANNI SNYDER, George Snyder, Kash Snyder, filed by CHRISTINE BIROS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36) (Gaul, Stuart) (Entered: 05/15/2024) |
| 05/15/2024 | 50 | RICO Case Statement by CHRISTINE BIROS. (Gaul, Stuart) (Entered: 05/15/2024) |
| 05/15/2024 | | Update Answer Deadline: Answer due from J. ALLEN ROTH on 5/29/2024; SHANNI SNYDER on 5/29/2024; George Snyder on 5/29/2024; Kash Snyder on 5/29/2024 (rtm) (Entered: 05/16/2024) |
| 05/27/2024 | 51 | MOTION for Extension of Time to File Answer re 50 RICO Case Statement filed by CHRISTINE BIROS, 49 Amended Complaint,,, filed by CHRISTINE BIROS, Update Answer Deadline *Until July 17, 2024,* by J. ALLEN ROTH. (Attachments: # 1 Proposed Order) (Roth, John) (Entered: 05/27/2024) |
| 05/28/2024 | 52 | Consent MOTION for Extension of Time to File Answer re 49 Amended Complaint, filed by CHRISTINE BIROS *until 7/17/24* by George Snyder. (Snyder, George) (Entered: 05/28/2024) |
| 05/28/2024 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 52 Motion for Extension of Time to File Answer. ERROR: Proposed Order, which is required for all motions in civil cases per Local Rule LCvR7, was not attached. CORRECTION: Attorney is advised to file a proposed order by using the Proposed Order event and linking it to the document in question. (rtm) (Entered: 05/28/2024) |
| 05/28/2024 | 53 | Consent MOTION for Extension of Time to File Answer re 50 RICO Case Statement filed by CHRISTINE BIROS, 49 Amended Complaint,,, filed by CHRISTINE BIROS, Update Answer Deadline *to 7/17 2024* by Kash Snyder. (Attachments: # 1 Proposed Order) (Snyder, Kash) (Entered: 05/28/2024) |
| 05/29/2024 | 54 | Unopposed MOTION for Extension of Time to File Answer re 49 Amended Complaint,,, filed by CHRISTINE BIROS, Update Answer Deadline by SHANNI SNYDER. (Attachments: # 1 Proposed Order) (Snyder, Shanni) (Entered: 05/29/2024) |
| 05/29/2024 | 55 | ORDER granting 51 Motion for Extension of Time to Answer, 52 Consent MOTION for Extension of Time to File Answer, 53 Consent MOTION for Extension of Time to File Answer and 54 Unopposed MOTION for Extension of Time to File Answer. Answers due to 49 AMENDED COMPLAINT by 7/17/24. Signed by Judge Robert J. Colville on 5/29/24. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 05/29/2024) |
| 07/17/2024 | 56 | MOTION to Dismiss re 50 RICO Case Statement, 49 Amended Complaint,,,, MOTION for Judgment on the Pleadings , MOTION to Strike 50 RICO Case Statement, 49 Amended Complaint,,, , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 50 RICO Case Statement, 49 Amended Complaint,,,, MOTION to Dismiss Case as Frivolous , MOTION to Dismiss for Lack of Jurisdiction by J. ALLEN ROTH. (Attachments: # 1 Proposed Order, # 2 Exhibit Exhibit 1 Opinion Christine Biros Pigs Get Fat Hogs Get Slaughtered, # 3 Exhibit Exhibit 2 Order Sustaining Finding of Rule 9011 Violation, # 4 Exhibit Exhibit 3 Sanctions against Christine Biros for Moving Estate Tangible Property |

| | | |
|---|---|---|
| | | and Concealing, # 5 Exhibit Exhibit 4 Transcript Referencing Use of Proceeding Memo, # 6 Exhibit Exhibit 5 Transcript Relating to Quashal, # 7 Exhibit Exhibit 6 Order Quashing Subpoena for Bank Records and Directing Return of Records, # 8 Exhibit Exhibit 7 Order Quashing Subpoena to Education Institition, # 9 Exhibit Exhibit 8 Biros Motion for Relief from Stay to File Vacate Judgment, # 10 Exhibit Exhibit 9 Order Granting Biros Leave to File Motion to Vacate Judgment) (Roth, John) (Entered: 07/17/2024) |
| 07/17/2024 | 57 | BRIEF in Support re 56 Motion to Dismiss, Motion for Judgment on the Pleadings, Motion to Strike, Motion to Dismiss for Failure to State a Claim, Motion to Dismiss Case as Frivolous, Motion to Dismiss/Lack of Jurisdiction, filed by J. ALLEN ROTH. (Roth, John) Modified text on 7/24/2024. (cel) (Entered: 07/17/2024) |
| 07/17/2024 | 58 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint, MOTION to Dismiss Case as Frivolous , MOTION to Dismiss for Lack of Jurisdiction re 49 Amended Complaint by George Snyder. (Snyder, George) Modified text on 7/24/2024. (cel) (Entered: 07/17/2024) |
| 07/17/2024 | 59 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND AS FLSA RETALIATION* re 49 Amended Complaint by SHANNI SNYDER. (Snyder, Shanni) Modified text on 7/24/2024. (cel) (Entered: 07/17/2024) |
| 07/17/2024 | | BRIEF in Support re 59 Motion to Dismiss for Failure to State a Claim filed by SHANNI SNYDER w/ 59 . (cel) (Entered: 07/24/2024) |
| 07/18/2024 | 60 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint by Kash Snyder. (Attachments: # 1 Proposed Order) (Snyder, Kash) Modified text on 7/24/2024. (cel) (Entered: 07/18/2024) |
| 07/18/2024 | | BRIEF in Support re 60 Motion to Dismiss for Failure to State a Claim filed by Kash Snyder.w/ 60 (cel) (Entered: 07/24/2024) |
| 07/23/2024 | 61 | MOTION for Leave to File Omnibus Response to Motions to Dismiss by CHRISTINE BIROS. (Attachments: # 1 Proposed Order) (Gaul, Stuart) (Entered: 07/23/2024) |
| 07/25/2024 | 62 | ORDER granting 61 MOTION for Leave to File Omnibus Response to Motions to Dismiss by CHRISTINE BIROS. Signed by Judge Robert J. Colville on 7/25/24. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 07/25/2024) |
| 08/02/2024 | 63 | MOTION for Leave to File Excess Pages , MOTION to Extend Time to September 16, 2024 by CHRISTINE BIROS. (Attachments: # 1 Proposed Order) (Gaul, Stuart) (Entered: 08/02/2024) |
| 08/05/2024 | 64 | ORDER granting 63 MOTION for Leave to File Excess Pages, MOTION to Extend Time to September 16, 2024 by CHRISTINE BIROS. On or before September 16, 2024, Biros may file a brief of up to 40 pages in length in response to the Defendants pending motions to dismiss. Signed by Judge Robert J. Colville on 8/5/24. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 08/05/2024) |
| 09/16/2024 | 65 | RESPONSE IN OPPOSITION to 60 Motion to Dismiss for Failure to State a Claim, 56 Motion to Dismiss, Motion for Judgment on the Pleadings, Motion to Strike, Motion to Dismiss for Failure to State a Claim, Motion to Dismiss Case as Frivolous, Motion to Dismiss/Lack of Jurisdiction, 59 Motion to Dismiss for Failure to State a Claim, 58 Motion to Dismiss for Failure to State a Claim,, Motion to Dismiss Case as Frivolous, Motion to Dismiss/Lack of Jurisdiction, filed by CHRISTINE BIROS. (Attachments: # 1 Exhibit A) (Gaul, Stuart) (Entered: 09/16/2024) |

| 09/29/2024 | 66 | MOTION to Extend Time to 10/21/2024 by J. ALLEN ROTH. (Attachments: # 1 Proposed Order) (Roth, John) (Entered: 09/29/2024) |
|---|---|---|
| 10/04/2024 | 67 | ORDER granting 66 MOTION to Extend Time to 10/21/2024 by J. ALLEN ROTH. J. Allen Roth may file his reply no later than October 21, 2024. Signed by Judge Robert J. Colville on 10/4/24. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (cjo) (Entered: 10/04/2024) |
| 10/21/2024 | 68 | REPLY BRIEF re 56 Motion to Dismiss, Motion for Judgment on the Pleadings, Motion to Strike, Motion to Dismiss for Failure to State a Claim, Motion to Dismiss Case as Frivolous, Motion to Dismiss/Lack of Jurisdiction, 57 Brief in Support of Motion, 65 Response in Opposition,, filed by J. ALLEN ROTH. (Roth, John) Modified text on 10/22/2024. (rtm) (Entered: 10/21/2024) |
| 03/31/2025 | 69 | MEMORANDUM OPINION re 56 MOTION to Dismiss by J. ALLEN ROTH, 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint, MOTION to Dismiss Case as Frivolous, MOTION to Dismiss for Lack of Jurisdiction re 49 Amended Complaint by George Snyder, 59 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND AS FLSA RETALIATION re 49 Amended Complaint by SHANNI SNYDER and 60 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint by Kash Snyder. Details more fully stated in the opinion. An appropriate order of court shall follow. Signed by Judge Robert J. Colville on 3/31/25. (cjo) (Entered: 03/31/2025) |
| 03/31/2025 | 70 | ORDER granting 56 MOTION to Dismiss by J. ALLEN ROTH, 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint, MOTION to Dismiss Case as Frivolous, MOTION to Dismiss for Lack of Jurisdiction re 49 Amended Complaint by George Snyder, 59 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND AS FLSA RETALIATION re 49 Amended Complaint by SHANNI SNYDER and 60 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 49 Amended Complaint by Kash Snyder. Details more fully stated in the order. A separate Rule 58 Judgment Order follows. The Clerk of Court shall mark this case as closed.. Signed by Judge Robert J. Colville on 3/31/25. (cjo) (Entered: 03/31/2025) |
| 03/31/2025 | 71 | JUDGMENT is hereby entered pursuant to Rule 58 of the Federal Rules of Civil Procedure. This case has been marked closed. Signed by Judge Robert J. Colville on 3/31/25. (cjo) (Entered: 03/31/2025) |
| 04/29/2025 | 72 | NOTICE OF APPEAL as to 70 Order on Motion to Dismiss, Order on Motion for Judgment on the Pleadings, Order on Motion to Strike, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss/Lack of Jurisdiction, 71 Rule 58 Judgment by CHRISTINE BIROS. Filing fee $605, receipt number APAWDC-8839370. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): N/A. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Gaul, Stuart) Modified text on 4/30/2025 to remove extra commas. (rtm) (Entered: 04/29/2025) |
| 05/02/2025 | 73 | USCA Case Number 25-1845 for 72 Notice of Appeal,,, filed by CHRISTINE BIROS. USCA Case Manager Pamela (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (pdb3) (Entered: 05/02/2025) |

**PACER Service Center**

| Transaction Receipt | | |
|---|---|---|
| 08/20/2025 12:21:01 | | |
| **PACER Login:** | GaulLegal | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00297-RJC |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE BIROS,

       Plaintiff,

    v.

SHANNI SNYDER, GEORGE
SNYDER, KASH SNYDER, and
J. ALLEN ROTH,

       Defendants.

Civil Action No.: 2:23-cv-297

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

AND NOW comes the Plaintiff, Christine Biros, and, for her complaint against the Defendants, Shanni Snyder ("Shanni"), George Snyder ("George"), Kash Snyder ("Kash"), and J. Allen Roth, states as follows:

1.     Biros brings this action because the Defendants have, individually and in conspiracy, engaged in a series of actions intended to deny her the legal and equitable ownership of her real property to which she is entitled.  In taking these actions, the Defendants have violated the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, slandered Biros's title in her property, committed common-law fraud, aided and abetted common-law fraud, and abused process.

## <u>The Parties</u>

2.     Biros is a resident of Pennsylvania and has a place of business at 3001 Jacks Run Road, White Oak, PA  15131.

A40

3. Biros owns the real property at 14140 Route 30 in North Huntingdon Township, Westmoreland County, Pennsylvania (the "Subject Property"). The Subject Property is also identified as Westmoreland County Tax Map No. 54-03-10-0-103.

4. Shanni is a resident of Pennsylvania. On information and belief, Shanni resides at one or more of 14390 Route 30, North Huntingdon, PA 15642 and 395 Luann Drive, McKees Rocks, PA 15136.

5. George is a resident of Pennsylvania. On information and belief, George resides at 150 Leger Road, North Huntingdon, PA 15642.

6. Kash is a resident of Pennsylvania. On information and belief, Kash resides at 670 Lime Street, Irwin, PA 15642.

7. Shanni, George, and Kash are siblings.

8. Roth is a resident of Pennsylvania. On information and belief, Roth maintains a place of business at 757 Lloyd Avenue, Suite B, Latrobe, PA 15650.

## Jurisdiction and Venue

9. This Court has jurisdiction of this action pursuant to the federal-question jurisdiction of 28 U.S.C. § 1331, the jurisdiction to hear claims under the RICO Act established in 18 U.S.C. § 1964(a), and the supplemental jurisdiction of 28 U.S.C. § 1367(a).

10. Venue is proper in this Court because the Defendants reside in this judicial district.

2

11.     Venue is also proper in this Court because at least one of the Defendants resides within this judicial district and all of the Defendants are subject to the personal jurisdiction of courts sitting in the Commonwealth of Pennsylvania.

12.     Venue is also proper in this Court because a substantial part of the events or omissions giving rise to Biros's claims occurred within this judicial district.

<u>Background</u>

A.  <u>Biros's Purchase and the Quiet Title Action</u>

13.     Biros acquired the Subject Property by, on or about July 16, 2015, paying a total of $309,213.30 to the executors and co-executors of four estates (collectively, the "Executors").

14.     At the same time that Biros made these payments or shortly thereafter, four deeds for the Subject Property – one on behalf of each of the estates – were executed in favor of "U Lock Inc."

15.     By that time, no entity in Pennsylvania had ever been incorporated as "U Lock Inc." or adopted that name.

16.     On September 4, 2015, Kash incorporated U Lock Inc. ("U Lock") under the laws of the Commonwealth of Pennsylvania.

17.     George and Kash, possibly with Shanni, have directed the affairs of U Lock since its incorporation.

18.     U Lock has held possession of the Subject Property at all relevant times.

19.     On or about October 17, 2017, Biros commenced an action against U Lock and the Executors in the Court of Common Pleas of Westmoreland County, Pennsylvania (the "Westmoreland Court") at Civil Division Case No. 4886 of 2017 (the "Quiet Title Action").  Biros sought (a) a declaratory judgment that she owned the Subject Property, (b) an equitable order compelling the Executors to convey fee simple title to her by deed, (c) relief quieting title in her, and (d) an accounting for the funds that U Lock had received while in possession of the Subject Property.

20.     U Lock defended against the Quiet Title Action.

21.     Roth has represented U Lock in the Quiet Title Action.

22.     The Westmoreland Court dismissed the Executors from the Quiet Title Action after each of them executed deeds to the Subject Property and deposited those deeds with that court.  All of those deeds were dated for May 2019.

23.     On August 22, 2019, following trial, the Westmoreland Court found that Biros had been the equitable owner of the Subject Property since July 16, 2015 and that U Lock had held legal title to the Subject Property in trust for the benefit of Biros, and that U Lock did not own the Subject Property.

24.     A true and correct copy of the August 22, 2019 "Non-Jury Trial Opinion and Order of Court" of the Westmoreland Court, entered on the record the following day, is attached to this Complaint as Exhibit A.

25.     On December 6, 2019, the Westmoreland Court denied U Lock's post-trial motions and, while making slight modifications to its August 22 Opinion, reiterated that it was awarding judgment to Biros.

4

26. A true and correct copy of the Westmoreland Court's December 6, 2019 "Opinion," which the Westmoreland Court entered on the record on December 9, 2019, is attached to this Complaint as Exhibit B.

27. U Lock, represented by Roth, appealed from the judgment of the Westmoreland Court to the Superior Court of Pennsylvania on December 17, 2019 at 1841 WDA 2019.

28. The Superior Court affirmed the Westmoreland Court's judgment for Biros by published opinion of May 21, 2021. In reaching its decision, that court did not require oral argument.

29. A copy of the Superior Court's docket in the Quiet Title Action, current as of February 14, 2023 and reflecting that decision, is attached to this Complaint as Exhibit C.

30. In addition, the Superior Court's decision in the Quiet Title Action is reported at 255 A.3d 489.

31. The Superior Court denied U Lock's application for re-argument on July 28, 2021. *See* Exhibit C.

32. U Lock, represented by Roth, petitioned the Supreme Court of Pennsylvania for allowance of appeal on August 27, 2021 at 259 WDA 2021.

33. The Supreme Court of Pennsylvania denied that petition (the "Allocatur Denial") on January 19, 2022.

34. A copy of the Supreme Court's docket in the Quiet Title Action, current as of February 14, 2023 and reflecting the Allocatur Denial, is attached to this Complaint as Exhibit D.

35. The Allocatur Denial also appears in a table at 271 A.3d 875.

36. On January 20, 2022, following the Allocatur Denial, the Westmoreland Court issued an order directing delivery to Biros of the four deeds conveying legal title to the Subject Property from the Executors to Biros.

37. On January 25, 2022, Biros recorded the four deeds conveying legal title to the Subject Property from the Estates to her in the Office of the Recorder of Deeds of Westmoreland County.

38. On March 16, 2022, the Supreme Court of Pennsylvania granted U Lock's application to stay remand of the record of the Quiet Title Action pending U Lock's petition for *certiorari* to the United States Supreme Court. *See* Exhibit D. The Superior Court noted that Order in its docket of the Quiet Title Action. *See* Exhibit C.

39. The Superior Court has retained that record and not remanded it to the Westmoreland Court. *See* Exhibit C.

40. U Lock did not, within ninety days of the Allocatur Denial, petition the United States Supreme Court for a writ of *certiorari* or petition that Court for an extension of the time in which to seek certiorari. It has not petitioned that Court for leave to seek certiorari *nunc pro tunc*.

41.    On information and belief, U Lock never intended to petition the U.S. Supreme Court for *certiorari*.

42.    The Superior Court continues to identify the appeal in the Quiet Title Action as "Decided/Active."  The Westmoreland Court's docket of the Quiet Title Action reflects U Lock's taking its appeal but does not reflect the appellate courts' rejection of that appeal.

43.    The status of the Quiet Title Action in each of the Supreme Court of Pennsylvania, the Superior Court, and the Westmoreland Court will be apparent to anyone who investigates Biros's or U Lock's interests in the Subject Property.

### B. Defendants' New Plan to Take the Subject Property

44.    By July 14, 2021, the Superior Court had ruled against U Lock in the Quiet Title Action but had not yet denied U Lock's application for re-argument.

45.    On information and belief, at some time prior to July 14, 2021, the Defendants, acting in concert with one or more other persons, realized that U Lock was unlikely to reverse Biros's success in the Quiet Title Action.

46.    The Defendants and those other persons still wanted, individually or through U Lock, to take legal title to the Subject Property and to maintain possession of the Subject Property.

47.    On information and belief, the Defendants, acting in concert with one or more of those other persons, concluded – correctly or incorrectly – that they could accomplish their aims and deprive Biros of her legal and possessory interest in the

Subject Property if one or more of them held a lien on the Subject Property that predated any deed by which Biros took that legal title.

48. On information and belief, the Defendants, acting in concert with one or more other persons, realized that a judgment against U Lock would operate as a lien on U Lock's interest in the Subject Property.

49. On information and belief, the Defendants, acting in concert with one or more of those other persons, decided to try to generate a judgment against U Lock and a lien against the Subject Property.

50. This strategy faced a seemingly insurmountable obstacle:  None of the Defendants, nor any of those other persons, held a judgment against U Lock at all, let alone a judgment that might pre-date any deed that Biros was likely to receive.

51. Moreover, none of the Defendants, nor any of those other persons,  had a claim against U Lock.

52. On information and belief, the Defendants, acting in concert with one or more of those other persons, agreed to manufacture one or more claims or judgments that would create a lien on the Subject Property.  They further agreed to attempt to undermine the deeds that Biros would receive at the conclusion of the Quiet Title Action.

8

### C. Shanni's "Wage Case" Against U Lock

#### a. *Prior Representations*

53.     Shanni, acting *pro se*, filed a voluntary petition seeking protection under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at No. 18-21983-CMB.

54.     In her petition, Shanni acknowledged that "bankruptcy fraud is a serious crime." She identified a total of $3,925.00 in assets. She identified no income other than child support and assistance from an unmarried partner not living with her. When asked to identify "[o]ther amounts someone owes you" – which offered "[u]npaid wages as its first example – Shanni listed nothing.

55.     A true and accurate copy of that petition is attached to this Complaint as Exhibit E.

56.     In other forms that Shanni – again, proceeding *pro se* – filed with the Bankruptcy Court on June 1, 2018, Shanni stated that she had "no payment advices from an employer because I was not employed during 2016, 2017, or 2018."

57.     A true and accurate copy of those forms is attached to this Complaint as Exhibit F.

58.     During discovery in the Quiet Title Action, U Lock stated in its Answer to Biros's Interrogatory No. 3 that the company had no employees. George signed the verification for those discovery responses.

59.     A true and correct copy of U Lock's discovery responses, including U Lock's Answer to Biros's Interrogatory No. 3 and George's verification but without any of the exhibits to those responses, is attached to this Complaint as Exhibit G.

60.     During the 2019 trial in the Quiet Title Action, Kash testified under oath that Shanni had no involvement with U Lock.

### b. *The Wage Case*

61.     On July 14, 2021, with the Quiet Title Action decided by the Superior Court but still active before that court, Shanni sued U Lock in the U.S. District Court for the Western District of Pennsylvania (the "District Court") at Case No. 2:21-cv-00904-RJC (the "Wage Case").

62.     A true and accurate copy of Shanni's complaint in the Wage Case is attached to this Complaint as Exhibit H.

63.     As in her 2018 bankruptcy proceeding, Shanni claimed to be acting *pro se* in commencing the Wage Case.

64.     In all other documents that she filed in the Wage Case, Shanni continued to assert that she was acting *pro se*.

65.     On information and belief, Shanni had assistance and advice of one or more attorneys or non-attorneys experienced in the preparation of pleadings and other documents used in litigation (the "Legal Drafters"), who are not parties to this action, throughout the Wage Case.

66.     In her complaint, Shanni asserted that she was making a claim against U Lock pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 209. She claimed that she had worked for U Lock "70 hours per week from January 1, 2016, through February 15, 2020."  She claimed to seek $131,351 in unpaid hourly wages and overtime.

67.     Per the Proof of Service that Shanni filed with the District Court, Katrina Mycka served Shanni's complaint in the Wage Case on U Lock on July 15, 2021.  Shanni's filed Proof of Service stated that Katrina Mycka had made this service on George.

68.     U Lock never answered Shanni's complaint against it in the Wage Case.  U Lock did not otherwise respond to Shanni's claims against it.

69.     The Defendants have offered inconsistent and irreconcilable explanations for U Lock's not even attempting to defend itself in the Wage Case.

70.     In sworn testimony in January 2023, George stated that he consulted with Roth about Shanni's Wage Case and that Roth told him that defense of the action would cost $10,000.00.  George testified that, on the basis of Roth's cost estimate, he decided that U-Lock would not defend itself against Shanni's claims.

71.     However, Roth asserted orally to the Westmoreland Court on April 22, 2022 that, as of that date, he was completely unaware of the existence of the Wage Case.

72.     Shanni requested on August 21, 2021 that the District Court enter a default, and the District Court did so on August 24.

73.     Shanni continued to act *pro se* at the District Court's October 18, 2021 hearing on her motion for default judgment (the "Wage Case Hearing").

74.     Shanni testified under oath at the Wage Case Hearing.

75.     On information and belief, when Shanni testified at the Wage Case Hearing, she intended for the District Court to believe and rely upon her testimony.

76. On information and belief, Shanni testified at the Wage Case Hearing that she had been an employee of U Lock, that U Lock had promised to pay her an hourly wage, that she had performed services for U Lock for 70 hours per week – from 5 p.m. to 3 a.m. every single day – during each week for more than four years, and that U Lock had not paid her any wages at all for any of that work.

77. On information and belief, all of Shanni's sworn testimony was false, except for her testimony that U Lock had not paid her any wages.

78. That same day, the District Court entered judgment for Shanni and against U Lock for $263,104.00.

79. A true and accurate copy of the District Court's Order entering judgment in Shanni's favor is attached to this Complaint as Exhibit I.

80. Shanni filed a writ of execution in the District Court on November 21, 2021.

81. On December 12, 2021, Shanni requested that the District Court issue to her an abstract of judgment in the Wage Case. The District Court did so on December 14, 2021.

82. A true and accurate copy of the District Court's abstract of judgment in the Wage Case is attached to this Complaint as Exhibit J.

83. Shanni filed that abstract of judgment in the judgment roll of the Westmoreland Court on December 15, 2021 at 21-JU-04758 (the "Fake Lien").

84. A true and accurate copy of the Fake Lien is attached to this Complaint as Exhibit K.

85. On information and belief, Shanni had assistance and advice of one or more of the Legal Drafters in preparing and submitting the Fake Lien.

86. Shanni knew that the Fake Lien was fraudulent, as it was based upon the judgment that she had obtained by fraud in the Wage Case.

87. By the time that Shanni filed the Fake Lien, the Westmoreland Court had already determined that U Lock did not own the Subject Property, and the Superior Court had affirmed that judgment and denied U Lock's application for rehearing.

88. The Fake Lien became a cloud on any claim that U Lock might have had to the Subject Property. It was and is discoverable by anyone investigating claims against U Lock or U Lock's rights in real property, including the Subject Property.

### D. The Deeds to Biros and Defendants' Theory of Interference

89. As noted above, the Supreme Court of Pennsylvania denied U Lock's petition for allowance of appeal in the Quiet Title Action on January 19, 2022.

90. In an Order dated January 20, 2022 and entered on January 24, 2022, the Westmoreland Court directed that Biros receive the deeds to the Subject Property that the Executors had previously deposited with that court.

91. On March 17, 2022, U Lock, represented by Roth, filed in the Quiet Title Action a "Petition To Strike Order of January 20, 2022, Entered January 24, 2022; Motion To Comply With Rule 236 and To Note the Docket of the Date of Compliance; Motion To Correct the Docket; Motion To Compel Disclosure of Ex

Parte Communications; and/or Motion for Leave to File Notice of Appeal Nunc Pro Tunc" (the "Petition to Strike").

92.    A true and accurate copy of the Petition to Strike is attached to this Complaint as Exhibit L.

93.    In the Petition to Strike, U Lock asked that the Westmoreland Court strike its January 20, 2022 Order that had directed delivery to Biros of the deeds for the Subject Property.  It further asked that the May 2019 deeds to Biros, which Biros had recorded on January 25, 2022 following the Allocatur Denial, be stricken. It insisted  that the Subject Property be first conveyed to U Lock and then to a formal trust that U Lock would implement.  Per U Lock's demand, the U Lock trust would then convey legal title to the Subject Property to Biros.

94.    Neither U Lock nor Roth, its counsel, proposed in the Petition to Strike that U Lock should end this series of four transactions with legal title to the Subject Property.

95.    On information and belief, the only purpose for U Lock's proposed Rube-Goldberg-like structure was to expose the title to the Subject Property to Shanni's Fake Lien.  Even though Biros would ultimately have prevailed in further litigation to clear that title, that effort would have subjected her to further expense and delay in obtaining clear title to the Subject Property.

96.    On March 18, 2022 – *i.e.*, the day after Roth and U Lock had filed the Petition to Strike – Shanni, once again purporting to act *pro se*, filed a "Praecipe for Writ of Summons in Equity and Assumpsit and for Lis Pendens" with the

14

A53

Westmoreland Court at Civil Action 928 of 2022 (the "*Lis Pendens* Proceeding"). As defendants, Shanni named U Lock, Biros, the Executors, the trial judge in the Quiet Title Action, and others.

97. A true and correct copy of that praecipe is attached to this Complaint as Exhibit M.

98. On information and belief, Shanni had assistance and advice of one or more of the Legal Drafters in preparing and submitting that praecipe.

99. In that praecipe, Shanni asked the Westmoreland County Prothonotary to issue a *lis pendens* on the Subject Property.

100. The Westmoreland County Prothonotary responded to that praecipe by, in fact, indexing a *lis pendens* on the Subject Property.

101. Shanni never filed a complaint in the *Lis Pendens* Proceeding.

102. Shanni never served all of the defendants she named in the *Lis Pendens* Proceeding.

103. On April 22, 2022, the Westmoreland Court heard argument on U Lock's Petition to Strike. Roth appeared for U Lock. He did not argue that his client owned the Subject Property. Instead, and consistent with the position he had taken in that petition, argued that the Superior Court, by agreeing that legal title to the Subject Property was held in trust by U Lock for Biros, had mandated U Lock's seemingly rococo – but actually devious – approach to the conveyance.

104. Although the Westmoreland Court did not rule on the *Petition to Strike* from the bench at that argument, that court made clear that it did not intend to grant that petition.

105. The *Lis Pendens* Proceeding remained pending before the Westmoreland Court until, at the direct request of the Bankruptcy Court, Shanni discontinued it and withdrew her *lis pendens* on January 30, 2023.

106. When Shanni withdrew the *Lis Pendens* Proceeding, she expressly did so "without prejudice."

**E. Shanni's Bankruptcy Petition Against U Lock**

107. On April 27, 2022 – eight days after U Lock and Roth allowed the United States Supreme Court deadline for the Quiet Title Action to pass without taking any action and five days after the Westmoreland Court heard argument on the Petition to Strike – Shanni filed an involuntary petition against U Lock in the Bankruptcy Court pursuant to Chapter 7 of the Bankruptcy Code. The Bankruptcy Court docketed that petition at Case 22-20823-GLT (the "U Lock Bankruptcy").

108. The U Lock Bankruptcy remains pending before the Bankruptcy Court.

109. On information and belief, Shanni has had assistance and advice of one or more of the Legal Drafters throughout the U Lock Bankruptcy.

110. In her involuntary petition, Shanni identified herself as a creditor of U Lock.

16

111.    In her involuntary petition and in all other documents that she filed in the U Lock Bankruptcy prior to November 10, 2022, Shanni asserted that she was acting *pro se*.

112.    On information and belief, Shanni had assistance and advice of one or more of the Legal Drafters in commencing the U Lock Bankruptcy and has had assistance and advice of one or more of the Legal Drafters throughout the U Lock Bankruptcy.

113.    In her involuntary petition in the U Lock Bankruptcy, Shanni claimed that U Lock owed her $375,100.  Shanni's amount included the judgment she had received in the Wage Case, $13,100 in interest, and $100,000 for "retaliation under FLSA."

114.    A true and accurate copy of that petition, as docketed is attached to this Complaint as Exhibit N.

115.    The Bankruptcy Court entered an Order on April 29, 2022 that, *inter alia*, noted that Shanni had not identified the principal operating officer or managing general partner of U Lock and directed her to file an amended petition that provided this information.

116.    On May 9, 2022, Shanni filed an Amended Petition in which she responded to the Bankruptcy Court's instruction:

> Petitioning creditor declares under the penalty for perjury that she does not know the precise share structure, identity of the Board of Directors, or the official officers of the Debtor.  Based on information, there are between three and five officers and/or Board Members.  Two managing control persons appear to be George Snyder and Kash Snyder[.]

117. On information and belief, Shanni's claim not to know this information was untrue. George and Kash were her brothers, and she had claimed in the Wage Case to have worked for U Lock seventy hours per week for more than four years. On information and belief, she had been in communication with U Lock's management during the Quiet Title Action and the efforts to obtain a lien that might interfere with Biros's right to own and possess the Subject Property.

118. On May 10, 2022, the Bankruptcy Court entered an Order identifying George and Kash as the managing general partners of U Lock.

119. That same day, the Bankruptcy Court issued a summons to Shanni and directed her to serve it on U Lock.

120. As the Bankruptcy Court has underscored, the Westmoreland Court is also stayed from proceeding with any matters relating to U Lock.

121. On May 27, 2022, Shanni filed a proof of claim in the U Lock Bankruptcy.

122. A true and correct copy of Shanni's proof of claim, with exhibits, is attached to this Complaint at Exhibit O.

123. In her proof of claim, Shanni claimed that U Lock owed her $263,100.00. She based this claim on the judgment that she had obtained through fraud and perjury in the Wage Case. She attached a copy of that judgment to her proof of claim. She also asserted that her claim was secured by real estate.

124. One week before Shanni filed her claim, on May 20, 2022, Biros moved to dismiss the U Lock Bankruptcy.

18

125.   Roth entered his appearance for U Lock with the Bankruptcy Court on May 30, 2022.

126.   Represented by Roth, U Lock opposed Biros's motion.

127.   Shanni Snyder also opposed Biros's motion.

128.   A true and correct copy of Shanni's purportedly *pro se* 32-page brief in opposition to Biros's motion to dismiss, which Shanni filed on May 31, 2022, is attached to this motion as Exhibit P.

129.   On information and belief, Shanni had assistance and advice of one or more of the Legal Drafters in preparing the brief that she filed in opposition to Biros' motion to dismiss.

130.   The Bankruptcy Court held a hearing on Biros's motion and scheduled a continuation of that hearing for July 6, 2022.

131.   On July 1, 2022, U Lock moved to convert the U Lock Bankruptcy to a proceeding under Chapter 11 of the Bankruptcy Code.

132.   At the Bankruptcy Court's August 9, 2022 hearing on that motion, U Lock claimed that USAAG Systems Co. ("USAAG"), which has an address in Glastonbury, Connecticut, would provide funding for U Lock, in exchange for equity, if the Bankruptcy Court granted its motion and approved the conversion.

133.   A copy of a purported letter from USAAG to Roth, which U Lock and Roth submitted to the Bankruptcy Court as support for the motion to convert, is attached to this Complaint as Exhibit Q.  The redaction in this document appears in the version that U Lock and Roth filed with the Bankruptcy Court.

134.    While a "USA AG Systems Co." appears to be incorporated under Colorado law, a search of the business databases maintained by the State of Connecticut and the Commonwealth of Pennsylvania has not disclosed any entity licensed to do business in either state with a name beginning "USAAG" or "USA AG."

135.    On information and belief, USAAG has not registered to do business with either the Secretary of State of Connecticut or the Secretary of State of Pennsylvania.

136.    The Bankruptcy Court denied U Lock's motion by Order of August 10, 2022.

137.    On July 6, 2022, Roth filed U Lock's Schedule E/F, "Creditors Who Have Unsecured Claims," with the Bankruptcy Court.

138.    A true and correct copy of that schedule is attached to this complaint as Exhibit R.

139.    In its Schedule E/F, U Lock identified Shanni, Biros, and others as the holders of $912,060.63 in unsecured claims against U Lock.  It identified Biros's claims, but not Shanni's claims, as Disputed.  *See* Exhibit R.

140.    That form did not identify George or Kash as an unsecured creditor of U Lock.  *See* Exhibit R.

141.    At that same time, Roth filed U Lock's Schedule D, "Creditors Who Have Claims Secured by Property," with the Bankruptcy Court.  That form asserted that U Lock had no secured creditors.

142.   U Lock has never amended either of these schedules.

143.   On August 26, 2022, George, apparently acting *pro se* and using the email snyder4judge@yahoo.com, filed a Proof of Claim in the U Lock Bankruptcy.

144.   A true and correct copy of George's proof of claim is attached to this Complaint as Exhibit S.

145.   In his proof of claim, George asserted a $99,000.00 claim against U Lock.  As the basis for this claim, George identified "wage, fair labor standards." *See* Exhibit S.

146.   During his examination under oath in the U Lock Bankruptcy, George testified that U Lock had no employees and that Shanni, in particular, had not been an employee of U Lock.

147.   On December 28, 2022, pursuant to an Order of the Bankruptcy Court, Shanni closed on her purchase of a substantial portion of U Lock's assets.

148.   On information and belief, USAAG funded Shanni's purchase of those assets.

**F.   Continued Activity in the Quiet Title Action**

149.   Shanni's filing of her petition that commenced the U Lock Bankruptcy proceedings had the effect of, among other things, staying other litigation involving U Lock.

150.   Of particular note here, the docket of the Supreme Court of Pennsylvania in the Quiet Title Action reflects a May 11, 2022 bankruptcy stay, and

the Superior Court's docket in that action also reflects a stay. *See* Exhibits C and D.

151. However, on creating the U Lock Bankruptcy, Shanni did not immediately give notice to the Westmoreland Court. Neither did, George, Kash, U Lock, or anyone else affiliated with the Defendants.

152. On May 17, 2022, the Westmoreland Court denied the *Petition to Strike* that Roth had filed on behalf of U Lock in March 2022.

153. On May 19, 2022, at 10:07 a.m., Shanni filed a *pro se* Entry of Appearance in the Quiet Title Action with the Westmoreland Court.

154. A true and correct copy of that Entry of Appearance is attached to this Complaint at Exhibit T.

155. At that same time, to the minute, Shanni filed in that same court a Notice of Appeal to the Superior Court.

156. A true and correct copy of that Notice of Appeal is attached to this Complaint at Exhibit U.

157. On information and belief, Shanni had assistance and advice of one or more of the Legal Drafters in preparing and submitting that Entry of Appearance and that Notice of Appeal.

158. In her Notice of Appeal, Shanni stated that the Westmoreland Court's May 17 Order "eviscerate[d] and appear[ed] to supersede portions of her judgment lien." *See* Exhibit U.

159.    Two minutes later, at 10:09 a.m. on May 19, 2022, Roth filed "U Lock Inc's Notice of Bankruptcy" in the Westmoreland Court.

160.    A true and correct copy of Roth's "U Lock Inc's Notice of Bankruptcy" is attached to this Complaint as Exhibit V.

161.    On June 1, 2022, Mark Myles Mycka, claiming to be a tenant of U Lock on the Subject Property, entered his own *pro se* appearance in the Quiet Title Action with the Westmoreland Court.

162.    A true and correct copy of Mycka's Entry of Appearance is attached to this Complaint at Exhibit W.

163.    Simultaneously, Mycka filed a Notice of Appeal with the Westmoreland Court.  Like Shanni, Mycka appealed to the Superior Court from the Westmoreland Court's May 17 Order.

164.    A true and correct copy of that Notice of Appeal is attached to this Complaint at Exhibit X.

165.    On information and belief, Mark Myles Mycka is the brother of Katrina Mycka, who claimed to have served George with Shanni's Complaint against U Lock in the Wage Case.

## COUNT I

### Violation of § 1962(c) of the RICO Act

### Biros v. Shanni Snyder

166.    Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

### a. *The Fake Lien Enterprise*

167.    At some point prior to July 14, 2021, the Defendants, U Lock, and other persons not parties here formed an association in fact (the "Fake Lien Enterprise") that is an enterprise within the meaning of 18 U.S.C. § 1961.

168.    The purpose of the Fake Lien Enterprise was to attempt to obtain an interest in the Subject Property that was superior to any title that Biros might take in that property.

169.    Each of the Defendants had a role in the Fake Lien Enterprise.

170.    Shanni acted as the person who would receive the lien on the Subject Property.  To that end, she commenced the Wage Case, obtained the judgment in that case that she knew to be fraudulent because it was supported only by her own false statements and perjured testimony, recorded the abstract of that fraudulent judgment with the intention that it would operate as a lien on the Subject Property, filed a *lis pendens* on the Subject Property based solely on the lien supported only by that fraudulently obtained judgment, filed a lis pendens on the property, and commenced and maintained the U Lock Bankruptcy.  In the U Lock Bankruptcy, she filed a claim that she knew to be fraudulent.

171.    George and Kash managed the affairs of U Lock with the goal and purpose of providing Shanni with a lien on the Subject Property.  To that end, they allowed Shanni to obtain a fraudulent judgment in the Wage Case through her claiming that U Lock had not paid her for her work, even though they both knew that she had never been an employee of U Lock.  They directed the legal affairs of U Lock with the goal of prolonging the Quiet Title Action to prevent Biros from

obtaining the deeds to the Subject Property that the Executors had deposited with the Westmoreland Court. When Biros obtained those deeds despite their efforts, they caused Roth to file the Petition to Strike, participated in or acquiesced in the commencement of the U Lock Bankruptcy, opposed Biros's efforts to dismiss that proceeding, and, in the face of Biros's motion, filed a motion to convert that involuntary proceeding to a proceeding under Chapter 11 of the Bankruptcy Code with funding purportedly from USAAG. George also advanced the Fake Lien Enterprise by filing his own fraudulent claims in the U Lock Bankruptcy.

172.    Roth participated in the Fake Lien Enterprise by, on information and belief, participating in the planning and organization of the same; by, on information and belief, advising George, Kash, and U Lock not to respond to Shanni's complaint in the Wage Case; by filing U Lock's application to the Supreme Court of Pennsylvania to stay remand of the Quiet Title Action even though he knew that U Lock did not intend to seek review in the U.S. Supreme Court; by filing and arguing the Petition to Strike in the Quiet Title Action and arguing to the Westmoreland Court that it should not have released to Biros the deeds to the Subject Property and that the Westmoreland Court should instead follow a procedure that would have exposed the Subject Property to the Fake Lien but could not under any circumstances have left his client with title to the Subject Property; by delaying the filing of the notice of bankruptcy in the Quiet Title Action for three weeks after Shanni filed her petition that commenced the U Lock Bankruptcy; and by delaying the filing of that notice until two minutes after Shanni had entered her

appearance in the Quiet Title Action and filed her notice of appeal in that action to the Superior Court.

173. Several other persons and entities participated in the Fake Lien Enterprise.

174. U Lock participated in the Fake Lien enterprise through the actions of its management by, among other things, (a) allowing Shanni to take the fraudulent judgment against it, (b) applying to the Supreme Court of Pennsylvania for a stay of remand in the Quiet Title Action so that it could seek review by the United States Supreme Court when it had no intention of seeking such review or any possibility of obtaining that review, (c) filing and presenting the motion to strike in the Quiet Title Action, and (d) delaying the filing in the Quiet Title Action of the Notice of Bankruptcy until two minutes after Shanni had entered her appearance in that action and filed her notice of appeal to the Superior Court.

175. On information and belief, one or more of the Legal Drafters performed legal services for Shanni in legal matters involving Biros or U Lock that were before the District Court, the Westmoreland Court, or the Bankruptcy Court. They performed this legal work knowing that Shanni would, in using it, claim that she was acting *pro se*.

176. In that manner, the Legal Drafters participated in the Fake Lien Enterprise because, in performing those services, he, she, or they knew that Shanni would represent to the District Court, the Westmoreland Court, or the Bankruptcy Court that she was acting *pro se* and had not been assisted by counsel.

26

177.    In addition, one or more of the Legal Drafters participated in the design of the Fake Lien Enterprise and the planning of that enterprise's activities.

178.    USAAG participated in the Fake Lien Scheme by purporting to offer funding that would support conversion of the U Lock Bankruptcy to a proceeding under Chapter 11 of the Bankruptcy Code, leaving itself as the dominant shareholder of U Lock.  On information and belief, USAAG further participated in that enterprise by, after the Bankruptcy Court rejected U Lock's conversion motion, funding Shanni's successful bid to purchase assets of U Lock.

179.    Mark Myles Mycka participated in the Fake Lien Enterprise by entering an appearance in the Quiet Title action and filing an appeal to the Superior Court.

180.    Katrina Mycka participated in the Fake Lien Enterprise by completing the proof of service in the Wage Case and by serving Shanni's complaint in the Wage Case on George.

### b.  *Predicate acts*

181.    Shanni has conducted or participated in the affairs of the Fake Lien Enterprise through the commission of multiple predicate acts as that term is defined in 18 U.S.C. § 1961.

182.    Shanni committed a predicate act of wire fraud pursuant to 18 U.S.C. § 1343 on July 14, 2021 when, with intent to defraud or with intent to obtain property by means of false or fraudulent pretenses, she used the internet to transmit her complaint in the Wage Case to the District Court.  Pursuant to Rule 11

of the Federal Rules of Civil Procedure, her signing and filing that complaint constituted her certification that the allegations of her complaint had factual support.  In fact and on information and belief, many of Shanni's allegations were false and had no evidentiary support.  These allegations included Shanni's assertion that she had been an employee of U Lock, that she had performed work for U Lock ten hours per day, every day, for more than four years, that U Lock had agreed to pay her for this work, and that she was entitled to payment of wages, straight and overtime, for this non-existent work.

183.   On information and belief, Shanni committed a predicate act in violation of 18 U.S.C. § 1503 on October 18, 2021 when she corruptly endeavored to influence an officer in a court of the United States in the discharge of his duty.  On that day, she appeared in the District Court and testified under oath in the hearing on her motion for default judgment.  On information and belief, Shanni testified at that hearing that she had been an employee of U Lock, that she had performed work for U Lock ten hours per day, every day, for more than four years, that U Lock had agreed to pay her for this work, and that she was entitled to payment of wages, straight and overtime, for this non-existent work.  On information and belief, Shanni made these statements with the intention that the District Court would rely on them and direct the entry of judgment in her favor and against U Lock, and that she would use the resulting judgment to assert a lien against the Subject Property.

184.   Shanni committed a predicate act of fraud connected with a case under Title 11 of the United States Code on April 27, 2022 when she filed the involuntary

petition that commenced the U Lock Bankruptcy. In filing that petition, Shanni claimed to be a creditor of U Lock. She made that claim knowing that her only claim to being a creditor was under the judgment in the Wage Case that she had improperly obtained through her own fraud and perjury, combined with George's and Kash's facilitating U Lock's inaction in the face of her claim.

185.    Shanni committed a predicate act of fraud connected with a case under Title 11 of the United States Code on May 27, 2022 when she filed her proof of claim in the U Lock Bankruptcy. She submitted that proof of claim knowing that both (a) the amount of the claim and (b) her claim to be a secured creditor were premised upon the judgment in the Wage Case that she had improperly obtained through her own fraud and perjury, combined with George's and Kash's facilitating U Lock's inaction in the face of her claim.

186.    This conduct amounts to a pattern of racketeering activity.

187.    All of this conduct occurred within the last ten years.

### c. *Causation and Damages*

188.    The Defendants' commission of this pattern of predicate acts in the conduct of the Fake Lien Enterprise has damaged Biros.

189.    That conduct delayed Biros in taking equitable ownership of the Subject Property.

190.    That conduct has delayed Biros in taking legal ownership and possession of the Subject Property.

191.    Biros has been damaged by her loss of ownership and control of the Subject Property

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against the Defendants in an amount three times the actual damages she has suffered and award her the attorney's fees that she has incurred in this action, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT II

### Violation of § 1962(d) of the RICO Act – Conspiracy

### Biros v. All Defendants

192.    Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

### a.  *The Fake Lien Enterprise*

193.    At some point prior to July 14, 2021, the Defendants, U Lock, and other persons not parties here formed an association in fact (the "Fake Lien Enterprise") that is an enterprise within the meaning of 18 U.S.C. § 1961.

194.    The purpose of the Fake Lien Enterprise was to attempt to obtain an interest in the Subject Property that was superior to any title that Biros might take in that property.

195.    Each of the Defendants had a role in the Fake Lien Enterprise.

196.    Shanni acted as the person who would receive the lien on the Subject Property.  To that end, she commenced the Wage Case, obtained the judgment in that case that she knew to be fraudulent because it was supported only by her own false statements and perjured testimony, recorded the abstract of that fraudulent judgment with the intention that it would operate as a lien on the Subject Property,

filed a *lis pendens* on the Subject Property based solely on the lien supported only by that fraudulently obtained judgment, filed a *lis pendens* on the property, and commenced and maintained the U Lock Bankruptcy.  In the U Lock Bankruptcy, she filed a claim that she knew to be fraudulent.

197.   George and Kash managed the affairs of U Lock with the goal and purpose of providing Shanni with a lien on the Subject Property.  To that end, they allowed Shanni to obtain a fraudulent judgment in the Wage Case through her claiming that U Lock had not paid her for her work, even though they both knew that she had never been an employee of U Lock.  They directed the legal affairs of U Lock with the goal of prolonging the Quiet Title Action to prevent Biros from obtaining the deeds to the Subject Property that the Executors had deposited with the Westmoreland Court.  When Biros obtained those deeds despite their efforts, they caused Roth to file the Petition to Strike, participated in or acquiesced in the commencement of the U Lock Bankruptcy, opposed Biros's efforts to dismiss that proceeding, and, in the face of Biros's motion, filed a motion to convert that involuntary proceeding to a proceeding under Chapter 11 of the Bankruptcy Code with funding purportedly from USAAG.  George also advanced the Fake Lien Enterprise by filing his own fraudulent claims in the U Lock Bankruptcy.

198.   Roth participated in the Fake Lien Enterprise by, on information and belief, participating in the planning and organization of the same; by, on information and belief, advising George, Kash, and U Lock not to respond to Shanni's complaint in the Wage Case; by filing U Lock's application to the Supreme

Court of Pennsylvania to stay remand of the Quiet Title Action even though he knew that U Lock did not intend to seek review in the U.S. Supreme Court; by filing and arguing the Petition to Strike in the Quiet Title Action and arguing to the Westmoreland Court that it should not have released to Biros the deeds to the Subject Property and that the Westmoreland Court should instead follow a procedure that would have exposed the Subject Property to the Fake Lien but could not under any circumstances have left his client with title to the Subject Property; by delaying the filing of the notice of bankruptcy in the Quiet Title Action for three weeks after Shanni filed her petition that commenced the U Lock Bankruptcy; and by delaying the filing of that notice until two minutes after Shanni had entered her appearance in the Quiet Title Action and filed her notice of appeal in that action to the Superior Court.

199.    Several other persons and entities participated in the Fake Lien Enterprise.

200.    U Lock participated in the Fake Lien enterprise through the actions of its management by, among other things, (a) allowing Shanni to take the fraudulent judgment against it, (b) applying to the Supreme Court of Pennsylvania for a stay of remand in the Quiet Title Action so that it could seek review by the United States Supreme Court when it had no intention of seeking such review or any possibility of obtaining that review, (c) filing and presenting the motion to strike in the Quiet Title Action, and (d) delaying the filing in the Quiet Title Action of the Notice of

32

Bankruptcy until two minutes after Shanni had entered her appearance in that action and filed her notice of appeal to the Superior Court.

201.   On information and belief, one or more of the Legal Drafters performed legal services for Shanni in legal matters involving Biros or U Lock that were before the District Court, the Westmoreland Court, or the Bankruptcy Court.

202.   In that manner, the Legal Drafters participated in the Fake Lien Enterprise because, in performing those services, he, she, or they knew that Shanni would represent to the District Court, the Westmoreland Court, or the Bankruptcy Court that she was acting *pro se* and had not been assisted by counsel.

203.   In addition, one or more of the Legal Drafters participated in the design of the Fake Lien Enterprise and the planning of that enterprise's activities.

204.   USAAG participated in the Fake Lien Enterprise by purporting to offer funding that would support conversion of the U Lock Bankruptcy to a proceeding under Chapter 11 of the Bankruptcy Code, leaving itself as the dominant shareholder of U Lock.  On information and belief, USAAG further participated in that enterprise by, after the Bankruptcy Court rejected U Lock's conversion motion, funding Shanni's successful bid to purchase assets of U Lock.

205.   Mark Myles Mycka participated in the Fake Lien Enterprise by entering an appearance in the Quiet Title action and filing an appeal to the Superior Court.

206.   Katrina Mycka participated in the Fake Lien Enterprise by completing the proof of service in the Wage Case and by serving Shanni's complaint in the Wage Case on George.

### b. *Predicate acts*

207.   Members of the Fake Lien enterprise have conducted or participated in the affairs of the Fake Lien Enterprise through the commission of predicate acts as that term is defined in 18 U.S.C. § 1961.

208.   Shanni committed a predicate act of wire fraud pursuant to 18 U.S.C. § 1343 on July 14, 2021 when, with intent to defraud or with intent to obtain property by means of false or fraudulent pretenses, she used the internet to transmit her complaint in the Wage Case to the District Court.  Pursuant to Rule 11 of the Federal Rules of Civil Procedure, her signing and filing that complaint constituted her certification that the allegations of her complaint had factual support.  On information and belief, many of Shanni's allegations were false and had no evidentiary support.  These allegations included Shanni's assertion that she had been an employee of U Lock, that she had performed work for U Lock ten hours per day, every day, for more than four years, that U Lock had agreed to pay her for this work, and that she was entitled to payment of wages, straight and overtime, for this non-existent work.

209.   On information and belief, Shanni committed a predicate act in violation of 18 U.S.C. § 1503 on October 18, 2021 when she corruptly endeavored to influence an officer in a court of the United States in the discharge of his duty.  On

that day, she appeared in the District Court and testified under oath in the hearing on her motion for default judgment. On information and belief, Shanni testified at that hearing that she had been an employee of U Lock, that she had performed work for U Lock ten hours per day, every day, for more than four years, that U Lock had agreed to pay her for this work, and that she was entitled to payment of wages, straight and overtime, for this non-existent work. On information and belief, Shanni made these statements with the intention that the District Court would rely on them and direct the entry of judgment in her favor and against U Lock, and that she would use the resulting judgment to assert a lien against the Subject Property.

210. Shanni committed a predicate act of fraud connected with a case under Title 11 of the United States Code on April 27, 2022 when she filed the involuntary petition that commenced the U Lock Bankruptcy. In filing that petition, Shanni claimed to be a creditor of U Lock. She made that claim knowing that her only claim to being a creditor was under the judgment in the Wage Case that she had improperly obtained through her own fraud and perjury, combined with George's and Kash's facilitating U Lock's inaction in the face of her claim.

211. Shanni committed a predicate act of fraud connected with a case under Title 11 of the United States Code on May 27, 2022 when she filed her proof of claim in the U Lock Bankruptcy. She submitted that proof of claim knowing that both (a) the amount of the claim and (b) her claim to be a secured creditor were premised upon the judgment in the Wage Case that she had improperly obtained through her

own fraud and perjury, combined with George's and Kash's facilitating U Lock's inaction in the face of her claim.

212.    George committed a predicate act of fraud connected with a case under Title 11 of the United States Code on August 26, 2022 when he filed his proof of claim in the U Lock Bankruptcy.  He submitted that proof of claim knowing that, just over one month earlier, he had caused U Lock to file a schedule with the Bankruptcy Court that purported to disclose all unsecured creditors of U Lock but did not identify himself.  Further, when George submitted that proof of claim, he knew that U Lock had no employees.  In fact, he later testified under oath to that absence of any employees.

213.    This conduct amounts to a pattern of racketeering activity.

214.    All of this conduct occurred within the last ten years.

### c. Agreement and Conspiracy

215.    The Defendants, together with other members of the Fake Lien Enterprise, have agreed to operate the Fake Lien Enterprise in order to unlawfully deprive Biros of her interest in the Subject Property.

216.    The Defendants, together with other persons, have agreed to the commission of predicate acts in furtherance of their agreement.

217.    This agreement is evidenced by the coordinated activity described above in the paragraphs of this Complaint describing the Fake Lien Enterprise and the acts by members of this conspiracy.

218.   As set forth above, the Defendants, together with other persons, have actually engaged in a pattern of racketeering activity by committing those predicate acts in the conduct of the Fake Lien Enterprise.

### d. Causation and Damages

219.   This pattern of predicate acts conducted through the Fake Lien Enterprise in furtherance of this agreement has damaged Biros.

220.   That conduct delayed Biros in taking equitable ownership of the Subject Property.

221.   That conduct has delayed Biros in taking legal ownership and possession of the Subject Property.

222.   Biros has been damaged by her loss of ownership and control of the Subject Property

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against the Defendants in an amount three times the actual damages she has suffered and award her the attorney's fees that she has incurred in this action, the costs of this action, and such other relief as this Court deems to be appropriate.

<u>COUNT III</u>

<u>Slander of Title</u>

<u>Biros v. Shanni</u>

223.   Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

224.   Biros owns the Subject Property in fee simple.

37

225.   As the Superior Court and the Westmoreland Court determined in the Quiet Title Action, Biros has held an equitable interest in the Subject Property since prior to her filing that action in 2017.

226.   Shanni slandered Biros's title in the Subject Property when she filed the Fake Lien.

227.   That lien was false because it was based on the judgment that Shanni had received in the Wage Case.  That judgment was false because it was caused by fraudulent allegations in the Wage Case that U Lock had deliberately chosen not to contest.

228.   Shanni knew of this falsity because she, herself, had made those fraudulent allegations in the Wage Case, both in her complaint and in her testimony at the hearing on her motion for default judgment.

229.   Shanni knew or should have recognized that her filing this lien would result in pecuniary loss to Biros.

230.   "The existence of a judgment lien prevents a debtor from encumbering or conveying any property he might own in such a way as to divest the effect of the judgment, while also preventing later lienholders from satisfying their debt without first paying the earlier lien." *Skiff re Business, Inc. v. Buckingham Ridgeview, LP*, 991 A.2d 956, 962 (Pa. Super Ct. 2010) (quoting *In re Upset Sale, Tax Claims Bureau of Berks County*, 479 A.2d 940, 943-44 (Pa. 1984)).

231.   Shanni knew or should have known that anyone conducting a reasonable investigation of Biros's interest in the Subject Property would learn of

the Quiet Title Action, U Lock's role in that litigation, and, in turn, the Fake Lien that would cloud any interest that U Lock could possibly have held in the Subject Property.

232.     Shanni also slandered Biros's title when she filed the *Lis Pendens* Proceeding and asked the Westmoreland Court to index a *lis pendens* against the Subject Property.

233.     That *lis pendens* was false because it was based on the judgment against U Lock that Shanni had received in the Wage Case.  That judgment was false because it was caused by Shanni's fraudulent allegations in the Wage Case that U Lock had deliberately chosen not to contest.

234.     Shanni knew of this falsity because she, herself, had made those fraudulent allegations in the Wage Case, both in her complaint and in her testimony at the hearing on her motion for default judgment.

235.     That *lis pendens* was false because Shanni asked the Westmoreland Court to index it against in the Subject Property even though she knew that U Lock had no interest in that property.

236.     That *lis pendens* was false because it was not based on any claim that Shanni might have against Biros.  In fact, Shanni knew she had no claim that Biros was liable to her on any colorable theory.

237.     Shanni knew or should have recognized that her filing that *lis pendens* would result in pecuniary loss to Biros.

238.    Shanni knew that anyone conducting a reasonable investigation of Biros's interest in the Subject Property would discover Shanni's *lis pendens.*  That lis pendens would effectively prevent Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

239.    Shanni also entered an appearance and an appeal to Superior Court in the Quiet Title Action.  On information and belief, her claim to standing to participate in the Quiet Title Action and her appeal is predicated upon the judgment she obtained by fraud in the Wage Case.

240.    On information and belief, Shanni took these actions in order to prolong the Quiet Title Action and any accompanying clouds on Biros's title to the Subject Property.

241.    Similar to the *lis pendens*, Shanni's appeal to the Superior Court will prolong the Quiet Title Action and may effectively prevent Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

242.    Biros has suffered pecuniary loss as the result of Shanni's actions.

243.    Shanni's actions were so outrageous, willful, and malicious as to justify the imposition of punitive damages against her.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against the Defendants and award Biros her actual damages, punitive

damages, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT IV

### Slander of Title – Conspiracy

### Biros v. All Defendants

244.    Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

245.    Biros owns the Subject Property in fee.

246.    As the Superior Court and the Westmoreland Court determined in the Quiet Title Action, Biros has held an equitable interest in the Subject Property since July 16, 2015.

247.    At some point prior to July 14, 2021, the Defendants and other persons agreed to attempt to obtain an interest in the Subject Property that was superior to any title that Biros might take in that property.

248.    Those persons agreed to advance their plan by means of false statements.

249.    These false statements included Shanni's allegations and testimony in the Wage Case, which the other Defendants agreed to let stand uncontested by deciding that U Lock would not answer Shanni's claims and allow a default to be entered against it.

250.    At that time, the Defendants all knew that Shanni's factual claims in the Wage Case were false.

251.    The Defendants also advanced this conspiracy by Shanni's filing the Fake Lien, Shanni's filing the *Lis Pendens* Proceeding and asking the Westmoreland Court to index Shanni's *lis pendens* against the Subject Property, and Shanni's entering her appearance in the Quiet Title Action and filing an appeal from that proceeding to the Superior Court.

252.    All the Defendants knew that *lis pendens* was false because it was based on the judgment against U Lock that Shanni had received in the Wage Case. That judgment was false because it was caused by Shanni's fraudulent allegations in the Wage Case that U Lock had deliberately chosen not to contest.

253.    All the Defendants knew that *lis pendens* was false because Shanni asked the Westmoreland Court to index it against in the Subject Property even though she knew that U Lock had no interest in that property.

254.    All the Defendants knew that *lis pendens* was false because it was not based on any claim that Shanni might have against Biros. In fact, Shanni knew she had no claim that Biros was liable to her on any colorable theory.

255.    Biros has suffered pecuniary loss as the result of Shanni's actions.

256.    These actions by the Defendants are so outrageous, willful, and malicious as to justify the imposition of punitive damages against them.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against the Defendants and award Biros her actual damages, punitive damages, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT V

### Fraud

### Biros v. Shanni

257.   Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

258.   In the complaint that she filed in the Wage Case on July 14, 2021 pursuant to Rule 11 of the Federal Rules of Civil Procedure, Shanni falsely stated that she had been an employee of U Lock, that she had performed work for U Lock as an employee of U Lock, and that U Lock had agreed to pay her for that claimed work.

259.   On information and belief, at the October 18, 2021 hearing before the District Court on her motion for default judgment in the Wage Case, Shanni made those same assertions while under oath.

260.   These statements by Shanni were material both to her claims in the Wage Case and her and the other Defendants' efforts to deprive Biros of her interests in the Subject Property.

261.   These statements of Shanni's, both in her complaint and in her testimony, were false.

262.   At the time Shanni made these statements, she knew them to be false.

263.   Shanni made these statements with the intention of misleading the District Court into relying on them.

264. The District Court was justified when it entered default judgment for Shanni and against U Lock in reliance upon Shanni's statements made under oath and pursuant to an obligation not to make false statements in her pleadings.

265. Shanni's false statements have proximately caused injury to Biros.

266. Shanni has subsequently used her default judgment, which she obtained with those false statements, to support the Fake Lien, her initiation of the Lis Pendens Proceedings, her initiation of the U Lock Bankruptcy, and her appeal to the Superior Court in the Quiet Title Action.

267. These actions have proximately caused Biros to incur attorney's fees to protect and advance her interests in the Subject Property, have interfered with Biros's legal and equitable interests in the Subject Property, and have effectively prevented Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

268. Shanni foresaw or could reasonably have foreseen all of these damages at the time that she made the false statements to the District Court.

269. These actions by Shanni are so outrageous, willful, and malicious as to justify the imposition of punitive damages against them.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against Shanni and award Biros her actual damages, punitive damages, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT VI

### Aiding and Abetting Fraud

### Biros v. George, Kash, and Roth

270.   Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

271.   As discussed above, Shanni made fraudulent statements to the District Court in order to obtain default judgment in her favor and against U Lock.

272.   George, Kash, and Roth were aware of these statements at or near the time that Shanni made them.  Per the return of service that Shanni filed with the District Court, Shanni served her complaint in the Wage Case on U Lock by having it hand-delivered to George.  George and Kash participated in U Lock's decision not to defend itself in the Wage Case.  George has testified under oath that he discussed Shanni's complaint in that action with Roth prior to Shanni's obtaining the default judgment.

273.   George, Kash, and, particularly as a licensed attorney, Roth, all knew and appreciated that lying to a court in order to obtain a judgment is wrongful.

274.   On information and belief, George, Kash, and Roth each encouraged Shanni to make these statements in the Wage Case.  They further abetted Shanni's fraud by causing U Lock not to defend against Shanni's claims in the Wage Case, therefore exposing U Lock to Shanni's obtaining a default judgment against it.

275.   George, Kash, and Roth further aided and abetted Shanni's fraud by causing U Lock to move to delay the remand of the Quiet Title Action from the Superior Court to the Quiet Title Court, by causing U Lock to file the *Petition to*

*Strike* in the Quiet Title Action, and by otherwise opposing and frustrating Biros's efforts to taking possession of and re-develop the Subject Property consistent with the judgment that Biros received in the Quiet Title Action.

276.   Shanni's false statements, as aided and abetted by George, Kash, and Roth, have proximately caused injury to Biros.

277.   Shanni has subsequently used her default judgment, which she received with the assistance of George, Kash, and Roth, to support the Fake Lien, her initiation of the *Lis Pendens* Proceeding, her initiation of the U Lock Bankruptcy, and her appeal to the Superior Court in the Quiet Title Action.

278.   These actions have damaged Biros by causing her to incur attorney's fees to protect and advance her interests in the Subject Property, have interfered with Biros's legal and equitable interests in the Subject Property, and have effectively prevented Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

279.   These actions by George, Kash, and Roth are so outrageous, willful, and malicious as to justify the imposition of punitive damages against them.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against George, Kash, and Roth and award Biros her actual damages, punitive damages, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT VII

### Abuse of Process

### Biros v. Shanni

280.    Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

281.    Shanni has initiated legal process in this action on several occasions.

282.    On or about July 14, 2021, Shanni commenced the Wage Case by filing her complaint in the District Court.

283.    On or about December 15, 2021, Shanni filed the Fake Lien in the Westmoreland Court.

284.    On or about March 18, 2022, Shanni commenced the *Lis Pendens* Proceeding by filing her praecipe in the Westmoreland Court.

285.    On or about April 27, 2022, Shanni commenced the U Lock Bankruptcy by filing a petition for involuntary bankruptcy with the Bankruptcy Court.

286.    On or about May 19, 2022, Shanni filed her notice of appeal in the Quiet Title Action with the Westmoreland Court.  This filing initiated a new proceeding in the Superior Court.

287.    Shanni did not commence any of these actions for a proper purpose.

288.    Instead, Shanni sought to use her own false statements to obtain a judgment and then to use that fraudulently obtained judgment in order to interfere with Biros's interests in the Subject Property.

289.    Shanni's initiation of these actions has damaged Biros by causing Biros to incur attorney's fees to protect and advance her interests in the Subject

Property, have interfered with Biros's legal and equitable interests in the Subject Property, and have effectively prevented Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

290.    These actions by Shanni are so outrageous, willful, and malicious as to justify the imposition of punitive damages against her.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against Shanni and award Biros her actual damages, punitive damages, the costs of this action, and such other relief as this Court deems to be appropriate.

## COUNT VIII

### Civil Conspiracy – Abuse of Process

### Biros v. All Defendants

291.    Biros incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

292.    All of the Defendants agreed to initiate legal process for an improper purpose – *i.e.*, to interfere with Biros's interests in the Subject Property.

293.    One or more of the Defendants took actions in furtherance of that agreement.  Those actions include commencing the Wage Case in the District Court, filing the Fake Lien in the Westmoreland Court, commencing the *Lis Pendens* Proceeding in the Westmoreland Court, commencing the U Lock Bankruptcy in the Bankruptcy Court, and commencing a 2022 appeal to the Superior Court in the Quiet Title Action.

48

A87

294. None of the Defendants entered into this agreement or commenced any of these actions for a proper purpose.

295. The Defendants' agreement and actions have damaged Biros by causing Biros to incur attorney's fees to protect and advance her interests in the Subject Property, have interfered with Biros's legal and equitable interests in the Subject Property, and have effectively prevented Biros from selling the Subject Property, pledging the Subject Property, or obtaining any financing to redevelop the Subject Property.

296. These actions by the Defendants are so outrageous, willful, and malicious as to justify the imposition of punitive damages against them.

WHEREAS Biros respectfully requests that this Court enter judgment in her favor and against the Defendants and award Biros her actual damages, punitive damages, the costs of this action, and such other relief as this Court deems to be appropriate.

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.

By: */s/ Kirk B. Burkley*
Kirk B. Burkley, Esq. (PA. I.D. #89511)
Stuart C. Gaul, Jr., Esq. (PA. I.D. #74529)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
Telephone: (412) 456 – 8100
Facsimile: (412) 456 – 8135
kburkley@bernsteinlaw.com
sgaul@bernsteinlaw.com

*Attorneys for Plaintiff, Christine Biros*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTINE BIROS

## DEFENDANTS

SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER, and J. ALLEN ROTH,

**(b)** County of Residence of First Listed Plaintiff    Allegheny
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Westmoreland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BERNSTEIN-BURKLEY, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
412-456-8100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [X] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC Sec. 1964

Brief description of cause:
Violation of the Rico Act and state-law causes of action

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
February 22, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kirk B. Burkley

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

A89

Case: 2:21-cv-00904-RJC Document: 1 Page: 65 Date Filed: 02/22/2023

JS 44A REVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( ◯ Erie     ◯ Johnstown     ⦿ Pittsburgh) calendar.

1. **ERIE CALENDAR -** If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR -** If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR:** I certify that the cause of action arose in_____ County and that the _____resides in_____County.

4. Complete if on **JOHNSTOWN CALENDAR:**  I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)

1. ⦿  This case is related to Number 2:21-cv-00904-RJC . Short Caption Snyder v. U Lock Inc.
2. ◯  This case is not related to a pending or terminated case.

DEFIN1TIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ◯  Antitrust and Securities Act Cases
2. ◯  Labor-Management Relations
3. ◯  Habeas corpus
4. ◯  Civil Rights
5. ◯  Patent, Copyright, and Trademark
6. ◯  Eminent  Domain
7. ⦿  All  other federal question cases
8. ◯  All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
9. ◯  Insurance indemnity, contract and other diversity cases.
10. ◯  Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: February 22, 2023          /s/ Kirk B. Burkley

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH FORMS MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

CHRISTINE BIROS,                    )
                                    )
                    Plaintiff,      )
          v.                        )          No. 4886 of 2017
                                    )
U LOCK, INC.,                       )
                                    )
                    Defendant.      )
                                    )

## NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019

pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial.

The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon,

Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the

Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex

Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen

S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the

Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the

Subject Property. The Estate Defendants were released from the case upon their motion at the

commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds

to the prevailing party in this matter, and noting that the Estates had no further interest in the

litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of

court, along with accompanying briefs were ordered by this Court, and the same have been duly

considered in rendering the within opinion.

A92

### *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

A93

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

## ***DISCUSSION AND ANALYSIS***

### COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "...after the approval of the articles or application for a charter or issuance of letters patent but without the

A94

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds…" the attempted corporation conducts business such as the transfer of property. 15 Pa. C.S. § 504. Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015. This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015. It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option. 15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent…" This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate. Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state. See e.g., *Cochran v. Arnold*, 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.*, 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery*, 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961). Here, there was no approval or issuance of any state approval until September 4, 2015. U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest,' equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

A97

## COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from tenants of the subject property since July 16, 2015. To establish a right to an accounting a plaintiff must show the following:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and (2) that the defendant breached or was in dereliction of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985). Here, as the action is based solely in equity and no contract action has been maintained, an accounting is inappropriate. Plaintiff's Count IV must therefore be dismissed.

Based upon the foregoing reasoning, this Court enters the following Order of Court:

A98

## ORDER OF COURT

AND NOW, to wit, this 22 nd day of August, 2019, consistent with the analysis contained in the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary

cc:  William E. Otto, Esq.
J. Allen Roth, Esq.
John Tumolo, Esq.
Dennis Del Cotto, Esq.

8                                                                                    A99

# EXHIBIT B

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION

CHRISTINE BIROS, an individual,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　v.　　　　　　　　　　　　　　)　　　No. 4886 of 2017
　　　　　　　　　　　　　　　　　　　)
U-LOCK, INC.,　　　　　　　　　　　　)
a Pennsylvania Corporation,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)

**OPINION**

BY THE COURT:

　　　A non-jury verdict in favor of the Plaintiff, Christine Biros, was rendered in this matter

on August 22, 2019, and is the subject of the present motions for post-trial relief filed by both

Plaintiff and Defendant pursuant to Pa.R.C.P. 227.1. In her motion, Plaintiff argues that the

Court incorrectly reference two factual matters in the finding of fact section which conflict with

the Court's ultimate legal analysis. Plaintiff requests amendment of the Opinion and Order to

reflect consistency throughout. Plaintiff has additionally filed objections to Defendant's post-

trial motion, which were ruled upon at time of oral argument, and which will be reflected in the

Order below.

　　　In its motion and brief, Defendant argues that the Court erred in rendering various aspects

of its Opinion, as addressed more fully below, and Defendant requests entry of judgment

notwithstanding the verdict or in the alternative a new trial. Defendant additionally requests that

the Court dismiss Plaintiff's complaint for lack of jurisdiction and failure to join indispensable

parties. Plaintiff has additionally filed objections to Defendant's post-trial motion, which were

ruled upon at time of oral argument, and which will be reflected in the Order below. Plaintiff's

post-trial motion will be granted, based on consent of counsel for the Defendant at time of

argument on post-trial motions. For the reasons that follow, Defendant's post-trial motion will be denied.

This case involves a dispute regarding ownership of the property located at 14140 Route 30, North Huntingdon Pennsylvania. A factual and procedural history of the case is found on pages 1 through 3 of this Court's August 22, 2019 Opinion and Order. These post-trial motions were timely filed by both parties, and the same were briefed and argued before this Court on November 8, 2019.

## I.   APPROPRIATENESS OF DECLARATORY JUDGMENT

Looking to Defendant's first argument found in Section A of its brief, Defendant maintains that the Court erred in ruling on an allegedly moot declaratory issue. Defendant claims that the deeds delivered to Defendant U Lock and recorded on March 1, 2018 render Plaintiff's remaining arguments and the Court's subsequent rulings moot. Plaintiff argues that declaratory judgment was proper in this instance and that mootness is not applicable to the present case.

Looking to the Court's general ability to provide declaratory judgment, barring a specific statutorily enacted remedy for a particular cause of action, the "existence of any other form of remedy will not *per se* bar declaratory judgment." *In re Johnson's Estate*, 171 A.2d 518, 523 (Pa. 1961). "[A] petition for declaratory judgment is equitable in nature and when a court assumes jurisdiction, it has the power to render any relief which it considers necessary." *Smith v. York Cty.*, 388 A.2d 1149, 1151 (Pa. Cmwlth. 1978). Defendant has not indicated that this Court's ruling on the *void ab initio* status of the original deeds is barred by any specific statutorily enacted remedy, and so the Court's ruling on the same was proper, barring a finding of mootness.

2

As to this issue of mootness, the Defendant argues that the deeds delivered to Defendant U Lock and recorded on March 1, 2018 render the Court's determination as to the void nature of the initial deeds and subsequent imposition of a constructive trust moot. The Court first notes that Plaintiff's post-trial motion to remove all references to "corrective deeds" in the Court's opinion was consented to by counsel for Defendant at time of oral argument on post-trial motions, and so the motion has been granted by the Court and the March 1, 2018 deeds will not be referred to as "corrective."

As to the effect of the filing of these deeds on the status of the litigation, the Court must determine whether the deeds render any portion of the case at bar moot. "The mootness doctrine requires that an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pap's A.M. v. City of Erie,* 812 A.2d 591, 600 (Pa. 2002). Courts do not generally decide moot cases. *Id.* An exception to the courts' general prohibition against deciding moot issues is where failing to do so "will cause one party to suffer some detriment without the Court's decision." *Costa v. Cortes,* 142 A.3d 1004, 1016 (Pa. Cmwlth.), aff'd, 145 A.3d 721 (Pa. 2016). A finding that continued litigation in the same matter could result if a determination is not made weighs against a finding of mootness. *Pap's A.M.,* 12 A.2d at 600.

The delivery of the March 1, 2018 deeds does not eliminate any actual case or controversy. Plaintiff's actual claim to a constructive trust survives the transfer of legal title to the Defendant, as described below in Section III. As such a case or controversy was certainly still extant before this Court when the same was ruled upon. Additionally, even if mootness were found, failure to decide the case would cause a severe detriment to the Plaintiff in the

3

nature of unjust enrichment, and so the present case would fit squarely within the exception laid out in *Costa*. Thus the Court did not err in failing to make a finding of mootness in this case.

II.     EQUITY JURISDICTION

Defendant's argument as set out in Section C claims that the Court erred by acting in equity in this matter where there is an adequate remedy at law. Defendant claims that the remedy of a constructive trust was unavailable because monetary damages would have been available to the plaintiff through a breach of contract action, a conversion action, or other action at law based on the July 16, 2015 agreement between Kash Snyder and Christine Biros. Plaintiff maintains that equitable jurisdiction was available despite this possibility.

Under Pennsylvania law, "equity will entertain jurisdiction only in the absence of an adequate remedy of law." *Jostan Aluminum Prod. Co. v. Mount Carmel Dist. Indus. Fund,* 389 A.2d 1160, 1163 (Pa. Super. 1978). "Equity has jurisdiction notwithstanding a failure to pursue an available statutory remedy if that remedy is inadequate." *Borough of Kennett Square v. Lal,* 645 A.2d 474, 479 (Pa. Cmwlth. 1994). A remedy at law can be inadequate if it would lead to "a multiplicity of actions." *Id.* "[J]udicial economy and in conserving the time and resources of the litigants" are also relevant considerations in this analysis. *Temple Univ. of Com. Sys. of Higher Ed. v. Pennsylvania Dep't of Pub. Welfare,* 374 A.2d 991, 996 (Pa. Cmwlth. 1977).

In the present case, Plaintiff points to testimony at trial which would indicate that Defendant entirely lacks the ability to compensate the Plaintiff, and so a remedy at law could not be achieved. (Transcript of Trial, 4/29/19, p. 32). The refiling of a complaint at law would additionally lead to numerous actions and result in a duplicative case, wasting the time and resources of the litigants and the judiciary. The Court additionally notes that an award of damages may be considered inadequate in the context of specific performance for the equitable

4

conveyance of real estate, as "no two parcels of land are identical." *Oliver v. Ball*, 136 A.3d 162, 167 (Pa. Super. 2016). This situation is analogous, as an award of damages would be inadequate in comparison to the conveyance of the unique parcel of real estate. For the foregoing reasons, this Court is able to maintain jurisdiction in equity in the present case.

III.   APPROPRIATENESS OF CONSTRUCTIVE TRUST

Defendant's next argument, set forth in Sections B and D of its brief is that the Court erred in imposing a constructive trust in this matter. In general "a constructive trust may arise... where a person holding title to property is subject to another on the ground that he would be unjustly enriched if he were allowed to retain the property." *Williams Twp. Bd. of Supervisors v. Williams Twp. Emergency Co.*, 986 A.2d 914, 922 (Pa. Cmwlth. 2009). Defendant first argues that the imposition of a constructive trust is inappropriate where Plaintiff did not request the same or plead unjust enrichment in her complaint or at trial. Defendant claims that Plaintiff's request for imposition of a constructive trust on the basis of unjust enrichment did not occur until post-trial briefings. This is inaccurate, as the issue of request for a constructive trust and the necessary element of unjust enrichment was first raised in pages twelve and thirteen of Plaintiff's Brief in Support of Preliminary Objections, filed on April 4, 2018. Defendant was thus on notice of Plaintiff's request for a constructive trust on the basis of unjust enrichment for at least one year prior to trial. Defendant cites no authority for the proposition that Plaintiff's pleadings in this matter foreclose the Court acting in equity, and so the Court did not err in this manner.

Defendant additionally maintains that a constructive trust was improper in this matter where adequate remedies exist at law. This argument is addressed in Section II, above. Defendant additionally argues that a constructive trust cannot be created where there is no allegation of fraud, duress, undue influence, mistake or abuse of a confidential relationship. The

5

Pennsylvania Superior Court has held that "[t]he necessity for [a constructive trust] may arise from circumstances evidencing fraud, duress, undue influence or mistake. The controlling factor in determining whether a constructive trust should be imposed is whether it is necessary to prevent unjust enrichment." *Hercules v. Jones,* 609 A.2d 837, 841 (Pa. Super. 1992) (citation omitted). Thus it is clear that although these enumerated circumstances may lend weight to a determination of a constructive trust, they are not essential elements of a constructive trust, and so the Court did not err in this manner.

## IV.    INDISPENSABLE PARTIES

Defendant's brief Section G argues that the Court erred in ruling without joining other allegedly indispensable parties and/or claimants. Under Pennsylvania law, "[i]f an indispensable party is not joined, a court is without jurisdiction to decide the matter." *Sabella v. Appalachian Dev. Corp.,* 103 A.3d 83, 90 (Pa. Super. 2014). This is a nonwaivable defect. *Id.* "[A]n indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights." *Id.* In its brief, Defendant refers to Plaintiff's brothers, as well as a man named Andy, but provides no supportive evidence as to any interest these persons may have in the property. Defendant also refers to the incorporators of U Lock who are presently involved in the action because U Lock - now properly incorporated - received legal title to the property in 2018 and is the defendant in this action.

Defendant also claims that some 800 shareholders of U Lock are indispensable parties. "[A] shareholder has no distinct and individual title to the moneys or property of the corporation, nor any actual control over it..." *Bradley v. Zoning Hearing Bd. of Borough of New Milford*, 63 A.3d 488, 492 (Pa. Cmwlth. 2013) (citation omitted). The shareholders of U Lock have no particular interest in the title to the property at issue, and so cannot be indispensable parties.

6

Defendant also references the Defendant Estates, however the estates were previously parties to the action against whom all claims have been resolved, and so they were removed from the action by the Court at their request. Overall, Defendant has failed to provide any evidence of failure to join any indispensable party, and so no error is existent.

## V.    DE FACTO CORPORATION STATUS

Defendant's brief in Section H claims that the Court erred in finding that U Lock was not a *de facto* corporation at the time of the issuance of the original deeds. An analysis of the Court's reasoning as to its conclusion in this matter is found on pages 3 through 5 of its August 22, 2019 Opinion. This Court weighed the evidence presented at time of trial and found that there was no "attempt to organize" by the incorporators, as illustrated by Pennsylvania case law. *See e.g., Cochran v. Arnold,* 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle,* 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.,* 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.,* 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery,* 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club,* 176 A.2d 704, 707 (Pa. Super. 1961). Defendant's references to any actions by Plaintiff are of no relevance to the issue of Defendant's existence as a corporate entity. As such, no error exists here.

## VI.    UNCLEAN HANDS

By Order of Court dated September 6, 2018, the Honorable Anthony G. Marsili sustained a preliminary objection filed by Plaintiff which struck "any and all allegations in the Amended Answer and New Matter relating to illegal gambling" because these allegations constituted scandalous and/or impertinent matter. Defendant's brief in Section I argues that the Court erred in striking its defense as to the source of the funds used to purchase the property. The Court first notes that Plaintiff's objection to strike all references to illegal gambling and illegal sourcing of

the funds contained in Defendant's post-trial pleadings has been granted, consistent with the September 6, 2018 ruling on this identical matter by Judge Marsili. As Defendant's argument does not deal with the non-jury trial and subsequent opinion, but instead deals solely with a prior ruling on preliminary objections, this Court suggests that it is inappropriate for consideration in post-trial motions. In any case, "[t]he doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue." *Terraciano v. Com., Dep't of Transp., Bureau of Driver Licensing*, 753 A.2d 233, 237–38 (Pa. 2000). Defendant has cited no law or evidence to show how this purported criminal activity is in any way relevant to the Plaintiff's conduct regarding the matter at issue, and so no error can be discerned.

## VII.   TRIAL SCHEDULING

Defendant's brief in Section J argues that trial in this matter was scheduled outside of the procedures prescribed by local rules of court, and that defendant was prejudiced because of this procedure.

Pa.R.C.P. No. 126 reads:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Even assuming *arguendo* a lack of strict compliance with Westmoreland County Local Rule W212.1, Defendant has failed to show any prejudice which would negatively affect its substantial rights. The Court notes that Defendant had approximately three weeks' notice of the scheduled trial date before lodging any objection to proceeding. At time of trial, no discovery had been requested by Defendant since October 2018, which was timely complied with. Defendant mentions a witness requested by both parties, Mr. Erik Martin, who was unavailable for the trial. Counsel for Defendant stipulated to a brief summary of the testimony which would

8

have been provided by Mr. Martin, effectively waiving any objection relative to his inability to appear. (Transcript of Trial, 4/29/19, p. 37-39). Defendant mentions no other discovery, witnesses, which it could have attempted to secure in order to present at trial, and so Defendant was not prejudiced and its substantive rights were in no way affected by the pre-trial procedures, which were conducted in order to ensure "the just, speedy and inexpensive determination" of the action. Pa.R.C.P. No. 126.

## VIII. LACK OF SUPPORTING LEGAL AUTHORITY

The Court notes Plaintiff's argument that Sections E and F of Defendant's brief are entirely devoid of supporting legal authority. Plaintiff notes that, for the purposes of appellate review, "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006). Here, a lack of any relevant citation to authority renders review similarly difficult.

Briefly addressing each argument, as to Defendant's Section E, Defendant argues that imposition of a constructive trust against Plaintiff results in her own unjust enrichment. In addition to the Defendant failing to provide evidence of such at trial and no legal support for this proposition, the Court has explained its reasoning in applying a constructive trust above in Section III. Looking to Defendant's Section F, this argument appears generally duplicative of Defendant's prior arguments against the imposition of a constructive trust. Again, these issues were addressed in Section III. Based on the reasoning set forth above, the Court can find no basis in the Defendant's arguments in its post-trial motions, and so the same must be denied.

Accordingly, the Court enters the following Order of Court:

9

## ORDER OF COURT

AND NOW, this __6th__ day of December 2019, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff's Objection and Request to Strike Scandalous and Impertinent Allegations from Defendant's Post-Trial Motion is GRANTED, and Paragraphs 128 and 156-163 of Defendant's Motion for Post-Trial Relief are hereby STRICKEN from the record in this matter.

2. Plaintiff's Objection regarding Necessity for a Trial Transcript is DENIED as moot, as the entire trial transcript has been produced in this matter.

3. In reference to Defendant's Motion for Post-Trial Relief, upon consideration of said motion and consistent with the analysis set forth in the foregoing Opinion, said Post-Trial Motion is hereby DENIED.

4. Plaintiff's Motion for Post-Trial Relief is GRANTED, based upon consent of the Defendant.

5. This Court's Non-Jury Trial Opinion and Order of Court dated August 22, 2019 shall be modified as follows:

    a. In the section of the Opinion captioned "Facts," the sentence in the first paragraph which states, "On July 16, 2015, the Subject Property was conveyed to Defendant U Lock." shall be modified to the following sentence: "On July 16, 2015, the Defendant Estates delivered deeds for the Subject Property to Defendant U Lock."

    b. With respect to those deeds delivered to Defendant U Lock and recorded on March 1, 2018, the references on pages 2 and 5 of the Opinion to such deeds as being corrective deeds are hereby deleted.

6. Judgment is granted for the Plaintiff as set forth in this Court's opinion.

7. Any party desiring to do so shall have thirty (30) days from the date of this Order in which to file an appeal to the Pennsylvania Superior Court pursuant to Pa.R.A.P. 903(a).

8. In accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

ATTEST:
CHRISTINA O'BRIEN
PROTHONOTARY

_____

Prothonotary

cc:   William E. Otto, Esquire
      J. Allen Roth, Esquire
      John Tumolo, Esquire
      Dennis Del Cotto, Esquire

# EXHIBIT C

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number: 259 WAL 2021**

**Page 1 of 3**

**February 14, 2023**

| CAPTION |
|---|

Christine Biros, an individual, Respondent

v.

U Lock Inc., a Pennsylvania Corporation, Petitioner

| CASE INFORMATION |
|---|

Initiating Document:        Petition for Allowance of Appeal

Case Status:               Active

Journal Number:

Case Category:             Civil                              Case Type(s):        Declaratory Judgment
                                                                                  Equity
                                                                                  Quiet Title
                                                                                  Real Property

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| COUNSEL INFORMATION |
|---|

Attorney:          Roth, John Allen

Address:           805 S Alexandria
                   Latrobe, PA 15650

Phone No:          (724) 537-0939
Receive Mail:      Yes
Receive EMail:     Yes                          Email:
Representing:      U Lock Inc., Petitioner
  Pro Se:          No
  IFP Status:

Attorney:          Otto, William E.
                   Law Firm of William E. Otto, Esq.
Address:           Po Box 701
                   Murrysville, PA 15668
Phone No:          (724) 519-8778
Receive Mail:      Yes
Receive EMail:     Yes                          Email:
Representing:      Biros, Christine, Respondent
  Pro Se:          No
  IFP Status:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A113

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number:  259 WAL 2021**

**Page 2 of 3**

**February 14, 2023**

| SUPREME COURT INFORMATION | | |
|---|---|---|

Appeal From:

Appeal Filed Below:

| | | |
|---|---|---|
| Probable Jurisdiction Noted: | Docketed Date: | August 27, 2021 |
| Allocatur/Miscellaneous Granted: | Allocatur/Miscellaneous Docket No.: | |
| Allocatur/Miscellaneous Grant Order: | | |

| FEE INFORMATION | | |
|---|---|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 08/27/2021 | Petition for Allowance of Appeal Filed | 90.25 | 08/27/2021 | 2021-SUP-W-002013 | 90.25 |

| INTERMEDIATE APPELLATE COURT INFORMATION | | |
|---|---|---|

| | | | |
|---|---|---|---|
| Court Name: | Superior | Docket Number: | 1841 WDA 2019 |
| Date of Order: | May 21, 2021 | Rearg/Recon Disp Date: | July 28, 2021 |
| | | Rearg/Recon Disposition: | Denied. |
| Judge(s): | Shogan, Jacqueline O. | | |
| | Stabile, Victor P. | | |
| | King, Megan | | |
| Intermediate Appellate Court Action: | | Affirmed. | |
| Referring Court: | | | |

| AGENCY/TRIAL COURT INFORMATION | | |
|---|---|---|

| | | | |
|---|---|---|---|
| Court Below: | Westmoreland County Court of Common Pleas | | |
| County: | Westmoreland | Division: | Westmoreland County Civil Division |
| Date of Agency/Trial Court Order: | January 6, 2020 | | |
| Docket Number: | 17 CJ 04886 | | |
| Judge(s): | Smail, Harry F. | OTN: | |
| Order Type: | Judgment | | |

| ORIGINAL RECORD CONTENT | | |
|---|---|---|

| Original Record Item | Filed Date | Content/Description |
|---|---|---|

**Record Remittal:**

| DISPOSITION INFORMATION | | |
|---|---|---|

| | | | |
|---|---|---|---|
| Related Journal No: | | Judgment Date: | |
| Category: | Decided | Disposition Author: | Per Curiam |
| Disposition: | Order Denying Petition for Allowance of Appeal | Disposition Date: | January 19, 2022 |
| Dispositional Filing: | | Author: | |
| Filed Date: | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A114

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number: 259 WAL 2021**

**Page 3 of 3**

**February 14, 2023**

| DISPOSITION INFORMATION |
|---|

| DOCKET ENTRY |
|---|

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **August 27, 2021** | **Petition for Allowance of Appeal** | | |
| | | Petitioner | U Lock Inc. |
| **August 27, 2021** | **Reproduced Record** | | |
| | | Petitioner | U Lock Inc. |
| **September 8, 2021** | **Answer to Petition for Allowance of Appeal** | | |
| | | Respondent | Biros, Christine |
| **January 19, 2022** | **Order Denying Petition for Allowance of Appeal** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 19th day of January, 2022, the Petition for Allowance of Appeal is DENIED.

| | | | |
|---|---|---|---|
| **January 19, 2022** | **Order Exited** | | |
| | | | Office of the Prothonotary |
| **February 2, 2022** | **Application Pursuant to Pa.R.A.P. 2572(c) to Stay Remand of Record Pending US Supreme Court Review** | | |
| | | Petitioner | U Lock Inc. |
| **February 15, 2022** | **Answer to Application to Stay Remand and Application for Appropriate Security** | | |
| | | Respondent | Biros, Christine |
| **March 16, 2022** | **Order Granting Stay of Remand of Record Pending US Supreme Court Review** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 16th day of March, 2022, the Application to Stay Remand of Record Pending United States Supreme Court Review is GRANTED. Additionally, in accordance with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real estate taxes and to keep such taxes current during the pendency of its occupancy of the Property.

| | | | |
|---|---|---|---|
| **March 16, 2022** | **Order Exited** | | |
| | | | Office of the Prothonotary |
| **May 11, 2022** | **Bankruptcy Notice - Action Stayed** | | |
| | | | Supreme Court of Pennsylvania |

| CROSS COURT ACTIONS |
|---|

Docket Number:                                    1841 WDA 2019

# EXHIBIT D

Case: 23-1845 Document 19 Page: 92 Date Filed: 08/22/2025

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 1 of 7**

**February 14, 2023**

**Superior Court of Pennsylvania**



| CAPTION |
|---|

Christine Biros, an individual
        v.
U Lock Inc., a Pennsylvania Corporation
   Appellant

| CASE INFORMATION |
|---|

| | |
|---|---|
| Initiating Document: | Notice of Appeal |
| Case Status: | Decided/Active |
| Case Processing Status: | August 27, 2021      Awaiting Supreme Court Decision |
| Journal Number: | J-S43016-20 |
| Case Category: | Civil        Case Type(s):      Declaratory Judgment |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| SCHEDULED EVENT |
|---|

Next Event Type: Record Remitted            Next Event Due Date: June 21, 2021
Next Event Type: Record Remitted            Next Event Due Date: August 27, 2021

| COUNSEL INFORMATION |
|---|

**Appellant**      **U Lock Inc.**
Pro Se:             No
IFP Status:       No
     Attorney:        Roth, John Allen
     Law Firm:      J Allen Roth Esquire
     Address:       757 Lloyd Ave Ste B
                     Latrobe, PA 15650-2648
     Phone No:     (724) 537-0939           Fax No:

**Appellee**      **Biros, Christine**
Pro Se:             No
IFP Status:
     Attorney:        Otto, William E.
     Law Firm:      Law Firm of William E. Otto, Esq.
     Address:       Po Box 701
                     Murrysville, PA 15668
     Phone No:     (724) 519-8778           Fax No:

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 12/17/2019 | Notice of Appeal | 90.25 | 12/17/2019 | 2019-SPR-W-001013 | 90.25 |
| 05/06/2020 | 2nd Motion for Extension of Time | 10.00 | 05/06/2020 | 2020-SPR-W-000260 | 10.00 |
| 06/02/2020 | 3rd Motion for Extension of Time | 25.00 | 06/02/2020 | 2020-SPR-W-000303 | 25.00 |
| 06/04/2021 | Petition for Reargument | 15.00 | 06/07/2021 | 2021-SPR-W-000369 | 15.00 |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

A117

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 1841 WDA 2019**

**Page 2 of 7**



**February 14, 2023**

| AGENCY/TRIAL COURT INFORMATION | | | |
|---|---|---|---|

| Order Appealed From: | January 6, 2020 | Notice of Appeal Filed: | December 13, 2019 |
|---|---|---|---|
| Order Type: | Judgment Entered | | |
| Documents Received: | December 17, 2019 | | |

| Court Below: | Westmoreland County Court of Common Pleas | | |
|---|---|---|---|
| County: | Westmoreland | Division: | Westmoreland County Civil Division |
| Judge: | Smail, Harry F. | OTN: | |
| Docket Number: | 17 CJ 04886 | Judicial District: | 10 |

| ORIGINAL RECORD CONTENT | | | |
|---|---|---|---|

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Transcript(s) | | 1 |
| Exhibit(s) | | 1 Envelope |
| Original Record | February 10, 2020 | 3 Parts |

Comment: DO NOT REMIT UNTIL THE APPEALS AT 607, 615, 617, AND 650 WDA 2022 ARE COMPLETE.

| Trial Court Opinion | February 10, 2020 | |
|---|---|---|

**Date of Remand of Record:**

| BRIEFING SCHEDULE | | | |
|---|---|---|---|

| **Appellant** | | **Appellee** | |
|---|---|---|---|
| U Lock Inc. | | Biros, Christine | |
| **Brief** | | **Brief** | |
| Due: June 2, 2020 | Filed: June 2, 2020 | Due: August 3, 2020 | Filed: July 31, 2020 |
| **Reply Brief** | | | |
| Due: August 31, 2020 | Filed: August 31, 2020 | | |
| **Reproduced Record** | | | |
| Due: June 2, 2020 | Filed: May 30, 2020 | | |

| DOCKET ENTRY | | | |
|---|---|---|---|

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **December 17, 2019** | Notice of Appeal Docketed | | |
| | | Appellant | U Lock Inc. |
| **December 18, 2019** | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| **January 2, 2020** | Docketing Statement Received (Civil) | | |
| | | Appellant | U Lock Inc. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A118

Case: 23-1845 Document 19 Page: 94 Date Filed: 08/22/2025

**Appeal Docket Sheet**

Docket Number: 1841 WDA 2019

Page 3 of 7

February 14, 2023

**Superior Court of Pennsylvania**



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| January 3, 2020 | Order - Rule to Show Cause | | Per Curiam |

Comment: Review of this matter indicates that no judgment has been entered on the trial court docket as required by Pa.R.A.P. 301. See Brown v. Philadelphia College of Osteopathic Medicine, 760 A.2d 863 (Pa. Super. 2000) (appeal does not properly lie from order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions). Pursuant to this Court's policy, Appellant is directed to praecipe the trial court Prothonotary to enter judgment on the decision of the trial court. Appellant is further directed to file with the Prothonotary of the Superior Court within ten (10) days of the date of this Order a certified copy of the trial court docket reflecting the entry of the judgment. Upon compliance with Pa.R.A.P. 301, the notice of appeal previously filed in this case will be treated as filed after the entry of judgment. See Pa.R.A.P. 905(a). Please be aware that failure to comply with these directives may result in dismissal of this appeal without further notice. Johnston the Florist, Inc. v. Tedco Constr. Corp., 657 A.2d 511 (Pa. Super. 1995) (there is no authority for Superior Court to review the merits of an appeal in the face of a refusal by the parties to enter judgment).

| | | | |
|---|---|---|---|
| January 11, 2020 | Response to Rule to Show Cause | Appellant | U Lock Inc. |
| January 13, 2020 | Order Discharging Rule to Show Cause | | Per Curiam |

Comment: The Court having received a response to the rule to show cause, the rule is discharged and the appeal shall proceed. This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. Counsel are advised that the issue may be revisited by the panel to be assigned to the case, and counsel should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning this issue.

| | | | |
|---|---|---|---|
| February 10, 2020 | Trial Court Record Received | | Westmoreland County Civil Division |
| February 10, 2020 | Briefing Schedule Issued | | Superior Court of Pennsylvania |
| February 10, 2020 | Trial Court Opinion Received | | Westmoreland County Civil Division |
| March 19, 2020 | Application for Extension of Time to File Brief - First Request | Appellant | U Lock Inc. |
| March 19, 2020 | Order Granting Application for Extension of Time to File Brief and Reproduced Record | | Per Curiam |
| May 6, 2020 | Application for Extension of Time to File Brief - Second Request | Appellant | U Lock Inc. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A119

Case: 23-1845 Document: 19 Page: 95 Date Filed: 08/22/2025

12:03 P.M.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  1841 WDA 2019**

**Page 4 of 7**

**February 14, 2023**



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **May 6, 2020** | Order Granting Application for Extension of Time to File Brief and Reproduced Record | | Per Curiam |
| | Comment: Appellant's May 6, 2020 "Application for Extension of Time to File Brief - Second Request," is GRANTED ONLY TO THE EXTENT THAT Appellant's brief and reproduced record are now due in this Court on or before June 1, 2020. | | |
| **May 30, 2020** | Reproduced Record Filed | Appellant | U Lock Inc. |
| | Document Name: Vol 1 | | |
| **May 30, 2020** | Reproduced Record Filed | Appellant | U Lock Inc. |
| | Document Name: Vol 2 | | |
| **June 2, 2020** | Appellant's Brief Filed Late | Appellant | U Lock Inc. |
| | Comment: Brief timely filed, see order of court dated June 10, 2020. | | |
| **June 2, 2020** | Application for Extension of Time to File Brief - Third Request | Appellant | U Lock Inc. |
| **June 3, 2020** | Application to Dismiss | Appellee | Biros, Christine |
| **June 3, 2020** | Answer to Application to Dismiss | Appellant | U Lock Inc. |
| **June 8, 2020** | Paper Version of PACFiled Document Received | Appellant | U Lock Inc. |
| | Document Name: Appellant's Brief | | |
| **June 8, 2020** | Paper Version of PACFiled Document Received | Appellant | U Lock Inc. |
| | Document Name: Reproduced Record/ Vol I | | |
| **June 8, 2020** | Paper Version of PACFiled Document Received | Appellant | U Lock Inc. |
| | Document Name: Reproduced Record/ Vol II | | |
| **June 10, 2020** | Order Granting Application for Extension of Time to File Appellant Brief | | Per Curiam |
| | Comment: AND NOW, upon consideration of the June 2, 2020 "Motion for Nunc Pro Tunc Extension of Time to File Brief," docketed as an "Application for Extension of Time to File Brief - Third Request," the Application is GRANTED. The Prothonotary is DIRECTED to accept Appellant's brief as timely filed on June 2, 2020. | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A120

Case: 23-1845 Document 19 Page: 96 Date Filed: 08/22/2025

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 5 of 7**

**February 14, 2023**

**Superior Court of Pennsylvania**



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| June 10, 2020 | Order | | Per Curiam |
| | Document Name: motion to dismiss | | |
| | Comment: The June 3, 2020 "Plaintiff- Appellee's Motion to Dismiss," docketed as an "Application to Dismiss," is DISMISSED as moot. (one order entered for two motions) | | |
| June 10, 2020 | Reply Letter(s) Printed | | Superior Court of Pennsylvania |
| June 25, 2020 | Application for Extension of Time to File Brief - First Request | Appellee | Biros, Christine |
| June 26, 2020 | Order Granting Application for Extension of Time to File Appellee Brief | | Per Curiam |
| July 14, 2020 | Auto Submit - Reply Late | | Superior Court of Pennsylvania |
| July 31, 2020 | Appellee's Brief Filed | Appellee | Biros, Christine |
| August 4, 2020 | Paper Version of PACFiled Document Received | Appellee | Biros, Christine |
| | Document Name: Appellee's Brief | | |
| August 11, 2020 | Application for Extension of Time to File Reply Brief | Appellant | U Lock Inc. |
| August 14, 2020 | Order Granting Application for Extension of Time to File Appellant Reply Brief | | Superior Court of Pennsylvania |
| | Comment: AND NOW, upon consideration of Appellant's August 11, 2020 "Motion for Extension of Time Until August 31, 2020, to File Reply Brief," docketed as an "Application for Extension of Time to File Reply Brief," the Application is GRANTED. Appellant's reply brief is now due on or before August 31, 2020. | | |
| August 31, 2020 | Appellant's Reply Brief | Appellant | U Lock Inc. |
| September 4, 2020 | Paper Version of PACFiled Document Received | Appellant | U Lock Inc. |
| | Document Name: reply brief | | |
| September 9, 2020 | Submission Letter Sent | | Wagner, Bobbi Jo |
| May 21, 2021 | Affirmed | | Stabile, Victor P. |
| June 4, 2021 | Application for Reargument | Appellant | U Lock Inc. |
| June 18, 2021 | Letter in Lieu of Answer to Petition/Motion | Appellee | Biros, Christine |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A121

**Appeal Docket Sheet**
**Superior Court of Pennsylvania**

**Docket Number: 1841 WDA 2019**

**Page 6 of 7**

**February 14, 2023**



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **July 28, 2021** | Order Denying Application for Reargument | | |
| | | | Per Curiam |
| Comment: | IT IS HEREBY ORDERED:<br>THAT the application filed June 4, 2021, requesting reargument of the decision dated May 21, 2021, is DENIED. | | |
| **August 27, 2021** | Petition for Allowance of Appeal to PA Supreme Court Filed | | |
| | | Appellant | U Lock Inc. |
| Comment: | 259 WAL 2021 | | |
| **January 19, 2022** | Order Denying Petition for Allowance of Appeal to PA Supreme Court | | |
| | | | Per Curiam |
| Comment: | 259 WAL 2021 | | |
| **February 7, 2022** | Other | | |
| | | | Supreme Court of Pennsylvania |
| Document Name: | Stay record letter | | |
| **March 18, 2022** | Other | | |
| | | | Supreme Court of Pennsylvania |
| Document Name: | Supreme Court Order-HOLD RECORD | | |
| Comment: | Supreme Order dated 3/16/22: Application to stay remand of record pending U.S. Supreme Court Review is GRANTED, with instructions.<br>(DO NOT REMIT ORIGINAL RECORD) | | |

| SESSION INFORMATION |
|---|

| | |
|---|---|
| Journal Number: | J-S43016-20 |
| Consideration Type: | Submit Panel |
| Listed/Submitted Date: | September 21, 2020 |

Panel Composition:

| | |
|---|---|
| The Honorable Jacqueline O. Shogan | Judge |
| The Honorable Victor P. Stabile | Judge |
| The Honorable Megan King | Judge |

| DISPOSITION INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | J-S43016-20 | Judgment Date: | May 21, 2021 |
| Category: | Decided | Disposition Author: | Stabile, Victor P. |
| Disposition: | Affirmed | Disposition Date: | May 21, 2021 |
| Dispositional Filing: | **Opinion** | Filing Author: | Stabile, Victor P. |
| Filed Date: | 5/21/2021 12:00:00AM | | |
| Judge: | Shogan, Jacqueline O. | Vote: | Concur in Result |
| Judge: | King, Megan | Vote: | Join |

| REARGUMENT / RECONSIDERATION / REMITTAL |
|---|

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A122

Case: 23-1845 Document: 19 Page: 98 Date Filed: 08/22/2023

12:03 P.M.

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 7 of 7**

**February 14, 2023**

**Superior Court of Pennsylvania**



| REARGUMENT / RECONSIDERATION / REMITTAL | |
|---|---|
| Filed Date: | June 4, 2021 |
| Disposition: | |
| Disposition Date: | |
| | |
| Record Remittal: | |
| Filed Date: | June 4, 2021 |
| Disposition: | Order Denying Application for Reargument |
| Disposition Date: | July 28, 2021 |
| | |
| Record Remittal: | |

| CROSS COURT ACTIONS | |
|---|---|
| Docket Number: | 259 WAL 2021 |
| Court Name: | Supreme |
| Short Caption: | Biros v. U Lock, Pet |
| Case Status: | Active |
| Disposition: | Order Denying Petition for Allowance of Appeal |
| Disposition Date: | January 19, 2022 |
| Petition Reargument/Reconsideration Filed Date: | |
| Reargument Disposition: | |
| Reargument Disposition Date: | |
| Cross Court Action Type: | Filing of Decision or Opinion |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

A123

# EXHIBIT E

**Fill in this information to identify your case:**

United States Bankruptcy Court for the: Western District

_____ District of of Pennsylvania

Case number (*If known*): 18-21983

CMB

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

FILED

2018 MAY 15 P 3: 54   MF

☐ Check if this is an amended filing

CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---------|-------------------|

|   |   | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name** | | |
|   | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | Shanni<br>First name | First name |
|   |   | Sue<br>Middle name | Middle name |
|   | Bring your picture identification to your meeting with the trustee. | Snyder<br>Last name | Last name |
|   |   | Suffix (Sr., Jr., II, III) | Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | First name | First name |
|   |   | Middle name | Middle name |
|   |   | Last name | Last name |
|   |   | First name | First name |
|   |   | Middle name | Middle name |
|   |   | Last name | Last name |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 6 1 3 6<br>OR<br>9 XX – XX – _ _ _ _ | XXX – XX – _ _ _ _<br>OR<br>9 XX – XX – _ _ _ _ |

A125

Debtor 1 _____    Case number (*if known*)_____

First Name    Middle Name    Last Name

| | | |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | **About Debtor 1:**<br><br>☑ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>EIN __ __ - __ __ __ __ __ __ __<br><br>EIN __ __ - __ __ __ __ __ __ __ | **About Debtor 2 (Spouse Only in a Joint Case):**<br><br>☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>EIN __ __ - __ __ __ __ __ __ __<br><br>EIN __ __ - __ __ __ __ __ __ __ |

**5. Where you live**

14390 US Rt 30
Number    Street

Unit H

North Huntingdon PA
City    State    ZIP Code

Westmoreland
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City    State    ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

15642
City    State    ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number    Street

P.O. Box

City    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

A126

Debtor 1 _____     Case number *(if known)*_____
        First Name      Middle Name        Last Name

---

## Part 2:  Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ☐ No
- ☑ Yes.  District **WDPA**     When **02/01/2013**   Case number **13-22125**
                                  MM / DD / YYYY          **(INVOLUN)**

       District _____  When _____   Case number _____
                                  MM / DD / YYYY

       District _____  When _____   Case number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☑ No
- ☐ Yes.  Debtor _____  Relationship to you _____

       District _____  When _____   Case number, if known_____
                                  MM / DD / YYYY

       Debtor _____  Relationship to you _____

       District _____  When _____   Case number, if known_____
                                  MM / DD / YYYY

**11. Do you rent your residence?**

- ☐ No.  Go to line 12.
- ☑ Yes.  Has your landlord obtained an eviction judgment against you?

    - ☑ No. Go to line 12.
    - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

A127

Debtor 1 _____    Case number *(if known)*_____
          First Name     Middle Name     Last Name

---

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number     Street

_____

_____
City                 State     ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**    **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                   Number     Street

_____

_____
City          State     ZIP Code

---

A128

Debtor 1 _____    Case number *(if known)*_____

First Name         Middle Name         Last Name

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

❑ **I am not required to receive a briefing about credit counseling because of:**

❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

❑ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

❑ **I am not required to receive a briefing about credit counseling because of:**

❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

❑ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

A129

Debtor 1 _____     Case number (if known) _____
         First Name   Middle Name   Last Name

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
| --- | --- |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** Business debts are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No.  I am not filing under Chapter 7. Go to line 18.

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

    ☑ No
    ☐ Yes

**18. How many creditors do you estimate that you owe?**

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| --- | --- | --- |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **Part 7:** | **Sign Below** |
| --- | --- |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____          ✗ _____
   Signature of Debtor 1                                    Signature of Debtor 2

Executed on 05/12/2018                         Executed on _____
        MM / DD / YYYY                                          MM / DD / YYYY

A130

Debtor 1   *Shanni Sue Snyder*

First Name   Middle Name   Last Name

Case number *(if known)*_____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✖ _____   Date _____

Signature of Attorney for Debtor                         MM   /   DD  / YYYY

Printed name _____

Firm name _____

Number    Street _____

_____

City _____   State _____   ZIP Code _____

Contact phone _____   Email address _____

Bar number _____   State _____

---

A131

Debtor 1    **Shanni Sue Snyder**

First Name    Middle Name    Last Name

Case number (*if known*)_____

---

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny your a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____
     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| | |
|---|---|
| X _____ | X _____ |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date **05/12/2018** | Date _____ |
| MM / DD / YYYY | MM / DD / YYYY |
| Contact phone **(412) 758-1371** | Contact phone _____ |
| Cell phone _____ | Cell phone _____ |
| Email address **Shanni Snyder@ gmail.com** | Email address _____ |

---

Official Form 101    **Voluntary Petition for Individuals Filing for Bankruptcy**    page 8

A132

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Shanni      Sue      Snyder |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number | |
| (If known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property* (Official Form 106A/B)
   1a. Copy line 55, Total real estate, from *Schedule A/B* ..................... $ ~~3,925.~~ .00 *555.*

   1b. Copy line 62, Total personal property, from *Schedule A/B* ............... $ 3,925.00

   1c. Copy line 63, Total of all property on *Schedule A/B* ..................... $ 3,925.00

### Part 2:   Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............ $ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ......................... $ 0

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ........................ + $ 5,187,339.64

   **Your total liabilities**    $ 5,187,339.64

### Part 3:   Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of *Schedule I* ............................ $ 1,338.00

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of *Schedule J* ............................ $ 1,750.00

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 4:**    **Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9 for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.

   $ _____1,238.00

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

   **Total claim**

   **From Part 4 on *Schedule E/F*, copy the following:**

   9a. Domestic support obligations (Copy line 6a.)    $_____0.00

   9b. Taxes and certain other debts you owe the government. (Copy line 6b.)    $_____0.00

   9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $_____0.00

   9d. Student loans. (Copy line 6f.)    $_____0.00

   9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)    $_____0.00

   9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)    + $_____0.00

   9g. **Total.** Add lines 9a through 9f.    $_____0.00

---

A134

**Fill in this information to identify your case:**

Debtor 1    Shanni    Sue    Snyder
            First Name    Middle Name    Last Name

Debtor 2    _____
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Western District of Pennsylvania___

Case number    _____
(If known)

☐ Check if this is an
   amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ _____    ✗ _____
Signature of Debtor 1                    Signature of Debtor 2

Date 05/12/2018                          Date _____
     MM / DD / YYYY                          MM / DD / YYYY

Case 23-10829 Document 106/Page 1 Filed ... Entered ...

**Fill in this information to identify your case and this filing:**

Debtor 1     Shanni Sue Snyder
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  Western District of Pennsylvania

Case number  _____

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☑ No. Go to Part 2.
☐ Yes. Where is the property?

**1.1.** _____
Street address, if available, or other description

_____

_____

City          State     ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**
$_____     $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.** _____
Street address, if available, or other description

_____

_____

City          State     ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**
$_____     $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ Check if this is community property (see instructions)

Debtor 1    Shanni Sue Snyder

First Name    Middle Name    Last Name

Case number (if known)_____

---

1.3. _____

Street address, if available, or other description

_____

_____

City    State    ZIP Code

_____

County

**What is the property?** Check all that apply.

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____

**Current value of the portion you own?**

$_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. .................................................➔

$_____

---

## Part 2:  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No

☐ Yes

3.1. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____

**Current value of the portion you own?**

$_____

If you own or have more than one, describe here:

3.2. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____

**Current value of the portion you own?**

$_____

Debtor 1 __Shanni Sue Snyder_____
First Name    Middle Name    Last Name

Case number (if known)_____

3.3.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

3.4.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
☑ No
☐ Yes

4.1.
Make: _____
Model: _____
Year: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

If you own or have more than one, list here:

4.2.
Make: _____
Model: _____
Year: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** .................................... ➔

$_____

Debtor 1     Shanni Sue Snyder

First Name    Middle Name    Last Name

Case number *(if known)* _____

---

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☑ Yes. Describe......... washer, dryer
$ 400.00

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
☑ Yes. Describe......... televisions (2), computer (1), telephone
$ 700.00

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
☐ Yes. Describe.........
$ _____

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
☐ Yes. Describe.........
$ _____

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
☐ Yes. Describe.........
$ _____

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
☑ Yes. Describe.......... Everyday clothes / shoes
$ 2,000.00

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
☑ Yes. Describe.......... everyday earings
$ 500.00

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
☑ Yes. Describe.......... cat
$ 100.00

**14. Any other personal and household items you did not already list, including any health aids you did not list**
☐ No
☐ Yes. Give specific information. .............
$ _____

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................................→
$ _____

Debtor 1    Shanni Sue Snyder

First Name    Middle Name    Last Name      Case number *(if known)*_____

---

| Part 4: | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes.......................................................................................................................... Cash: ....................... $_____125.00

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes ......................     Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Citizens Bank | $_____100.00 |
| 17.2. Checking account: | _____ | $_____ |
| 17.3. Savings account: | _____ | $_____ |
| 17.4. Savings account: | _____ | $_____ |
| 17.5. Certificates of deposit: | _____ | $_____ |
| 17.6. Other financial account: | _____ | $_____ |
| 17.7. Other financial account: | _____ | $_____ |
| 17.8. Other financial account: | _____ | $_____ |
| 17.9. Other financial account: | _____ | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes.................     Institution or issuer name:

| | |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☐ Yes. Give specific information about them........................

| Name of entity: | % of ownership: | |
|---|---|---|
| _____ | 0% % | $_____ |
| _____ | 0% % | $_____ |
| _____ | 0% % | $_____ |

---

Debtor 1    Shanni Sue Snyder

First Name    Middle Name    Last Name      Case number *(if known)*_____

---

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific
information about
them......................    Issuer name:

_____    $_____

_____    $_____

_____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each
account separately.    Type of account:    Institution name:

401(k) or similar plan: _____    $_____

Pension plan: _____    $_____

IRA: _____    $_____

Retirement account: _____    $_____

Keogh: _____    $_____

Additional account: _____    $_____

Additional account: _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No

☐ Yes...........................    Institution name or individual:

Electric: _____    $_____

Gas: _____    $_____

Heating oil: _____    $_____

Security deposit on rental unit: _____    $_____

Prepaid rent: _____    $_____

Telephone: _____    $_____

Water: _____    $_____

Rented furniture: _____    $_____

Other: _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes...........................    Issuer name and description:

_____    $_____

_____    $_____

_____    $_____

---

Debtor 1    Shanni Sue Snyder

First Name    Middle Name    Last Name

Case number *(if known)*_____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ................................ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____ $_____

_____ $_____

_____ $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☑ Yes. Give specific information about them....

$_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes. Give specific information about them....

$_____

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific information about them....

$_____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................

Federal: $_____
State: $_____
Local: $_____

29. **Family support**
*Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information.............

Alimony: $_____
Maintenance: $_____
Support: $_____
Divorce settlement: $_____
Property settlement: $_____

30. **Other amounts someone owes you**
*Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information.............

$_____

A117

Debtor 1    Shanni Sue Snyder

First Name        Middle Name        Last Name

Case number *(if known)* _____

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**32. Any interest in property that is due from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information............. [_____]    $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ................... [ North Huntington Police Officers for Engaging in Eviction ]    $_____ 0.00

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☐ Yes. Describe each claim. ................... [_____]    $_____

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information............. [_____]    $_____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ............................................... →    [ $_____ ]

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the portion you own?**

Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe......... [_____]    $_____

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe......... [_____]    $_____

Debtor 1  Shanni Sue Snyder

First Name    Middle Name    Last Name

Case number *(if known)*_____

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe....... _____ $_____

**41. Inventory**

☑ No

☐ Yes. Describe....... _____ $_____

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe.......

Name of entity:                                          % of ownership:

_____      _____%   $_____

_____      _____%   $_____

_____      _____%   $_____

**43. Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

☐ No

☐ Yes. Describe....... _____ $_____

**44. Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information .........  _____ $_____

_____ $_____

_____ $_____

_____ $_____

_____ $_____

_____ $_____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here .................................................. ➜ | $ | 3,925.00 |

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

Current value of the
portion you own?

Do not deduct secured claims
or exemptions.

**47. Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

☑ No

☐ Yes ..................... _____ $_____

Debtor 1     Shanni Sue Snyder

First Name    Middle Name    Last Name

Case number (if known)_____

48. **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific information............ $_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes......................... $_____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes............................ $_____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific information............ $_____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ................................................. → $_____

---

**Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information............

$_____
$_____
$_____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ................................ → $_____

---

**Part 8:    List the Totals of Each Part of this Form**

55. **Part 1: Total real estate, line 2** .................................................. → $_____ 0.00

56. **Part 2: Total vehicles, line 5**     $_____ 0.00

57. **Part 3: Total personal and household items, line 15**     $_____ 3,700.00

58. **Part 4: Total financial assets, line 36**     $_____ 225.00

59. **Part 5: Total business-related property, line 45**     $_____ 0.00

60. **Part 6: Total farm- and fishing-related property, line 52**     $_____ 0.00

61. **Part 7: Total other property not listed, line 54**     + $_____ 0.00

62. **Total personal property.** Add lines 56 through 61. ...................     $_____ 3,925.00     Copy personal property total → + $_____ 3,925.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62.............................     $_____ 3,925.00

A.P45

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____WESTERN District of _PENNSYLVANIA

Case number
(If known) _____

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☑ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| Brief description: Jewelry <br> Line from *Schedule A/B*: 3-12 | $500.00 | ☐ $ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | 11 USC 522(b)(6) _____ |
| Brief description: Clothing <br> Line from *Schedule A/B*: 3-11 | $2,000.00 | ☐ $ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | 11 USC 522(b)(6) _____ |
| Brief description: _____ <br> Line from *Schedule A/B*: ____ | $ _____ | ☐ $ _____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

Debtor 1    Shanni     Sue        Snyder
            First Name  Middle Name  Last Name                    Case number *(if known)*_____

---

**Part 2:    Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* ____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

A147

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

## Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|

**2.1**

Creditor's Name

Number        Street

City                        State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred

**Describe the property that secures the claim:**

$_____   $_____   $_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

**2.2**

Creditor's Name

Number        Street

City                        State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred

**Describe the property that secures the claim:**

$_____   $_____   $_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page. Write that number here:    $_____

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 1:** | **Additional Page** | Column A | Column B | Column C |
|---|---|---|---|---|
| | After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion If any |

---

☐ _____
Creditor's Name

_____
Number        Street

_____

_____
City            State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**
$_____   $_____   $_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number** ___ ___ ___ ___

---

☐ _____
Creditor's Name

_____
Number        Street

_____

_____
City            State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**
$_____   $_____   $_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number** ___ ___ ___ ___

---

☐ _____
Creditor's Name

_____
Number        Street

_____

_____
City            State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**
$_____   $_____   $_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number** ___ ___ ___ ___

---

**Add the dollar value of your entries in Column A on this page. Write that number here:**   $_____

**If this is the last page of your form, add the dollar value totals from all pages.**
**Write that number here:**   $_____

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 2:**    **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

☐

_____
Name

_____
Number    Street

_____

_____
City          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the: _WESTERN District of PENNSYLVANIA

Case number
(if known) _____

☐ Check if this is an amended filing

Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☑ No. Go to Part 2.
   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1**

| | |
|---|---|
| Priority Creditor's Name | Last 4 digits of account number __ __ __ __     $_____  $_____  $_____ |
| | **When was the debt incurred?** _____ |
| Number        Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| City        State    ZIP Code | ☐ Contingent |
| | ☐ Unliquidated |
| **Who incurred the debt?** Check one. | ☐ Disputed |
| ☐ Debtor 1 only | |
| ☐ Debtor 2 only | **Type of PRIORITY unsecured claim:** |
| ☐ Debtor 1 and Debtor 2 only | ☐ Domestic support obligations |
| ☐ At least one of the debtors and another | ☐ Taxes and certain other debts you owe the government |
| ☐ Check if this claim is for a community debt | ☐ Claims for death or personal injury while you were intoxicated |
| **Is the claim subject to offset?** | ☐ Other. Specify _____ |
| ☐ No | |
| ☐ Yes | |

**2.2**

| | |
|---|---|
| Priority Creditor's Name | Last 4 digits of account number __ __ __ __     $_____  $_____  $_____ |
| | **When was the debt incurred?** _____ |
| Number        Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| City        State    ZIP Code | ☐ Contingent |
| | ☐ Unliquidated |
| **Who incurred the debt?** Check one. | ☐ Disputed |
| ☐ Debtor 1 only | |
| ☐ Debtor 2 only | **Type of PRIORITY unsecured claim:** |
| ☐ Debtor 1 and Debtor 2 only | ☐ Domestic support obligations |
| ☐ At least one of the debtors and another | ☐ Taxes and certain other debts you owe the government |
| ☐ Check if this claim is for a community debt | ☐ Claims for death or personal injury while you were intoxicated |
| **Is the claim subject to offset?** | ☐ Other. Specify _____ |
| ☐ No | |
| ☐ Yes | |

Debtor 1 **Shanni** **Sue** **Snyder**
First Name  Middle Name  Last Name

Case number *(if known)* _____

| | **Part 1:** | **Your PRIORITY Unsecured Claims — Continuation Page** |
|---|---|---|

After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth.

| | | **Total claim** | **Priority amount** | **Nonpriority amount** |

---

**Priority Creditor's Name** _____

Number    Street _____

_____

City    State    ZIP Code _____

**Who incurred the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

**Last 4 digits of account number** ___ ___ ___ ___    $_____ $_____ $_____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of PRIORITY unsecured claim:**
- [ ] Domestic support obligations
- [ ] Taxes and certain other debts you owe the government
- [ ] Claims for death or personal injury while you were intoxicated
- [ ] Other. Specify _____

---

**Priority Creditor's Name** _____

Number    Street _____

_____

City    State    ZIP Code _____

**Who incurred the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

**Last 4 digits of account number** ___ ___ ___ ___    $_____ $_____ $_____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of PRIORITY unsecured claim:**
- [ ] Domestic support obligations
- [ ] Taxes and certain other debts you owe the government
- [ ] Claims for death or personal injury while you were intoxicated
- [ ] Other. Specify _____

---

**Priority Creditor's Name** _____

Number    Street _____

_____

City    State    ZIP Code _____

**Who incurred the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

**Last 4 digits of account number** ___ ___ ___ ___    $_____ $_____ $_____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of PRIORITY unsecured claim:**
- [ ] Domestic support obligations
- [ ] Taxes and certain other debts you owe the government
- [ ] Claims for death or personal injury while you were intoxicated
- [ ] Other. Specify _____

Debtor 1  Shanni Sue Snyder
First Name    Middle Name    Last Name

Case number *(if known)*_____

| | |
|---|---|
| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

_____
Name

_____
Number    Street

_____

_____
City            State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line ____ of (*Check one*):  ☐ Part 1: Creditors with Priority Unsecured Claims
                              ☐ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

---

Debtor 1 ___Shanni___ ___Sue___ ___Snyder___
First Name     Middle Name     Last Name     Case number *(if known)*_____

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.
Add the amounts for each type of unsecured claim.

**Total claim**

**Total claims from Part 1**

6a. **Domestic support obligations**     6a.   $_____0.00

6b. **Taxes and certain other debts you owe the government**     6b.   $_____0.00

6c. **Claims for death or personal injury while you were intoxicated**     6c.   $_____0.00

6d. **Other.** Add all other priority unsecured claims. Write that amount here.     6d. + $_____0.00

6e. **Total.** Add lines 6a through 6d.     6e.   $_____0.00

**Total claim**

**Total claims from Part 2**

6f. **Student loans**     6f.   $_____0.00

6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims**     6g.   $_____0.00

6h. **Debts to pension or profit-sharing plans, and other similar debts**     6h.   $_____0.00

6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here.     6i. + $_____5,187,339.64

6j. **Total.** Add lines 6f through 6i.     6j.   $_____5,187,339.64

A154

Debtor 1   Shanni   Sue   Snyder
           First Name   Middle Name   Last Name

Case number _(if known)_____

**3. Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

**4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

---

**4.1**

Greensburg Central Catholic Junior-Senior High Sch
Nonpriority Creditor's Name

911 Armory Drive
Number      Street

Greensburg          PA    15601
City                State  ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  0  8  4  1

When was the debt incurred?    _9/1/2017_

**Total claim**

$  29000.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _funds owed to school_

---

**4.2**

Snyder Family Trust
Nonpriority Creditor's Name

98 Arlene Drive
Number      Street

North Versailles          PA    15137
City                State  ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  2  6  5  1

When was the debt incurred?  01/31/2005

$  5,000,000.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _False lien lodged by father_

---

**4.3**

East Allegheny School District
Nonpriority Creditor's Name

1150 Jacks Run Road
Number      Street

North Versailles          PA    15137
City                State  ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  9  0  1  7

When was the debt incurred?  05/15/2009

$  5,792.47

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  _Erroneous school tax lien_

---

Debtor 1  Shanni  Sue  Snyder
   First Name   Middle Name   Last Name     Case number *(if known)*_____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.     **Total claim**

**4.4**

**Commonwealth of Pennsylvania**
Nonpriority Creditor's Name

Box 280603
Number     Street
Harrisburg        PA     17128
City           State     ZIP Code

**Who incurred the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Last 4 digits of account number  3  1  2  2     $ 1,636.16

When was the debt incurred?  07/05/2006

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

Type of **NONPRIORITY** unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  Realty Transfer Tax (alleged)

---

**4.5**

**Edward J Quinlan and Rose M Quinlan**
Nonpriority Creditor's Name

1760 Golden Mile Highway
Number     Street
Monroeville        PA     15146
City           State     ZIP Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Last 4 digits of account number  __ __ __ __     $ 78,704.00

When was the debt incurred?  01/01/2006

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☑ Disputed

Type of **NONPRIORITY** unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  Claim to a mortgage on property that debtor does not own.

---

**4.6**

**East Allegheny School District**
Nonpriority Creditor's Name

1150 Jacks Run Road
Number     Street
North Versailles        PA     15137
City           State     ZIP Code

**Who incurred the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

Last 4 digits of account number  3  9  5  8     $ 6,019.27

When was the debt incurred?  02/16/2010

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

Type of **NONPRIORITY** unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  erroneous school tax/property

---

Debtor 1  ___Shanni____  ___Sue____  ___Snyder____
          First Name      Middle Name    Last Name

Case number (if known) _____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.7**

East Allegheny School District

Nonpriority Creditor's Name

1150 Jacks Run Road

Number          Street

North Versailles              PA          15137

City                          State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  6  3  5  1

When was the debt incurred?  12/09/2011

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify  Erroneous property tax (did not own property)

$  6019.27

---

**4.8**

East Allegheny School District

Nonpriority Creditor's Name

1150 Jacks Run Road

Number          Street

North Versailles              PA          15137

City                          State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  4  3  7  3

When was the debt incurred?  11/15/2012

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify  Erroneous school tax lien on properties not owned by debtor.

$  2778.74

---

**4.9**

North Versailles Township

Nonpriority Creditor's Name

14904 Greensburg Avenue

Number          Street

North Versailles              PA          15137

City                          State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  2  9  1  4

When was the debt incurred?  12/31/2012

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify  Township Tax Lien erroneously placed on non-owned property.

$  785.25

---

Debtor 1 | Shanni | Sue | Snyder
First Name | Middle Name | Last Name

Case number (if known) _____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.10**

EAST ALLEGHENY SCHOOL DISTRICT
Nonpriority Creditor's Name
1150 JACKS RUN ROAD
Number        Street
NORTH VERSAILLES          PA          15137
City                                State       ZIP Code

Last 4 digits of account number  8  6  2  8          $ 2883.44

When was the debt incurred?   9/20/2013

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☒ Disputed

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Type of **NONPRIORITY** unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify _Erroneous school tax on property not owned by debtor._

**4.11**

NORTH VERSAILLES TOWNSHIP
Nonpriority Creditor's Name
1401 GREENSBURG AVENUE
Number        Street
NORTH VERSAILLES          PA          15137
City                                State       ZIP Code

Last 4 digits of account number  0  4  4  9          $ 837.60

When was the debt incurred?   10/02/2013

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Type of **NONPRIORITY** unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify _Erroneous tax on property not owned_

**4.12**

EAST ALLEGHENY SCHOOL DISTRICT
Nonpriority Creditor's Name
1150 JACKS RUN ROAD
Number        Street
NORTH VERSAILLES          PA          15137
City                                State       ZIP Code

Last 4 digits of account number  2  0  5  9          $ 2883.44

When was the debt incurred?   10/17/2014

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☒ Disputed

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Type of **NONPRIORITY** unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify _Erroneous school tax on property not owned by debtor._

Debtor 1 __Shanni__ __Sue__ __Snyder__
First Name    Middle Name    Last Name

Case number _(if known)_ _____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.13** **Portfolio Recovery Associates**

Nonpriority Creditor's Name
120 Corp Blvd #100

Number    Street
Norfolk               VA      23502
City                  State   ZIP Code

$ 0

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? unknown

**Who incurred the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify unknown debt allegedly owed

**4.14** **Convergent Outsourcing**

Nonpriority Creditor's Name
800 S W 39th Street

Number    Street
Renton               WA      98057
City                  State   ZIP Code

$ 0

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? unknown

**Who incurred the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify unknown debt

**4.15** **George Snyder**

Nonpriority Creditor's Name
98 Arlene Drive

Number    Street
North Versailles       PA      15137
City                  State   ZIP Code

$ 0

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? 5/1/2009

**Who incurred the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Family member asserts unknown money owed.

| Debtor 1 | Shanni | Sue | Snyder | Case number _(if known)_ _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims — Continuation Page** |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

---

**4.16**

Tammy McCarl Snyder

Nonpriority Creditor's Name
301 Fifth Avenue #714

Number     Street
Pittsburgh                    PA        15222
City                         State      ZIP Code

**Who incurred the debt?** Check one.
- [X] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

Last 4 digits of account number  ___ ___ ___ ___          $_____0

When was the debt incurred?     5/2017

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [X] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [X] Other. Specify   Family member claims money is due.

---

**4.17**

Kevin McCarl

Nonpriority Creditor's Name
301 Fifth Avenue #714

Number     Street
Pittsburgh                    PA        15222
City                         State      ZIP Code

**Who incurred the debt?** Check one.
- [X] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

Last 4 digits of account number  ___ ___ ___ ___          $      0

When was the debt incurred?     4/1/2017

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [X] Unliquidated
- [X] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [X] Other. Specify   Family member claims money due him.

---

**4.18**

East Allegheny School District

Nonpriority Creditor's Name
1150 Jacks Run Road

Number     Street
North Versailles             PA    15137
City                         State      ZIP Code

**Who incurred the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [X] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**
- [ ] No
- [ ] Yes

Last 4 digits of account number  unknown                  $   50000.00

When was the debt incurred?     Various dates between 1996 and 2010

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [X] Unliquidated
- [X] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [X] Other. Specify   Various property/school taxes demanded along with lien filings.

---

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          A160     page 9 of 14

Debtor 1    Shanni    Sue    Snyder
First Name    Middle Name    Last Name

Case number *(if known)*_____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.19**

North Versailles Township

Nonpriority Creditor's Name

1401 Greensburg Avenue

Number    Street

North Versailles    PA    15137

City    State    ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $ 0

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Various tax liens on property not owned by debtor.

**4.20**

Jordan Tax Service

Nonpriority Creditor's Name

102 Rahway Road

Number    Street

McMurray    PA    15318

City    State    ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $ 0

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Various incorrect tax demands based on properties not owned by debtor.

**4.21**

Sharon Snyder

Nonpriority Creditor's Name

1140 Augusta Circle

Number    Street

North Huntingdon    PA    15137

City    State    ZIP Code

**Who incurred the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $ 0

**When was the debt incurred?** 5/1/2017

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify family member claims debtor owes money

Debtor 1 __Shanni__ __Sue__ __Snyder__
     First Name     Middle Name     Last Name

Case number _(if known)_____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.22**

Robert Biros, Christine Biros, John Biros
Nonpriority Creditor's Name

3285 Jacks Run Road
Number     Street

White Oak     PA     15131
City     State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? 3/2003 to 5/1/2017

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Various claims made from 2003 to 5/1/2017

$ 0

**4.23**

Baldwin Borough
Nonpriority Creditor's Name

3344 Churchview
Number     Street

Pittsburgh     PA     15227
City     State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Various property taxes

$ 0

**4.24**

Arbors Management
Nonpriority Creditor's Name

1670 Golden Mile
Number     Street

Monroeville     PA     15146
City     State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify Varios claims of debt

$ 0

Official Form 106E/F     Schedule E/F: Creditors Who Have Unsecured Claims     A162

Debtor 1  Shanni          Sue           Snyder
          First Name      Middle Name   Last Name

Case number *(if known)*_____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

**4.22**

Robert Biros, Christine Biros, John Biros

Nonpriority Creditor's Name

3285 Jacks Run Road

Number          Street

White Oak                    PA        15131

City                         State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?    3/2003 to 5/1/2017

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify   Various claims made from 2003 to 5/1/2017

$                  0

---

**4.23**

Baldwin Borough

Nonpriority Creditor's Name

3344 Churchview

Number          Street

Pittsburgh                   PA        15227

City                         State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify   Various property taxes

$                  0

---

**4.24**

Arbors Management

Nonpriority Creditor's Name

1670 Golden Mile

Number          Street

Monroeville                  PA        15146

City                         State     ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify   Varios claims of debt

$                  0

---

Official Form 106E/F           Schedule E/F: Creditors Who Have Unsecured Claims

A163

Debtor 1  Shanni      Sue        Snyder

    First Name     Middle Name     Last Name

Case number *(if known)*_____

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---------|------------------------------------------------------|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

                                                 Total claim

**4.25**

Allegheny County

Nonpriority Creditor's Name

436 Grant Street

Number     Street

Pittsburgh     PA        15219

City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $    0

**When was the debt incurred?**   1/1/1996 through 1/1/2015

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☒ Unliquidated
☒ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify   Various tax liens on properties not owned by debtor.

---

**4.26**

Nonpriority Creditor's Name

Number     Street

City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $_____

**When was the debt incurred?**   _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

---

 

Nonpriority Creditor's Name

Number     Street

City                State      ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___    $_____

**When was the debt incurred?**   _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Western District Of Pennsylvania

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | **Person or company with whom you have the contract or lease** | | | **State what the contract or lease is for** |
|---|---|---|---|---|
| 2.1 | Hotels & Stuff Inc. | | | Lease of residence. |
| | Name | | | |
| | 14390 Route 30 | | | |
| | Number     Street | | | |
| | North Huntingdon     PA     15642 | | | |
| | City     State     ZIP Code | | | |
| 2.2 | | | | |
| | Name | | | |
| | Number     Street | | | |
| | City     State     ZIP Code | | | |
| 2.3 | | | | |
| | Name | | | |
| | Number     Street | | | |
| | City     State     ZIP Code | | | |
| 2.4 | | | | |
| | Name | | | |
| | Number     Street | | | |
| | City     State     ZIP Code | | | |
| 2.5 | | | | |
| | Name | | | |
| | Number     Street | | | |
| | City     State     ZIP Code | | | |

A165

Debtor 1    Shanni     Sue     Snyder

First Name    Middle Name    Last Name

Case number *(if known)*_____

## ▉ Additional Page if You Have More Contracts or Leases

**Person or company with whom you have the contract or lease**

**What the contract or lease is for**

**2.2**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**2._**

Name

Number    Street

City     State    ZIP Code

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number
(If known) _____

☐ Check if this is an
amended filing

## Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.

   ☐ Yes. Did your spouse, *former spouse, or legal equivalent* live with you at the time?

       ☐ No

       ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

       _____
       Name of your spouse, former spouse, or legal equivalent

       _____
       Number    Street

       _____
       City    State    ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you.** List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

   **Column 1: Your codebtor**

   **Column 2: The creditor to whom you owe the debt**

   Check all schedules that apply:

   **3.1**
   _____
   Name

   _____
   Number    Street

   _____
   City    State    ZIP Code

   ☐ Schedule D, line _____
   ☐ Schedule E/F, line _____
   ☐ Schedule G, line _____

   **3.2**
   _____
   Name

   _____
   Number    Street

   _____
   City    State    ZIP Code

   ☐ Schedule D, line _____
   ☐ Schedule E/F, line _____
   ☐ Schedule G, line _____

   **3.3**
   _____
   Name

   _____
   Number    Street

   _____
   City    State    ZIP Code

   ☐ Schedule D, line _____
   ☐ Schedule E/F, line _____
   ☐ Schedule G, line _____

A167

| Debtor 1 | Shanni | Sue | Snyder | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Additional Page to List More Codebtors**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3._

Name

Number      Street

City                                State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**Fill in this information to identify your case:**

Debtor 1    Shanni    Sue Snyder
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed ☑ Not employed | ☐ Employed ☐ Not employed |
| Occupation | not applicable | |
| Employer's name | | |
| Employer's address | | |
| | Number   Street | Number   Street |
| | City    State    ZIP Code | City    State    ZIP Code |
| How long employed there? | | |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0 | $ |
| 3. Estimate and list monthly overtime pay. | 3. | + $ | + $ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $ 0 | $ |

Debtor 1    Shanni    Sue Snyder
First Name    Middle Name    Last Name

Case number (if known) _____

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here................................................. → 4. | $_____0 | $_____ |

**5. List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $_____0 | $_____ |
| 5b. Mandatory contributions for retirement plans | 5b. | $_____0 | $_____ |
| 5c. Voluntary contributions for retirement plans | 5c. | $_____0 | $_____ |
| 5d. Required repayments of retirement fund loans | 5d. | $_____0 | $_____ |
| 5e. Insurance | 5e. | $_____0 | $_____ |
| 5f. Domestic support obligations | 5f. | $_____0 | $_____ |
| 5g. Union dues | 5g. | $_____0 | $_____ |
| 5h. Other deductions. Specify: _____ | 5h. | + $_____ | + $_____ |

**6. Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.    6.    $_____0    $_____

**7. Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $_____0    $_____

**8. List all other income regularly received:**

8a. Net income from rental property and from operating a business, profession, or farm
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $_____0    $_____

8b. Interest and dividends    8b.    $_____0    $_____

8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $_____688    $_____

8d. Unemployment compensation    8d.    $_____    $_____

8e. Social Security    8e.    $_____    $_____

8f. Other government assistance that you regularly receive
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: contributions/assistance from unmarried partner not    8f.    $_____550    $_____

8g. Pension or retirement income    8g.    $_____    $_____

8h. Other monthly income. Specify: _____    8h.    + $_____    + $_____

**9. Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.    9.    $_____1238    $_____

**10. Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10.    $_____1238    + $_____    = $_____

**11. State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: contributions/assistance from unmarried partner not living with me.    11. + $_____100

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12.    $_____1338
**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
☐ No.
☑ Yes. Explain: The $788 child support will no longer be provided after August 1, 2018.

Official Form 106I    Schedule I: Your Income    page 2

**Fill in this information to identify your case:**

| Debtor 1 | Shanni | Sue | Snyder |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ District of _____

Case number (if known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

☑ No.  Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No
    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No
☑ Yes. Fill out this information for each dependent...........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| son | 2 | ☐ No ☑ Yes |
| saughter | 2 | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 250 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $ 0 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ 0 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ 0 |
| 4d. Homeowner's association or condominium dues | 4d. | $ 0 |

Debtor 1   Shanni ___ Sue ___ Snyder

First Name   Middle Name   Last Name

Case number (if known)_____

| | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence,** such as home equity loans    5.   $_____0

6. **Utilities:**

   6a.  Electricity, heat, natural gas    6a.   $_____75

   6b.  Water, sewer, garbage collection    6b.   $_____0

   6c.  Telephone, cell phone, Internet, satellite, and cable services    6c.   $_____75

   6d.  Other. Specify:_____    6d.   $_____

7. **Food and housekeeping supplies**    7.   $_____800

8. **Childcare and children's education costs**    8.   $_____

9. **Clothing, laundry, and dry cleaning**    9.   $_____50

10. **Personal care products and services**    10.   $_____200

11. **Medical and dental expenses**    11.   $_____

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.   $_____250

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.   $_____

14. **Charitable contributions and religious donations**    14.   $_____

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a. Life insurance    15a.   $_____

   15b. Health insurance    15b.   $_____

   15c. Vehicle insurance    15c.   $_____

   15d. Other insurance. Specify:_____    15d.   $_____

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    16.   $_____

17. **Installment or lease payments:**

   17a. Car payments for Vehicle 1    17a.   $_____

   17b. Car payments for Vehicle 2    17b.   $_____

   17c. Other. Specify:_____    17c.   $_____

   17d. Other. Specify:_____    17d.   $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).**    18.   $_____

19. **Other payments you make to support others who do not live with you.**
Specify:_____    19.   $_____

20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*

   20a. Mortgages on other property    20a.   $_____

   20b. Real estate taxes    20b.   $_____

   20c. Property, homeowner's, or renter's insurance    20c.   $_____

   20d. Maintenance, repair, and upkeep expenses    20d.   $_____

   20e. Homeowner's association or condominium dues    20e.   $_____

A172

| Debtor 1 | Shanni | Sue | Snyder | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

21. **Other**. Specify: _____    21.    +$ _____

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.    22a.    $ _____ 1750

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b.    $ _____

    22c. Add line 22a and 22b. The result is your monthly expenses.    22c.    $ _____ 1750

23. **Calculate your monthly net income.**

    23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.    $ _____ 1338

    23b. Copy your monthly expenses from line 22c above.    23b.    – $ _____ 1750

    23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.    23c.    $ _____ (412)

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

☑ Yes.    Explain here:    1. The monthly payment of $788 will cease in August 2018.

                    2. However, income should increase somewhat if debtor obtains employment.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy                04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☐ Married
   ☑ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☑ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number    Street | From _____ To _____ | Number    Street | From _____ To _____ |
| City        State   ZIP Code | | City        State   ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number    Street | From _____ To _____ | Number    Street | From _____ To _____ |
| City        State   ZIP Code | | City        State   ZIP Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2: Explain the Sources of Your Income

A174

| Debtor 1 | Shanni | Sue | Snyder | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.

If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☑ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |
| **For last calendar year:**<br>(January 1 to December 31, _____)<br>YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |
| **For the calendar year before that:**<br>(January 1 to December 31, _____)<br>YYYY | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $_____ |

**5. Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☑ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |
| **For last calendar year:**<br>(January 1 to December 31, _____)<br>YYYY | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |
| **For the calendar year before that:**<br>(January 1 to December 31, _____)<br>YYYY | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ | _____<br>_____<br>_____ | $_____<br>$_____<br>$_____ |

A175

| Debtor 1 | Shanni | Sue | Snyder | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 3:**  **List Certain Payments You Made Before You Filed for Bankruptcy**

---

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for… |
|---|---|---|---|---|
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State        ZIP Code | _____<br><br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State        ZIP Code | _____<br><br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |
| _____<br>Creditor's Name<br><br>_____<br>Number    Street<br><br>_____<br><br>_____<br>City        State        ZIP Code | _____<br><br><br>_____ | $_____ | $_____ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |

---

A176

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name _____ | _____ | $_____ | $_____ | |
| Number    Street _____ | _____ | | | |
| _____ | _____ | | | |
| City          State    ZIP Code | | | | |
| Insider's Name _____ | | $_____ | $_____ | |
| Number    Street _____ | | | | |
| _____ | | | | |
| City          State    ZIP Code | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| Insider's Name _____ | _____ | $_____ | $_____ | |
| Number    Street _____ | _____ | | | |
| _____ | _____ | | | |
| City          State    ZIP Code | | | | |
| Insider's Name _____ | | $_____ | $_____ | |
| Number    Street _____ | | | | |
| _____ | | | | |
| City          State    ZIP Code | | | | |

A177

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

### Part 4: Identify Legal Actions, Repossessions, and Foreclosures

**9.** **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title Snyder v. | Civil rights action against police. | United States District Court | ☑ Pending |
| | | Court Name | ☐ On appeal |
| North Huntingdon | | US Courthouse | ☐ Concluded |
| | | Number     Street | |
| Case number _____ | | Pittsburgrh          PA    15219 | |
| | | City          State    ZIP Code | |
| Case title_____ | | | ☐ Pending |
| _____ | | Court Name | ☐ On appeal |
| _____ | | Number     Street | ☐ Concluded |
| Case number _____ | | City          State    ZIP Code | |

**10.** **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No.  Go to line 11.
☐ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| Creditor's Name | | | $_____ |
| Number     Street | **Explain what happened** | | |
| | ☐ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| | ☐ Property was garnished. | | |
| City          State    ZIP Code | ☐ Property was attached, seized, or levied. | | |
| | Describe the property | Date | Value of the property |
| Creditor's Name | | | $_____ |
| Number     Street | **Explain what happened** | | |
| | ☐ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| | ☐ Property was garnished. | | |
| City          State    ZIP Code | ☐ Property was attached, seized, or levied. | | |

Official Form 107          **Statement of Financial Affairs for Individuals Filing for Bankruptcy**          page 5

A178

Debtor 1   Shanni        Sue        Snyder                          Case number (if known)_____
           First Name    Middle Name  Last Name

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's Name | | | $ |
| Number    Street | | | |
| City            State    ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | | $ |
| | | | $ |
| Number    Street | | | |
| City            State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | | $ |
| | | | $ |
| Number    Street | | | |
| City            State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

Official Form 107          Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 6

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____ Charity's Name | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number    Street | | | |
| _____ City    State    ZIP Code | | | |

---

### Part 6:    List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

---

### Part 7:    List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | | |
| _____ Number    Street | | | $_____ |
| _____ | | | $_____ |
| _____ City    State    ZIP Code | | | |
| _____ Email or website address | | | |
| _____ Person Who Made the Payment, if Not You | | | |

Debtor 1  Shanni ___ Sue ___ Snyder ___
First Name   Middle Name   Last Name

Case number (if known)_____

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Person Who Was Paid _____

Number    Street _____

_____

City    State    ZIP Code

Email or website address _____

Person Who Made the Payment, If Not You _____

$_____

$_____

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Person Who Was Paid _____

Number    Street _____

_____

City    State    ZIP Code

$_____

$_____

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Mark Mycka | 2009 Volkswagon Jetta. Car was damaged from hail and in poor mechanical condition. | 1000 in debt forgiven. | 12/01/2017 |

Person Who Received Transfer

unknown
Number    Street

_____

City    State    ZIP Code

Person's relationship to you none

Person Who Received Transfer _____

Number    Street _____

_____

City    State    ZIP Code

Person's relationship to you _____

Official Form 107     Statement of Financial Affairs for Individuals Filing for Bankruptcy     page 8

A181

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**19.** **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |
| _____ | | |

---

**Part 8:  List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

**20.** **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Name of Financial Institution | XXXX–__ __ __ __ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| Number    Street | | | | |
| City              State     ZIP Code | | | | |
| Name of Financial Institution | XXXX–__ __ __ __ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| Number    Street | | | | |
| City              State     ZIP Code | | | | |

**21.** **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution | Name | | ☐ No<br>☐ Yes |
| Number    Street | Number    Street | | |
| City              State     ZIP Code | City         State       ZIP Code | | |

---

Statement of Financial Affairs for Individuals Filing for Bankruptcy

A182

| Debtor 1 | Shanni | Sue | Snyder | | Case number (if known) |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | ☐ No |
| Name of Storage Facility | Name | | ☐ Yes |
| Number  Street | Number  Street | | |
| | City State  ZIP Code | | |
| City          State     ZIP Code | | | |

---

**Part 9:     Identify Property You Hold or Control for Someone Else**

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| Owner's Name | | | $_____ |
| Number  Street | Number  Street | | |
| City          State     ZIP Code | City                State     ZIP Code | | |

---

**Part 10:     Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| Number  Street | Number  Street | | |
| City          State     ZIP Code | City                State     ZIP Code | | |

A183

| Debtor 1 | Shanni | Sue | Snyder | Case number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| Number   Street | Number   Street | | |
| City          State    ZIP Code | City          State    ZIP Code | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title_____ | Court Name | | ☐ Pending |
| | Number   Street | | ☐ On appeal |
| | | | ☐ Concluded |
| Case number | City          State    ZIP Code | | |

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

**27.** Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No. None of the above applies. Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name | | EIN: __ __ __ - __ __ __ __ __ __ __ __ |
| Number   Street | Name of accountant or bookkeeper | Dates business existed |
| City          State    ZIP Code | | From _____  To _____ |
| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| Business Name | | EIN: __ __ __ - __ __ __ __ __ __ __ __ |
| Number   Street | Name of accountant or bookkeeper | Dates business existed |
| City          State    ZIP Code | | From _____  To _____ |

A184

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | Describe the nature of the business | Employer Identification number |
|---|---|---|
| _____ Business Name | | Do not include Social Security number or ITIN. |
| _____ Number   Street | | EIN: __ __ - __ __ __ __ __ __ __ |
| | Name of accountant or bookkeeper | Dates business existed |
| _____ City          State      ZIP Code | | From _____  To _____ |

---

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes. Fill in the details below.

|  |  | Date issued |
|---|---|---|
| _____ Name | | _____ MM / DD / YYYY |
| _____ Number   Street | | |
| _____ City          State      ZIP Code | | |

---

### Part 12:  Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____     ✗ _____
Signature of Debtor 1                     Signature of Debtor 2

Date 5/12/2018                             Date _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
☑ No
☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

Debtor 1     Shanni     Sue     Snyder
             First Name        Middle Name              Last Name

Debtor 2
(Spouse, if filing)  First Name        Middle Name              Last Name

United States Bankruptcy Court for the: _____ WESTERN District of _PENNSYLVANIA

Case number
(If known)     _____

☐ Check if this is an
   amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7     12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List Your Creditors Who Have Secured Claims**

1. For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: _____ | ☐ No<br><br>☐ Yes |

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

### Part 2:    List Your Unexpired Personal Property Leases

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

**Describe your unexpired personal property leases**                    **Will the lease be assumed?**

Lessor's name:  Hotels & Stuff Inc.                                 ☐ No

Description of leased property:  House                              ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

Lessor's name: _____                                     ☐ No

Description of leased property: _____                    ☐ Yes

---

### Part 3:    Sign Below

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

**✗** _[signature]_                          **✗** _____

Signature of Debtor 1                        Signature of Debtor 2

Date  05/14/2018                             Date _____
MM / DD / YYYY                                    MM / DD / YYYY

A187

# EXHIBIT F

| Fill in this information to identify your case: | | | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|---|---|

**Debtor 1** Shanni     Sue     Snyder
First Name    Middle Name    Last Name

**Debtor 2**
(Spouse, if filing) First Name   Middle Name   Last Name

RECEIVED

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number 18-21983 CMB
(if known)

2018 JUN -1 P 2: 34

CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

- ☑ 1. There is no presumption of abuse.
- ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation (Official Form 122A–2).*
- ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 122A—1

# Chapter 7 Statement of Your Current Monthly Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2) (Official Form 122A-1Supp)* with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.
   - ☑ **Not married.** Fill out Column A, lines 2-11.
   - ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.
   - ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:
     - ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.
     - ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for the 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 1338 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0 | $ | | | |
| Ordinary and necessary operating expenses | – $ 0 | – $ | | | |
| Net monthly income from a business, profession, or farm | $ 0 | $ | Copy here➜ | $ 0 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0 | $ | | | |
| Ordinary and necessary operating expenses | – $ 0 | – $ | | | |
| Net monthly income from rental or other real property | $ 00 | $ | Copy here➜ | $ 00 | $ |

7. **Interest, dividends, and royalties**       $     $

A189

Debtor 1   **Shanni**          **Sue**          **Snyd**
           First Name    Middle Name    Last Name

Case number *(if known)* 18-21983  CMB

|  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|

8. **Unemployment compensation** $_____0   $_____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ......................↓

For you................................................................... $_____0
For your spouse........................................ $_____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.   $_____0   $_____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____   $_____0   $_____
_____   $_____0   $_____

Total amounts from separate pages, if any.   + $_____1388   + $_____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$_____1388 + $_____ = $_____1388

**Total current monthly income**

---

**Part 2:   Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11. ...........................**Copy line 11 here →**   $_____1388

Multiply by 12 (the number of months in a year).   **x 12**

12b. The result is your annual income for this part of the form.   12b.   $_____16656

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.   | Pennsylvania |

Fill in the number of people in your household.   | 3 |

Fill in the median family income for your state and size of household. .................................   13.   $_____55210

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ■ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2* . Go to Part 3 and fill out Form 122A-2.

---

**Part 3:   Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X** _/s/ signature_                          **X** _____
Signature of Debtor 1                                Signature of Debtor 2

Date **05/29/2018**                          Date _____
     MM / DD  / YYYY                                   MM / DD  / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

---

A190

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shanni | Sue | Snyder |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  Western District of Pennsylvania

Case number (if known)  18-21983 CMB

RECEIVED
2018 JUN -1 P 2: 33
CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

Check the appropriate box as directed in lines 40 or 42:

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

Official Form 122A–2

# Chapter 7 Means Test Calculation

04/16

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

---

**Part 1:      Determine Your Adjusted Income**

1. **Copy your total current monthly income.** ................................ Copy line 11 from Official Form 122A-1 here ➔ ............   $      16656

2. **Did you fill out Column B in Part 1 of Form 122A–1?**

    ☑ No. Fill in $0 for the total on line 3.

    ☐ Yes. Is your spouse filing with you?

       ☐ No. Go to line 3.

       ☐ Yes. Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

    On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

    ☑ No. Fill in 0 for the total on line 3.

    ☐ Yes. Fill in the information below:

| State each purpose for which the income was used<br>For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | Fill in the amount you are subtracting from your spouse's income |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | + $ _____ |
| **Total.** ............................................... | $_____ 00 |

Copy total here ............ ➔  — $_____ 00

4. **Adjust your current monthly income.** Subtract the total on line 3 from line 1.

   $      16656

A191

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* | 18-21983 CMB |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 2:** | **Calculate Your Deductions from Your Income** |
|---|---|

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   [ 3 ]

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.          $ _____ 1384

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

   **People who are under 65 years of age**

   7a.  Out-of-pocket health care allowance per person          $ _____ 0

   7b.  Number of people who are under 65          x _____ 0

   7c.  **Subtotal.** Multiply line 7a by line 7b.          $ _____ 0      **Copy here** ➔      $ _____ 0

   **People who are 65 years of age or older**

   7d.  Out-of-pocket health care allowance per person          $ _____ 0

   7e.  Number of people who are 65 or older          x _____ 0

   7f.  **Subtotal.** Multiply line 7d by line 7e.          $ _____ 0      **Copy here** ➔      + $ _____ 0

   7g.  **Total**. Add lines 7c and 7f.......................................          $ _____ 0      **Copy total here** ➔      $ _____ 0

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* | 18-21983 CMB |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- Housing and utilities – Insurance and operating expenses
- Housing and utilities – Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8.  **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. .......................................................    $_____250

9.  **Housing and utilities – Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses........................................................    $_____250

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | + $_____ |
| Total average monthly payment | $_____0 |

**Copy here ➔** − $_____0    Repeat this amount on line 33a.

   9c. Net mortgage or rent expense.
   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. ..................................    $_____250  **Copy here ➔**  $_____250

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $_____

   Explain why: _____
   _____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.
   - ☑ 0. Go to line 14.
   - ☐ 1. Go to line 12.
   - ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $_____

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* | 18-21983 CMB |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**    Describe Vehicle 1: _____

_____

13a. Ownership or leasing costs using IRS Local Standard. ................................ $_____

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | + $_____ |

Total average monthly payment    $_____ 0    Copy here ➔   − $_____ 0    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this amount is less than $0, enter $0. ............... $_____    Copy net Vehicle 1 expense here ➔   $_____

**Vehicle 2**    Describe Vehicle 2: _____

_____

13d. Ownership or leasing costs using IRS Local Standard. ................................ $_____

13e. Average monthly payment for all debts secured by Vehicle 2.

Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | + $_____ |

Total average monthly payment    $_____ 0    Copy here ➔   − $_____ 0    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. If this amount is less than $0, enter $0. ............... $_____    Copy net Vehicle 2 expense here ➔   $_____

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation. ........ $_____ 178

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*. ........ $_____

A194

| Debtor 1 | Shanni | Sue | Snyder | | Case number *(if known)* | 18-21983 CMB |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**Other Necessary Expenses**    In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.    $ _____ 0

Do not include real estate, sales, or use taxes.

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $ _____ 0

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance.  If two married people are filing together, include payments that you make for your spouse's term life insurance.  Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    $ _____ 0

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    $ _____ 0

20. **Education:** The total monthly amount that you pay for education that is either required:
- as a condition for your job, or
- for your physically or mentally challenged dependent child if no public education is available for similar services.    $ _____ 0

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.    $ _____ 0

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.    $ _____ 0

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.    + $ _____ 0

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23.    $ _____ 1812

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* | 18-21983 CMB |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Additional Expense Deductions**    These are additional deductions allowed by the Means Test.
*Note:* Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | $_____ | |
| Disability insurance | $_____ | |
| Health savings account | + $_____ | |
| Total | $_____ 0 | Copy total here ➜ ..................................... $_____ 0 |

Do you actually spend this total amount?

☐ No. How much do you actually spend?    $_____
☐ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).    $_____ 0

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.    $_____ 0

By law, the court must keep the nature of these expenses confidential.

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.    $_____ 0

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $160.42* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.    $_____ 0

\* Subject to adjustment on 4/01/19, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.    $_____ 0

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).    + $_____ 0

32. **Add all of the additional expense deductions.**
    Add lines 25 through 31.    $_____ 0

A196

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* 18-21983 CMB |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

**Average monthly payment**

**Mortgages on your home:**

33a. Copy line 9b here ........................................................ ➔  $_____0

**Loans on your first two vehicles:**

33b. Copy line 13b here ...................................................... ➔  $_____0

33c. Copy line 13e here ...................................................... ➔  $_____0

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| _____ | _____ | ☐ No ☐ Yes | $_____0 |
| _____ | _____ | ☐ No ☐ Yes | $_____ |
| _____ | _____ | ☐ No ☐ Yes | + $_____ |

33e. Total average monthly payment. Add lines 33a through 33d............... $_____0  Copy total here ➔  $_____0

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ☑ No.  Go to line 35.
   ☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $_____ | ÷ 60 = | $_____ |
| _____ | _____ | $_____ | ÷ 60 = | $_____ |
| _____ | _____ | $_____ | ÷ 60 = | + $_____ |
| | | Total | $_____ | Copy total here ➔  $_____ |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ☑ No.  Go to line 36.
   ☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

   Total amount of all past-due priority claims .............................. $_____  ÷ 60 =  $_____

| Debtor 1 | Shanni | Sue | Snyder | Case number *(if known)* 18-21983 CMB |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**36. Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link for *Bankruptcy Basics* specified in the separate instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☑ No. Go to line 37.

☐ Yes. Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13     $_____

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).     x _____

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13     $_____ **Copy total here ➔**     $_____

**37. Add all of the deductions for debt payment.**
Add lines 33e through 36. ...............................................................     $_____ 0

**Total Deductions from Income**

**38. Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances* ................................................     $_____

Copy line 32, *All of the additional expense deductions* .......... $_____

Copy line 37, *All of the deductions for debt payment* .............. + $_____

Total deductions     $_____ 18744     **Copy total here ................................ ➔**     $_____ 18744

**Part 3:**     **Determine Whether There Is a Presumption of Abuse**

**39. Calculate monthly disposable income for 60 months**

39a. Copy line 4, *adjusted current monthly income* .....     $_____ 16656

39b. Copy line 38, *Total deductions* ..........     – $_____ 18744

39c. Monthly disposable income. 11 U.S.C. § 707(b)(2).
Subtract line 39b from line 39a.     $_____ 0     **Copy here ➔**     $_____ 0

For the next 60 months (5 years)...............................................     x 60

39d. **Total**. Multiply line 39c by 60. ...............................................     $_____ 0     **Copy here ➔**     $_____ 0

**40. Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $7,700\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **The line 39d is more than $12,850\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

☐ **The line 39d is at least $7,700\*, but not more than $12,850\*.** Go to line 41.

\* Subject to adjustment on 4/01/19, and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1 **Shanni** **Sue** **Snyder**
First Name Middle Name Last Name

Case number *(if known)* 18-21983 CMB

41. 41a. **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 106Sum), you may refer to line 3b on that form.................................................

$ 5187339

x .25

41b. **25% of your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I). Multiply line 41a by 0.25. .................................................

$ 1296834 **Copy here ➔** $ 1296834

42. **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**

Check the box that applies:

☑ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

| Part 4: | Give Details About Special Circumstances |

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☐ No. Go to Part 5.

☐ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

| Part 5: | Sign Below |

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Date 05/29/2017
MM / DD / YYYY

Date _____
MM / DD / YYYY

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Shanni Sue Snyder |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: Western District of Pennsylvania |
| Case number (If known) | 18-21983 CMB |

RECEIVED

2018 JUN -1 P 2: 34

CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

☐ Check if this is an amended filing

## Official Form 122A—1Supp

# Statement of Exemption from Presumption of Abuse Under § 707(b)(2)   12/15

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

### Part 1:   Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

   ☐ No. Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☑ Yes. Go to Part 2.

### Part 2:   Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☑ No. Go to line 3.

   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No. Go to line 3.

       ☐ Yes. Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☑ No. Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

       ☐ No. Complete Form 122A-1. Do not submit this supplement.

       ☐ Yes. Check any one of the following categories that applies:

           ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty.

           ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

           ☐ **I am performing a homeland defense activity for at least 90 days.**

           ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

   If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).

   If your exclusion period ends before your case is closed, you may have to file an amended form later.

A200

Debtor 1 __Shanni Sue Snyder__
First Name    Middle Name    Last Name

Case number (if known) __18-21983 CMB__

---

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.



RECEIVED

JUN - 1 REC'D

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

A201

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                            )
                                  )
        SHANNI SNYDER,            )        No. 18-21983 CMB
                                  )
                Debtor.           )

STATEMENT OF NO PAYMENT ADVICES

I, Shanni Snyder, declare under the penalty for perjury that I do not have any payment advices from an employer because I was not employed during 2016, 2017, or 2018.

Shanni Snyder

A202

# EXHIBIT G

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

CHRISTINE BIROS             )
    Plaintiff             )
                    )
vs                   )      **No. 4886 of 2017**
                    )
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE   )
and SUSAN STANO, Co-Executors of the  )
ESTATE OF NICHOLAS SCHUR,      )
KATHLEEN S. WALTER, Executor of the  )
ESTATE OF MICHAEL SCHUR,       )
CYNTHIA SARRIS, Administrator of the  )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation,         )
    Defendants            )


**TYPE OF PLEADING:**

    Defendant U Lock Inc.'S Amended Objections
    And Responses To The Interrogatories, Requests
    For Admissions, And Request For Production Of Documents


**FILED ON BEHALF OF:**

    J. Allen Roth, Esquire


**COUNSEL OF RECORD:**

    J. Allen Roth, Esquire
    PA I.D.# 30347
    757 Lloyd Avenue
    Suite B
    Latrobe, PA 15650
    724-537-0939



FILED IN WESTMORELAND COUNTY PROTHONOTARY'S OFFICE 2018 OCT -1 AM 10: 29 CHRISTINA O'BRIEN PROTHONOTARY



A204

# IN THE COURT OF COMMON PLEAS
## OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                           CIVIL DIVISION

      Plaintiff,                         No. 17 CI 04886

    vs.

DENISE SCHUR, et al,

      Defendants.

## DEFENDANT U LOCK INC.'S AMENDED OBJECTIONS AND RESPONSES TO THE INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant U Lock Inc., by and through its undersigned counsel, submits the following objections and responses to the discovery requests propounded by Plaintiff:

**INITIAL OBJECTIONS:**

U Lock incorporates by reference all of its objections contained in the original discovery responses and provides these amended responses in accordance with the directive of the Court.

INTERROGATORIES

1. **Identify all current and former officers and directors of U Lock. Provide the dates during which each held office and the address of the current residence of such:**

      Kash Snyder -- mid 2014 to present,
      670 Lime Street, North Huntingdon, PA 15642

      George Snyder, 14140 Route 30, North Huntingdon, PA 15642
      -- mid 2014 to present

      Erik Martin
      Mid 2014 to present

218 Maryland Avenue, North Versailles, PA 15137

Chelsea Hauser acted as special Vice President with respect to the buy and sell of a dump trailer.

*EXHIBIT "A&O"*

2. **Identify all current and former shareholders of U Lock. Provide the dates during which each held shares, the number of shares and the consideration paid for such shares. Provide the address of the current residence of each.**

See the attached list of shareholders and transactions.

3. **Identify all current and former employees of U Lock. Provide the dates during which each was employed, their job title, responsibility and the total compensation paid to each during his or her employment. Provide the address of the current residence of each.**

U Lock states that it does not maintain "employees" and did not maintain "employees" in the past. U Lock operates through officers, volunteers, and contractors.

4. **Identify all customers, tenants and licensees of U Lock. Provide the dates of for which each was a customer, tenant or licensee, and the amount of consideration paid by each to U Lock.**

This request was withdrawn by the Plaintiff pursuant to the Court Order.

5. **Identify all real estate owned or leased by U Lock.**

U Lock states the property that is the subject this action is the only real estate owned by U Lock.

*EXHIBIT "X"*

6. **Identify each individual and entity to whom or which U Lock has made any payment, the aggregate amount and the reason for which such sum was paid.**

U Lock produces records of the transactions herewith.

*EXHIBITS "E,F,G,H,I, W"*

A206

7. **Provide a description of any and all improvements made by or for U Lock to the Property. Identify each person or entity which performed the improvements. Provide copies of each written contract and evidence of payment to such person or entity.**

U Lock refers to the receipts and documents attached by reference, many of which are expenses incurred improvement or repairing the property.

9/3/15 repaired roof on big buildings. Estimated costs $1800.

9/23/15 graded and graveled big garage floor left side. Emptied and cleaned garage to prepare the ground for gravel. Estimated costs $2500.

12/12/16 $2,400 garage door opener.

11/18/15 tree removal between hotel and u lock   Clean up and then to burn brush

11/15/15 graded area by hotel, install 10 triaxels of clean fill.

12/12/15 renovated big garage right side same as other side

12/15/15 graded and graveled floor garage right side.

8/15/17 excavated road rear of property, 2 machines , excavator and trackloader used.

9/3/15 repaired roof on big buildings

*EXHIBIT "J"*

8. **Identify all financial institutions which currently hold or formerly held accounts of U Lock, account numbers, and copies of each bank statement prepared by such financial institution since such account was opened.**

U Lock maintains an account with Citizens Bank.  U Lock agrees to make copies of the bank statements available for inspection and copying.

*EXHIBIT "K"*

9. **Identify the individual named Erik Martin who is listed as a "debtor" on that certain UCC-1 filed in the Office of the Secretary of State of Pennsylvania and identified as UCC Filing No. 2016081700035.  Describe the legal and financial relationship between U Lock and Erik Martin, and any payments made to Erik Martin by or on behalf of U Lock concerning this transaction.**

Defendant does not have a copy of the UCC form to positively identify the transaction. However, it is believed that Erik Martin would be the same Erik Martin discussed in paragraph 1, above. Furthermore, it is believed, without seeing the form, that it relates to an excavator. U Lock pays the amount for the machine each month, which is used for work on the property that the subject of this litigation.

**EXHIBIT "A,B,C&O"**

10. **Describe in detail the terms of any alleged loan or agreement to repay Plaintiff, including the amount borrowed, the interest rate, the term of the loan, the periodic payment amounts and any security for the loan or agreement. Provide a copy of any written documentation of such loan or agreement.**

Subject to this answer being supplemented upon Plaintiff providing the agreement that she created and demanded be signed, along with further investigation and discovery, U Lock provides this answer to the interrogatory based on available information, recollection, and memory. This response is meant to provide the best information available.

After locating a property to purchase, a confederation of individuals primarily including George and Kash Snyder negotiated with John Biros, not Plaintiff. George and Kash Snyder advised Biros that they were in the process of forming an entity to purchase the property, continuing the U Lock storage business, and ultimately developing the property into something more lucrative. In discussions with John Biros, Mr. Biros agreed to provide U Lock with the funds to purchase the property. It was understood and verbally agreed between John Biros and George and Kash Snyder that Mr. Biros would receive a share of the equity, approximately 35-40%, and that George and Kash would be tasked with maintaining operations, development, etc. As the closing date approached, Mr. Biros continued to represent that the funds would be available and that an agreement could be worked out. Subsequently, John Biros advised the Snyders that, for "family" reasons and to maintain the appearance that Christine Biros was the source of family income, the money must come from Plaintiff, not him, and that subsequent to the transaction the equity of the company in the form of the issuance of shares could be issued to him or that an agreement could be made to pay the money back at current interest rates. The time period for repayment was discussed but not specifically agreed upon. In some conversations, a 5 year balloon payment with monthly interest payments was mentioned, a 10 year balloon payment with monthly interest payments was mentioned, and a conventional 20 or 30 year mortgage was mentioned.

On the date of the closing, specifically while driving to the closing event for the property with Kash Snyder in the vehicle, Plaintiff expressed that she had a concern that nothing was in writing. Plaintiff demanded that a document be signed by Kash Snyder. Plaintiff provided a document she created and handwrote and insisted Kash Snyder signed it. Kash Snyder, faced

with the prospect of the funds not being provided, signed the paper. It is unknown if Kash Snyder signed the document in his personal capacity, as incorporator for U Lock Inc., or as an officer of U Lock Inc. The terms are unknown to U Lock.

Over the past couple years, Plaintiff and her brother John Biros repeatedly saw the officers of U Lock, Kash and George Snyder. At no time did either of the Biros' demand the money back, interest payments, or the equitable interest that was discussed or planned.

In mid-2017, Plaintiff propounded a demand letter acknowledging that the payment made in 2015 was a loan. The letter referenced the agreement signed in 2015. The letter demanded that officers of U Lock personally guarantee the 2015 loan, be paid in full no later than 2022, and that interest be at 9%. Subsequent to service the demand, Plaintiff and John Biros advised George Snyder that the terms were negotiable. Several discussions took place in the second and third quarter of 2017 where Plaintiff and John Biros verbally stated to disregard the letter, that no repayment needed to occur, and that instead they wanted to become equity owners (shareholders) in U Lock as originally agreed because they believed the property was undervalued and they wanted to be part of the development.

In late 2017 or early 2018, Plaintiff and John Biros advised that their father wanted to take the property and that they were being forced by him to sue. Plaintiff and John Biros repeatedly advised that because "dad" decided they wanted to develop the property, they had to try to take it. Plaintiff and John Biros stated that they would try to discuss the matter with "their dad" or that they would attempt to ignore their father.

At no time prior to filing the lawsuit did Robert Biros, John Biros, or Plaintiff claim they owned the property, ask U Lock, George Snyder, or Kash Snyder for an accounting, or claim any wrongdoing or dispute about the issue. Rather, the only communication was the 2017 letter admitting that the transaction constituted a loan.

As to any "security" for the loan, U Lock has no information to believe that there was any security provided for the loan. Even the letter demand did not mention any pre-existing security interest in the property in exchange for the loan, but demanded that a mortgage be issued to Plaintiff along with personal guarantees. However, without seeing the original letter, U Lock cannot positively state what the document states.

Of course, even if the document pledged the property, U Lock does not believe that the paper Plaintiff demanded Kash Snyder sign constitutes a security interest in the property that is valid under the statute of frauds, or codes and statutes of the Commonwealth of Pennsylvania. Therefore, the Plaintiff does not maintain a security interest in U Lock's property.

*EXHIBIT "A&O"*

11. **Describe any consideration or investment, including money, property or services, paid or provided to or for U Lock by any of the current or former executors or administrators of the Defendant Estates.**

Aside from the sale of the property to U Lock Inc. pursuant to the terms and conditions in the purchase agreement and the deeds, the non-U Lock defendants provided an assignment of leases was provided to U Lock Inc. and transfer of title in certain storage containers. Upon the execution of a protective Order, non-disclosure agreement, and limited use agreement, U Lock agrees to provide said documents to Plaintiff. Additionally, a short term loan was provided with U Lock pledging the property. U Lock agrees to provide copies of the loan documents.

## REQUEST FOR ADMISSIONS

1. **U Lock has not submitted any written applications for borrowing funds from financial institution which would be secured by a mortgage on the Property.**

As of the date of this response, admit.

2. **U Lock has not submitted any written applications for borrowing funds from any lender which would be secured by a mortgage on the Property.**

As of the date of this response, admit as qualified: Because Plaintiff has not disclosed the documents signed by Kash Snyder, it is unclear if the document signed by Kash Snyder constituted a mortgage or is secured by the property. Defendant reserves the right to supplement this response as soon as Plaintiff discloses a copy of the document.
   *EXHIBITS "B &C"*

3. **U Lock has not filed any federal, state, or local tax returns.**
   Denied as stated. Pursuant to multiple verbal _requests of John Biros and Plaintiff, U Lock delayed filing the IRS 1120 form and state returns because Mr. Biros persuaded George Snyder, controlling shareholder of U Lock that: (1) It would not owe taxes and operated at a loss during 2015, 2016, and 2017, so a late filing would not result in penalties; (2) Accurate information needed to be compiled with respect to whether Biros would be listed as a partner or a lender; and (3) John Biros and Plaintiff asked George Snyder, majority shareholder in U Lock, to delay filing said returns because it was important that no filing occur until the Attorney General of Pennsylvania completed its investigation of the family's gambling business. U Lock will be submitting returns to the IRS and the Commonwealth of Pennsylvania Department of Revenue by the end of 2018. Those returns will be provided to counsel for U Lock in accordance with the Court's directive.
   *EXHIBIT "E"*

A210

4. **U Lock does not have a Federal Employee Identification Number.**

Denied. U Lock attaches its FEIN.
                    ***EXHIBIT "D"***

5. **U Lock has made no payments of tax to any income taxing authority.**

Denied as stated. U Lock has not made a profit that would warrant payment of "income tax." U Lock has made payments to the Township of North Huntingdon.
                    ***EXHIBIT "Q"***

6. **U Lock has no intention of repaying Plaintiff for the funds she paid for the Property.**

Denied. Plaintiff refused to provide a copy of the contract signed on July 15, 2015, for determination as to whether the corporation is liable pursuant to said agreement or if only Kash Snyder is liable. Plaintiff sent the demand letter, which U Lock has filed with the Court. This demand letter, however, does not provide a copy of the original agreement. U Lock cannot determine if it is legally obligated to pay the loan made by plaintiff to Kash Snyder, what the terms of the loan are, and whether said loan is secured, unsecured, or owed by U Lock or just Kash Snyder. In the event that it is determined that U Lock must pay the loan, and not only Kash Snyder, U Lock will comply with said obligation pursuant to the terms of that written instrument.

7. **U Lock has neither applied for nor received any permits to store motorized equipment on the Property.**

Based on information, property owners maintain the ability to store their equipment in spaces on property that they own or lease without the need for a permit. U Lock possesses a North Huntingdon general business license and has disclosed a copy. U Lock is not operating as a salvage yard and is not engaged in the business of salvaging vehicles. If Plaintiff is aware of a necessary permit, she should advise U Lock so it may take corrective action.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. **Provide copies of all U Lock's federal, state, and local tax returns for tax years 2015, 2016, 2017 and 2018.**

As stated above, U Lock is preparing to file the returns by the end of the 2018. At this

A211

time, it could not locate any responsive records. U Lock incorporates its response to the request for admissions by reference as if fully set forth again.

*EXHIBIT "D &E"*

2. **Provide a copy of U Lock's Bylaws and any amendments to such Bylaws.**

U Lock agrees to provide any copies of Bylaws or Amendments to Bylaws that it locates.
*EXHIBIT "Y"*

3. **Provide copies of all corporate minutes for U Lock.**

U Lock agrees to provide any corporate minutes that it locates after a diligent search.

4. **Provide copies of all issued share certificates for U Lock.**

U Lock would not possess share certificates. The shareholders would. Rather, U Lock maintains a share ledger that it has provided in connection with this discovery request. U Lock will update the ledger throughout this litigation.
*EXHIBIT "R"*

5. **Provide a copy of the stock ledger for U Lock.**

See response to document request 4, above.
*EXHIBIT "R"*

6. **Provide copies of any and all lease(s) to which U Lock is or was a party.**

Leases for customers has been withdrawn. U Lock agrees to disclose any leases that it locates after a diligent search.

7. **Provide copies of any and all stock purchase agreement(s) to which U Lock is or was a party.**

U Lock agrees to disclose any share purchase agreements in its possession after a diligent search.
*EXHIBIT "R"*

8. **Provide copies of any and all agreement(s) to purchase and/or sell assets to which U Lock is or was a party.**

   *EXHIBIT "S,T,U,V"*

9. **Provide copies of all financial statements prepared for U Lock.**

   U Lock did not prepare financial statements as of this time.

10. **Provide copies of each and every application for financing applied for by U Lock.**

    Financing applications are maintained by lenders, not by U Lock. U Lock ordinarily would not receive the application copy. However, U Lock agrees to conduct a diligent search and disclose and provide any application for financing.
    *EXHIBIT "I"*

11. **Provide copies of U Lock's subchapter S election, if such election was made.**

    U Lock did not elect to be a subchapter S corporation.

12. **Provide copies of U Lock's Federal EIN application.**

    U Lock did not retain its EIN application because it is a digital online form. U Lock did not submit a paper form. U Lock agrees to provide the EIN number and related documents.
    *EXHIBIT "D"*

13. **Provide copies of all written documentation evidencing a loan from Plaintiff to U Lock.**

    Defendant does not maintain evidence of the 2015 document created by Plaintiff. Interrogatory #10's answer and objection is incorporated by reference. The only copy of the document, which Plaintiff propounded immediately prior to the close and insisted Kash Snyder sign, was retained by the Plaintiff. In mid-2017, Plaintiff propounded a letter asking U Lock to sign an agreement stating that the loan was for 10 years at 9% interest. The letter admits the existence of the 2015 document, but does not attach it. The demand letter provided to U Lock Inc. has been previously produced and served on Plaintiff's counsel. U Lock agrees to provide

the 2017 letter again if needed by Plaintiff. The letter makes it clear that the money was not paid for the property, but was a loan.

*EXHIBIT "A&O"*

14. **Provide a copy of any advertisements which were placed to comply with Section 1307 of the Pennsylvania Associations Code, 15 Pa.C.S. 1307.**

Defendant agrees to produce all advertisements located after a diligent search.

*EXHIBIT "L"*

15. **Provide copies of each contract to which U Lock is or was a party for which U Lock provided services in excess of $500.00 over the term of the contract.**

Plaintiff withdrew the request for customer information.

16. **Provide copies of each contract to which U Lock is or was a party for which U Lock received services in excess of $500.00 over the term of the contract.**

Defendant agrees to produce all relevant documents located after a diligent search.

17. **Provide copies of all documents concerning the lease or purchase by U Lock of equipment from Kubota.**

U Lock agrees to produce the documents in its possession and located after a reasonable search. U Lock notes that the majority of the documents would be maintained and constitute business records of Kubota, not U Lock.

*EXHIBIT "I &G"*

18. **Provide copies of each and every policy of insurance on U Lock, the Property and U Lock's employees.**

Defendant agrees to produce all documents relevant to this request located after a diligent search.

*EXHIBIT "F"*

19. **Provide copies of each and every document necessary to provide a full and complete response to the matters set forth above in [the] Interrogatories and [the[ Request for Admissions.**

Defendant agrees to produce all documents relevant to this request located after a diligent search.

20. **Provide copies of each and every document or exhibit U Lock intends to present at trial.**

      Defendant agrees to produce all documents relevant to this request located after a diligent search. Defendant notes discovery is continuing and additional documents will be disclosed as they are located or received.

        *EXHIBITS "A,M,N,O,P"*

                                      Respectfully submitted,

                                      J. Allen Roth, Esquire
                                      Counsel for Defendant, U Lock, Inc.

## **VERIFICATION**

**AND NOW,** comes, **GEORGE SNYDER on behalf of U LOCK INC.** , who verifies that

the facts contained in the foregoing **Defendant U Lock Inc.'s Amended Objections And**

**Responses To The Interrogatories, Requests For Admissions, And Request For Production**

**Of Documents** are true and correct upon her own knowledge, information and belief.   This

Verification is made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn

falsification to authorities.

9/28/18
**DATE**

**GEORGE SNYDER on behalf of U LOCK INC.**

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,**
**PENNSYLVANIA**
**CIVIL ACTION LAW**

| | | |
|---|---|---|
| **CHRISTINE BIROS** | ) | |
| Plaintiff | ) | |
| | ) | |
| **vs** | ) | **No.  4886 of 2017** |
| | ) | |
| **DENISE SCHUR, Executrix of the ESTATE** | ) | |
| **OF ALEX SCHUR, HENRY L. MOORE** | ) | |
| **and SUSAN STANO, Co-Executors of the** | ) | |
| **ESTATE OF NICHOLAS SCHUR,** | ) | |
| **KATHLEEN S. WALTER, Executor of the** | ) | |
| **ESTATE OF MICHAEL SCHUR,** | ) | |
| **CYNTHIA SARRIS, Administrator of the** | ) | |
| **ESTATE OF ANN SARRIS and U LOCK INC.,** | ) | |
| **a Pennsylvania corporation,** | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I will forward a copy of the Defendant, U LOCK INC.'S Response to

Production Of Documents and Interrogatories by U.S. first class mail prepaid and hand delivery

to the following:

William E. Otto, Esquire
P.O. Box 701
Murrysville, Pa 15668
(Counsel for Plaintiff, Christine Biros)

William F. Ross, Esquire
Ross & Storck, Ltd.
406 N. Market Street
Wooster, OH 44691
(Counsel for Defendant, Denise Schur)

John Tumolo, Esquire
Suite 1500 Frick Building
Pittsburgh, Pa 15219
(Counsel for Defendant, Kathleen S. Walter)

Dennis Del Cotto, Esquire
4345 Old William Penn Highway
Murrysville, Pa 15668
(Counsel for Defendants, Henry L. Moore, Susan Stano and Cynthia Sarris)

10-1-18
Date

J. Allen Roth, Esquire
Attorney for Defendant U Lock, Inc.

# EXHIBIT H

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

Pittsburgh Division

SHANNI SNYDER

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

U LOCK INC. a/k/a U-LOCK INC.

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   2:21-cv-904
_____

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*  ☑Yes  ☐No

## COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shanni Snyder |
| Street Address | 14390 Route 30 |
| City and County | North Huntingdon, Westmoreland County |
| State and Zip Code | PA  15642 |
| Telephone Number | |
| E-mail Address | shannis@pm.me |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                      U LOCK INC. a/k/a U-LOCK INC.

    Job or Title *(if known)*

    Street Address           14140 ROUTE 30

    City and County          NORTH HUNTINGDON, WESTMORELAND COUNTY

    State and Zip Code      PA  15642

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**C.    Place of Employment**

The address at which I am employed or was employed by the defendant(s) is

| | |
|---|---|
| Name | U LOCK INC a/k/a U-LOCK INC. |
| Street Address | 14140 ROUTE 30 |
| City and County | NORTH HUNTINGDON, WESTMORELAND COUNTY |
| State and Zip Code | PA   15642 |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought pursuant to *(check all that apply)*:

☑    Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.

☐    Relevant state law

☐    Relevant city or county law

## III.    Statement of Claim

State as briefly as possible the facts of your case.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Nature of employer's business:
Storage facility

B.    Dates of employment:
Monitor video surveillance remotely.

C.    Employee's job title and a description of the kind of work done:
Monitor of video

D.    Rate, method, and frequency of wage payment:

$7.25/hour to be paid monthly. However, employer asked that it be deferred until a mortgage could be obtained on their property.

E.     Number of hours actually worked each week in which a violation is claimed:

70 hours per week from January 1, 2016, through February 15, 2020. Specifically, Plaintiff monitored video surveillance and cameras from 5 p.m. until 3 a.m. each day.

F.     Description of the alleged violation(s) *(check all that apply)*:

☑     Failure to pay the minimum wage *(explain)*

Defendant promised to pay minimum wage, but did not pay. Instead it continually asked that it be deferred until it could receive a mortgage on its property.

☑     Failure to pay required overtime *(explain)*

Defendant did not pay overtime wages

☐     Other violation(s) *(explain)*

G.     Date(s) of the alleged violation(s):

From January 1, 2016, through February 15, 2020.

H.     Additional facts:

1. Defendant acted willfully in that it knew it did not pay the wage, but made representations to expand the time upon which Plaintiff would expect to be paid.

2. Defendant tolled any statute of limitations by continually promising that payment would be forthcoming after it was able to obtain a mortgage on its property. The representations were made continually up to and through May 2021.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff demands judgment in the amount of $131,351  ($108,079 in hourly wage and $23,272 overtime), prejudgment interest, post-judgment interest, costs, fees, and attorney fees if Plaintiff retains legal counsel.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          07/14/2021

Signature of Plaintiff          /s/ Shanni Snyder

Printed Name of Plaintiff          /s/ Shanni Snyder

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHANNI SNYDER | U LOCK INC a/k/a U-LOCK INC. |

| (b) County of Residence of First Listed Plaintiff    Westmoreland | County of Residence of First Listed Defendant    Westmoreland |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>         THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| 14390 Route 30<br>North Huntingdon PA 15642 | 14140 Route 30<br>North Huntingdon PA 15642 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government<br>     Plaintiff

☒ 3   Federal Question<br>     *(U.S. Government Not a Party)*

☐ 2   U.S. Government<br>     Defendant

☐ 4   Diversity<br>     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>     Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | ☒ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |
| | | | **IMMIGRATION** | | |
| | | | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original<br>     Proceeding
☐ 2   Removed from<br>     State Court
☐ 3   Remanded from<br>     Appellate Court
☐ 4   Reinstated or<br>     Reopened
☐ 5   Transferred from<br>     Another District<br>     *(specify)*
☐ 6   Multidistrict<br>     Litigation -<br>     Transfer
☐ 8   Multidistrict<br>     Litigation -<br>     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P.

DEMAND $<br>131351.00

CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7/14/2021 | */s/ Shanni Snyder* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

A226

JS 44A REVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( ◯ Erie    ◯ Johnstown    ◉ Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____resides in_____County.

4. Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)

1. ◯  This case is related to Number_____    . Short Caption_____._____
2. ◉  This case is not related to a pending or terminated case.

DEFIN1TIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ◯  Antitrust and Securities Act Cases
2. ◉  Labor-Management Relations
3. ◯  Habeas corpus
4. ◯  Civil Rights
5. ◯  Patent, Copyright, and Trademark
6. ◯  Eminent  Domain
7. ◯  All  other federal question cases
8. ◯  All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious  prosecution, and false arrest
9. ◯  Insurance indemnity, contract and other diversity cases.
10. ◯  Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

/s/ Shanni Snyder (pro se)

Date: 7/14/2021 _____    _____

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH FORMS MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

A227

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SHANNI SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-904 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| U LOCK INC., a/k/a | ) | |
| U-LOCK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 18th day of October, 2021, upon consideration of Plaintiff's Motion for Default Judgment (ECF No. 12), IT IS HEREBY ORDERED that the Motion is granted. Default Judgment is hereby entered in Plaintiff's favor in the following amounts: (1) $131,351.00 in unpaid minimum wage and overtime damages; (2) $131,351.00 in liquidated damages; (3) costs in the amount of $402. Plaintiff's request for pre-judgment interest is denied. Plaintiff's request for post-judgment interest is granted. The Clerk of Court shall mark this case as closed.

*s/ Robert J. Colville*
United States District Judge

cc:      Shanni Snyder
14390 Route 30
North Huntingdon, PA 15642
(via regular mail)

U Lock Inc. a/k/a U-Lock Inc.
14140 Route 30
North Huntingdon, PA 15642
(via regular & certified mail)

A230

# EXHIBIT J

# ABSTRACT OF JUDGMENT

## Notice

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. § 6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties against whom judgments have been obtained | Names of Parties in whose favor judgments have been ordered |
|---|---|
| U LOCK INC. also known as<br>U-LOCK INC.<br>14140 Route 30<br>North Huntingdon PA 15642 | SHANNI SNYDER<br>14390 Route 30<br>North Huntingdon, PA 15642 |
| DOB(if available): --<br>Drivers Licence (if available): --- | Docket No. 2:21-cv-00904 |

| Amount of Judgment | Date Judgment Entered on Docket |
|---|---|
| $262,702.00 plus post-judgment interest<br>$402 costs | October 18, 2021 |
| | **Credits:**<br>none |

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I CERTIFY, That the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated: 12/14/2021

Joshua C. Lewis, Clerk

By Karen Sawdy , Deputy Clerk



A232

# EXHIBIT K

**Notice**

4758 of 2021

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. § 6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties against whom judgments have been obtained | Names of Parties in whose favor judgments have been ordered |
|---|---|
| U LOCK INC. also known as U-LOCK INC. 14140 Route 30 North Huntingdon PA 15642 | SHANNI SNYDER 14390 Route 30 North Huntingdon, PA 15642 |
| DOB(if available): -- Drivers Licence (if available): --- | Docket No. 2:21-cv-00904 |

| Amount of Judgment | Date Judgment Entered on Docket |
|---|---|
| $262,702.00 plus post-judgment interest $402 costs | October 18, 2021 |
| | Credits: none |



UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I CERTIFY, That the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated: 12/14/2021

Joshua C. Lewis, Clerk

By  Karen Sawdy                    , Deputy Clerk

A234

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
## CIVIL ACTION – LAW

**SHANNI SNYDER**

Plaintiff

Vs.                                       Case No. 21JU04758

**U LOCK INC a/k/a
U-LOCK INC**

Defendant

**NOTICE OF THE ENTRY OF JUDGMENT on the 15TH day of DECEMEBR, 2021 in the amount of $262,702.00 in the above captioned action.**

_____
Prothonotary

## THIS IS A NOTICE ONLY!

A235

# EXHIBIT L

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

CHRISTINE BIROS )
    Plaintiff )
)
**vs** )      No. 4886 CJ 2017
)
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE )
and SUSAN STANO, Co-Executors of the )
ESTATE OF NICHOLAS SCHUR, )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR, )
CYNTHIA SARRIS, Administrator of the )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation, )
    Defendants )

**TYPE OF PLEADING:**

    PETITION TO STRIKE ORDER OF JANUARY 20, 2022, ENTERED JANUARY 24, 2022; MOTION TO COMPLY WITH RULE 236 AND TO NOTE THE DOCKET OF THE DATE OF COMPLIANCE; MOTION TO CORRECT THE DOCKET; MOTION TO COMPEL DISCLOSURE OF EX PARTE COMMUNICATIONS; AND/OR MOTION FOR LEAVE TO FILE NOTICE OF APPEAL *NUNC PRO TUNC.*

**FILED ON BEHALF OF:**

    U Lock Inc., a Pennsylvania Corporation

**COUNSEL OF RECORD:**

    J. ALLEN ROTH, ESQUIRE
    PA ID # 30347
    805 S. Alexandria
    Latrobe, PA 15650
    (724) 537-0939

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAR 17 A 10: 24
GINA O'BARTO
TIME IN

A237

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | | |
|---|---|---|
| CHRISTINE BIROS | ) | |
|     Plaintiff | ) | |
| | ) | |
| **vs** | ) | No.  4886 CJ 2017 |
| | ) | |
| DENISE SCHUR, Executrix of the ESTATE | ) | |
| OF ALEX SCHUR, HENRY L. MOORE | ) | |
| and SUSAN STANO, Co-Executors of the | ) | |
| ESTATE OF NICHOLAS SCHUR, | ) | |
| KATHLEEN S. WALTER,  Executor of the | ) | |
| ESTATE OF MICHAEL SCHUR, | ) | |
| CYNTHIA SARRIS, Administrator of the | ) | |
| ESTATE OF ANN SARRIS and U LOCK INC., | ) | |
| a Pennsylvania corporation, | ) | |
|     Defendants | ) | |

## PETITION TO STRIKE ORDER OF JANUARY 20, 2022; MOTION TO COMPLY WITH RULE 236 AND TO NOTE THE DOCKET OF THE DATE OF COMPLIANCE; MOTION TO CORRECT THE DOCKET; MOTION TO COMPEL DISCLOSURE OF EX PARTE COMMUNICATIONS; AND/OR MOTION FOR LEAVE TO FILE NOTICE OF APPEAL *NUNC PRO TUNC.*

NOW COMES, U LOCK INC., a Pennsylvania Corporation, by and through

its counsel, J. Allen Roth, Esquire, which submits this motion for the captioned

relief:

1.  Either pursuant to an *ex parte* communication or *sua sponte*, this Court

    entered an Order on January 20, 2022, directing that certain deeds be

    transferred from the Court's vault to the Plaintiff in this case.  This occurred

    even though the Pennsylvania Supreme Court did not remit the record. *But*

    *see* Pa.R.A.P. 1701 (divesting jurisdiction during appellate proceedings).  The

    Order is clearly *void ab initio* and must be stricken.

2. The Order of Court contains no indication that it was sent to the undersigned. There is no "cc" on the Order or indication that it was served or mailed to counsel for U Lock. Counsel for U Lock neither received of the intention to request an Order nor the Order itself.

3. The Plaintiff did not serve any motion and no motion exists on the docket. It appears that the communication was purely *ex parte*.

4. U Lock would have opposed the motion because the deeds cannot lawfully be from the seller to Plaintiff. Rather, this Court held that the deeds to U Lock were lawful and it did not extinguish them. On the contrary, this Court held that U Lock held the property as trustee in a constructive trust for the benefit of the Plaintiff. To be lawful, this Court needed to create judicial deeds from U Lock Inc. to Plaintiff, not some backdated deed from the prior owner of the property.

5. However, the docket sheet states that "Rule 236" notices were indeed sent, but they were not. The docket sheet indicates this on the entry of January 24, 2022.

6. Any Rule 236 compliance did not include notice to the undersigned. In other words, no compliance with Rule 236 occurred and the claim that it did occur constituted error.

7. The docket sheet needs to be  corrected to show the actual date Rule 236 was complied with and the Order served upon the undersigned. This Court must direct that the notice of the Order be given forthwith.

8. The prejudice is that U Lock cannot take an appeal until a Rule 236 Notice is actually given and provided to it. *Carr v. Michuck,* 234 A.3d 797 (Pa. Super. 2019)(appeal cannot be heard until Rule 236 Notice entered on the docket).

9. If this Court finds that some form of notice under Rule 236 did occur as to U Lock, and this Court denies the motion to strike the Order, this Court should grant leave to file a Notice of Appeal from the Order *nunc pro tunc* on the basis that U Lock did not know about the *ex parte* or *sua sponte* Order and did not receive notice of the Order.

10. Finally, this Court needs to place all communications, summaries of communications, notes, motions, emails, or other events that resulted in the Order on the record so that U Lock can properly challenge the events and lack of notice that occurred in this case.

Respectfully Submitted,

J. Allen Roth, Esquire
Counsel for Defendant, U Lock, Inc.

A240

## <u>VERIFICATION</u>

**AND NOW, comes J. ALLEN ROTH** who verifies that U LOCK INC. was unavailable

to sign the foregoing and that the facts  contained herein are true and correct to the best of his/her

 knowledge, information and belief.    This Verification is made subject to the penalties of 18

P.A.C.S. Section 4904 relating to  unsworn falsification to authorities.

March 14, 2022

J. ALLEN ROTH, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that I will forward a copy of the foregoing by U.S. first class mail prepaid to the following persons on the date of filing:

William E. Otto, Esquire
P.O. Box 701
Murrysville, Pa 15668
(Counsel for Plaintiff, Christine Biros)

William F. Ross, Esquire
Ross & Storck, Ltd.
406 N. Market Street
Wooster, OH 44691
(Counsel for Defendant, Denise Schur)

John Tumolo, Esquire
Suite 1500 Frick Building
Pittsburgh, Pa 15219
(Counsel for Defendant, Kathleen S. Walter)

Dennis Del Cotto, Esquire
4345 Old William Penn Highway
Murrysville, Pa 15668
(Counsel for Defendants, Henry L. Moore, Susan Stano and Cynthia Sarris)

March 14, 2022
Date

J. Allen Roth, Esquire
Attorney for Defendant U Lock, Inc.

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

CHRISTINE BIROS )
    Plaintiff )
 )
vs )       No. 4886 of 2017
 )
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE )
and SUSAN STANO, Co-Executors of the )
ESTATE OF NICHOLAS SCHUR, )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR, )
CYNTHIA SARRIS, Administrator of the )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation, )
    Defendants )

**ORDER**

**AND NOW,** this ____ day of March, 2022, upon consideration of the motion for miscellaneous relief, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Order dated January 20, 2022, and entered January 24, 2022, is STRICKEN as VOID AB INITIO pursuant to Rule 1701, Pennsylvania Rule of Appellate Procedure. After the record is remitted, this Court will hold a hearing and determine whether the deeds should be issued or whether a judicial deed from U Lock to Plaintiff must be created.

2. The Prothonotary is directed to CORRECT the docket sheet and remove the notation of Rule 236 compliance as no party served notice on U Lock of the Order.

3. The Prothonotary is directed to COMPLY with Rule 236 by providing a copy of the Order to J. Allen Roth, Esq. and NOTATING the date of Rule 236 compliance.

A243

4. U Lock Inc. may file a Notice of Appeal *nunc pro tunc* challenging the Order of January 20, 2022, entered January 24, 2022, within fifteen (15) days of this Order.

5. This Court and Plaintiff will file all correspondence, if any, of the events and communications that resulted in the January 20, 2022, Order within ten (10) days.

6. Plaintiff shall not attempt any form of *ex parte* communication with this Court and sufficient notice shall be given to all parties in compliance with the rules prior to any communication, motion, or request for judicial intervention.

By the Court:

_____

Judge, Court of Common Pleas

A244

# EXHIBIT M





# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

WESTMORELAND _____ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> SHANNI SNYDER | Lead Defendant's Name: <br> U LOCK INC a/k/a U-LOCK INC |
|---|---|
| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: _____

☒ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☒ Quiet Title
- ☒ Other: Foreclosure, equity

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

A246

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**
**CIVIL ACTION**

SHANNI SNYDER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　　　*928 of 2022*
　　　vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
U LOCK INC. a/k/a U-LOCK INC.,　　　)
CHRISTINE BIROS,　BIROS　　　　　　)
IRREVOCABLE LIFE INSURANCE TRUST,　)
DENISE SCHUR executrix of the ESTATE　)
OF ALEX SCHUR, HENRY L. MOORE and　)
SUSAN STANO co-executors of the ESTATE )
OF NICHOLAS SCHUR, KATHLEEN S.　　)
WALTER executor of the ESTATE OF　　　)
MICHAEL SCHUR, CYNTHIA SARRIS　　　)
Administrator of the ESTATE OF ANN　　　)
SARRIS, FRANK SCHIEFER, in his official　)
capacity as WESTMORELAND COUNTY　　)
RECORDER OF DEEDS for injunctive and　)
declaratory relief, and HARRY J. SMAIL　　)
JR., pursuant to 42 USC 1983, in his official　)
capacity for declaratory relief,　　　　　　)
JOSH SHAPIRO, ATTORNEY GENERAL　　)
FOR THE COMMONWEALTH OF　　　　　)
PENNSYLVANIA, for declaratory relief,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)　　RE: TAX MAP 54-03-10-0-103

<u>PRAECIPE FOR WRIT OF SUMMONS IN EQUITY AND ASSUMPSIT AND FOR LIS PENDENS</u>

To the Prothonotary:

　　　　Please issue a Writ of Summons in Equity and Assumpsit and issue a *Lis Pendens* on property located at 14140 Route 30, North Huntingdon, Pennsylvania 15642, Tax Map No. 54-03-10-0-103.[1]

　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　Shanni Snyder
　　　　　　　　　　　　　14390 Route 30
　　　　　　　　　　　　　North Huntingdon PA  15642

---

[1] Note that defendant Harry J. Smail Jr. is sued strictly under 42 USC 1983 for declaratory judgment.  Defendants FRANK SCHIEFER, in his official capacity as WESTMORELAND COUNTY RECORDER OF DEEDS for injunctive and declaratory relief, and JOSH SHAPIRO, ATTORNEY GENERAL FOR THE COMMONWEALTH OF PENNSYLVANIA is sued strictly for declaratory relief.

A247

# EXHIBIT N

RECEIVED

APR 27 2022

CLERK, U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLVANIA

Fill in this information to identify the case:

United States Bankruptcy Court  for the:

___WESTERN___    District of ___PENNSYLVANIA___
                               (State)

Case number (if known): _____    Chapter _____

☐ Check if this is an amended filing

## Official Form 205

# Involuntary Petition Against a Non-Individual                    12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

| Part 1: | Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed |
|---|---|

**1. Chapter of the Bankruptcy Code**

Check one:

☒ Chapter 7
☐ Chapter 11

| Part 2: | Identify the Debtor |
|---|---|

**2. Debtor's name**

U LOCK INC

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

U-LOCK INC.

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

4 7 - 4 9 9 4 9 1 1
EIN

**5. Debtor's address**

**Principal place of business**

14140  U.S. Route 30
Number    Street

N Huntingdon        PA    15642
City                State  ZIP Code

Westmoreland
County

**Mailing address, if different**

Number    Street

P.O. Box

City                State  ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City                State  ZIP Code

| Debtor | U LOCK INC a/k/a U-LOCK INC. | Case number (if known) |
|---|---|---|
| | Name | |

**6. Debtor's website (URL)** _____

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No

☐ Yes. Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

**Part 3: Report About the Case**

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☒ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

| Debtor | U LOCK INC. a/k/a U-Lock Inc. | Case number (if known) |
|--------|-------------------------------|------------------------|
| | Name | |

---

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|--------------------|------------------------------|------------------------------------------------|
| Shanni Snyder | unpaid wages + liq damage | $ 262,000 |
| | retaliation under FLSA | $ 100,000 |
| | interest | $ 13,100 |
| | | $ |

Single creditor case.

Total of petitioners' claims  $ 375,100

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|-------------------------------------------|-----------|
| **Name and mailing address of petitioner** | |
| Shanni Snyder | Printed name |
| Name | |
| 14140 US Route 30 | Firm name, if any |
| Number    Street | |
| North Huntingdon      PA      15642 | Number    Street |
| City      State      ZIP Code | |
| | City      State      ZIP Code |
| **Name and mailing address of petitioner's representative, if any** | Contact phone _____ Email _____ |
| Name | Bar number |
| Number    Street | State |
| City      State      ZIP Code | |
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Executed on 11/25/22 | X _____ |
| MM / DD / YYYY | Signature of attorney |
| X _____ | Date signed _____ |
| Signature of petitioner or representative, including representative's title | MM / DD / YYYY |

---

B2500E (Form 2500E) (12/15)

# United States Bankruptcy Court

WESTERN _____ District Of PENNSYLVANIA

In re   U LOCK INC a/k/a U-LOCK INC.,         )      Case No. _____
              Debtor*                          )
                                               )      Chapter _____7_____
                                               )

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

    A petition under title 11, United States Code was filed against you in this bankruptcy court on April _____ 2022 ____ (date), requesting an order for relief under chapter ___7___ of the Bankruptcy Code (title 11 of the United States Code).

    YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion or answer to the petition within 21 days after the service of this summons.  A copy of the petition is attached.

    Address of the clerk:    CLERK, US BANKRUPTCY COURT
                           5414 U.S. Steel Tower
                           600 Grant Street
                           Pittsburgh, PA 15219

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

    Name and Address of Petitioner's Attorney:
           Shanni Snyder
           14390 Route 30, House
           North Huntingdon PA  15642

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

_____ (Clerk of the Bankruptcy Court)

Date: _____        By: _____(Deputy Clerk)

* Set forth all names, including trade names, used by the debtor within the last 8 years. (Fed. R .Bankr. P. 1005).

A252

B2500E (Form 2500E) (12/15)

## CERTIFICATE OF SERVICE

I, _____(name), certify that on _____
(date), I served this summons and a copy of the involuntary petition on _____
(name), the debtor in this case, by *[describe the mode of service and the address at which the debtor was served]*:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____    Signature _____

        Print Name: _____

        Business Address: _____

                    _____

A253

# EXHIBIT O

FILED

**U.S. Bankruptcy Court**
**WESTERN DISTRICT OF**
**PENNSYLVANIA**

5/27/2022

**Michael R. Rhodes, Clerk**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | U LOCK INC |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court | **WESTERN DISTRICT OF PENNSYLVANIA** |
| Case number: | **22-20823** |

## Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Shanni Snyder

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Shanni Snyder

Name

14390 Route 30
N Huntingdon, PA 15642

Contact phone _____4122181750_____

Contact email _____shannis@pm.me_____

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | Give Information About the Claim as of the Date the Case Was Filed |

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 263100.00

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

28 USC 3201

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.
   **Nature of property:**
   ☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

**Basis for perfection:** 28 USC 3201

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ 263100.00

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) 6 %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

A256

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/27/2022
                MM / DD / YYYY

/s/ Shanni Snyder

Signature

Print the name of the person who is completing and signing this claim:

Name    Shanni Snyder
         First name    Middle name    Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    14390 Route 30

Number   Street

North Huntingdon, PA 15642

City   State   ZIP Code

Contact phone    4122181750      Email    shannis@pm.me

Official Form 410          Proof of Claim          page 3

A257

**Notice** 4758 of 2021

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. § 6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties against whom judgments have been obtained | Names of Parties in whose favor judgments have been ordered |
|---|---|
| U LOCK INC. also known as U-LOCK INC. 14140 Route 30 North Huntingdon PA 15642 | SHANNI SNYDER 14390 Route 30 North Huntingdon, PA 15642 |
| DOB(if available): -- Drivers Licence (if available): --- | Docket No. 2:21-cv-00904 |

| Amount of Judgment | Date Judgment Entered on Docket |
|---|---|
| $262,702.00 plus post-judgment interest $402 costs | October 18, 2021 |
| | Credits: none |

FILED PROTHONOTARY'S OFFICE WESTMORELAND COUNTY 2021 DEC 15 AM 10: 10 CHRISTINA O'BRIEN PROTHONOTARY

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I CERTIFY, That the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated: 12/14/2021

Joshua C. Lewis, Clerk

By Karen Sawdy , Deputy Clerk



A258

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
## CIVIL ACTION – LAW

**SHANNI SNYDER**

                                   **Plaintiff**

            **Vs.**                                     **Case No. 21JU04758**

**U LOCK INC a/k/a**
**U-LOCK INC**

                                   **Defendant**

**NOTICE OF THE ENTRY OF JUDGMENT on the 15TH day of DECEMEBR, 2021 in the amount of $262,702.00 in the above captioned action.**

                                                    *Prothonotary*

## THIS IS A NOTICE ONLY!

# EXHIBIT P

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  U LOCK INC. a/k/a          )
U-LOCK INC.                        )        Bank. 22-20823-GLT
                                   )
            Debtor.               )        Chapter 7
                                   )
------------------------------------ )
CHRISTINE BIROS,                   )
                                   )
            Movant,               )
                                   )
      v.                           )
                                   )
SHANNI SNYDER,                     )
                                   )
            Respondent.           )
                                   )

**OPPOSITION TO THE EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) DISMISSING THE CASE AND FOR SANCTIONS AGAINST
THE PETITIONING CREDITOR, OR IN THE ALTERNATIVE (II)
MAKING A DETERMINATION THAT THE AUTOMATIC STAY IS
INAPPLICABLE TO THE STATE COURT ACTION PURSUANT TO 11
USC 362(b)(10), OR IN THE ALTERNATIVE (III) GRANTING RELIEF
FROM THE AUTOMATIC STAY TO THE MOVANT IN RELATION TO
THE MOVANT'S PROPERTY AND THE STATE COURT CASE, OR IN
THE ALTERNATIVE, ABANDONING THE MOVANT'S PROPERTY**

Petitioning Creditor Shanni Snyder ("Snyder") files this, her

Opposition to the Emergency Motion:

## **BACKGROUND**

In 2015, Unsecured Creditor Christine Biros ("Biros") provided U

Lock an unsecured loan to purchase a property that consists of

valuable highway frontage and presently houses a self-storage

1

business.

The contract contained neither a security agreement nor security interest. Neither a lien nor a *bona fide* mortgage was established. The contract simply states, "This loan agreement between U Lock Inc. (borrower) a Pennsylvania corporation and Christine Biros (lender) and/or Guarantor collateralized from S+T bank for the sum of $325,316.00 the terms + conditions of the payment will be agreed upon on or before 8/16/15. Lender will set terms if agreement is not settled by that date. /s/ Kash Snyder, Director, U Lock Inc. 7/16/15." *See* Exhibit F.

Nearly two years later, on May 5, 2017, Biros sent an unsigned demand letter to U Lock stating that she added accrued interest at nine percent (9%), required a security interest in the property with all officers of U Lock personally liable, all of the lender's "legal fees" and any other charges the "lender may incur." *See* Exhibit G.

U Lock apparently neither signed the letter nor agreed to its terms.

In October 2017, Biros filed suit, but instead of seeking to collect her money, she asked the Court to award her deeds to the property because she averred that U Lock's deeds were *void ab initio* because of a filing mistake in U Lock's Articles of Incorporation.

In 2018, the seller of the property rendered new deeds to U Lock. At the same time, in exchange for payment of $10,000 and deeds in

2

the name of Christine Biros that stated the original deeds were *void ab initio* (which were to be placed in the safe of the Westmoreland County court until final disposition), Biros allowed the seller of the property to be removed from the case.

After trial, the Court of Common Pleas issued a decision that non-payment to Biros would constitute an unjust enrichment. Therefore, because the court found U Lock to be insolvent, it created a *constructive trust* for Biros. However, the court never considered or allowed the claims of other creditors. As to the deeds, the court ruled the 2015 deeds were *void*. However, it ruled that the 2018 deeds were valid and did transfer the property to U Lock. Pursuant to the constructive trust, the ownership of the property would ultimately be provided to Biros. U Lock appealed.

The Superior Court of Pennsylvania heard an appeal and rendered an opinion. In that opinion, the Court affirmed the creation of a constructive trust for Biros to prevent an unjust enrichment, but also made it clear that the 2018 deeds transferred ownership of the property to U Lock. *Biros v. U Lock*, 255 A3d 489, 494 (Pa. Super. 2021)("Furthermore, the trial court accepted the legitimacy of the 2018 Deeds: 'Even accounting for the *void ab initio* status of the [2015 Deeds], the corrective [2018 Deeds], show legal title in the [Property] belonging to U Lock, Inc.'").

U Lock petitioned the Supreme Court of Pennsylvania for leave to

appeal.  Because of the petition, the Superior Court did not remand the record to the Court of Common Pleas.  (This is similar to a federal appellate court withholding the mandate).

In the interim, Petitioning Creditor received a federal judgment against U Lock based on a wage lawsuit.  Petitioning Creditor properly lodged the judgment during 2021 with the Court of Common Pleas. Pursuant to 28 USC 3201, a "judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest."  Petitioning Creditor's judgment lien "shall have priority over any other lien or encumbrance which is perfected later in time."  28 USC 3201(b).  *See* Exhibit A.

On January 16, 2022, the Supreme Court of Pennsylvania denied U Lock's petition seeking leave to appeal.  However, pending reconsideration petitions or other motions, it also did not remand the record to the Court of Common Pleas.

Notwithstanding that Pennsylvania Rule of Appellate Procedure 1701(a) provides that the lower court cannot proceed further, counsel for Biros' staff had an *ex parte* discussion with the judge's law clerk and asked that the property be transferred to Biros.  Counsel for

4

Biros, without notifying anyone, obtained an Order from the Court of
Common Pleas allowing the deeds from the seller to Biros to be filed.

On January 25, 2022, Biros filed the deeds with the
Westmoreland County Recorder of Deeds. The deeds, however,
incorrectly claim that the 2018 deeds to U Lock were declared void.
The deeds that Biros filed were not signed or approved by the Court.
Biros never asked the Court to invoke its constructive trust and have
U Lock, as trustee, transfer its interests to her, as should have been
done. Therefore, both deeds are on file with no cancellation notations
with the Recorder of Deeds.

As U Lock did not know that Biros filed the backdated deeds
from the seller, it asked the Supreme Court of Pennsylvania to
withhold remanding the record so it could appeal to the Supreme
Court of the United States. Biros, without mentioning that she
obtained deeds "unilaterally," moreless consented but asked that the
property taxes be paid. On March 16, 2022, the Supreme Court
granted U Lock's motion to withhold remand of the record. It is clear
from this Order that the Supreme Court of Pennsylvania assumed the
*status quo* was in place.[1] *See* Exhibit E.

In the interim, U Lock never received notice of the Orders
because, as the judge explained at its hearing on April 22, 2022, the
state court acted "unilaterally." *See* Biros' Amended Exhibit I, Entry

---

[1] Biros specifically asked for provisions about the property taxes, which U Lock did not oppose;
however, Biros never advised the Supreme Court of Pennsylvania that it already received the Order

18 (denying *ex parte* or *sua sponte* Order, but calling the Order
*unilateral* after a call from Biros' paralegal to the judge's law clerk
occurred).

Also apparently on April 22, 2022, the judge in the state case
entertained a motion for possession, which does not appear to be a
usual procedure. This motion is not on the public docket. No notice
to creditors or to the tenants of U Lock occurred. No action in
ejectment was filed.

No creditors were invited to the April 22, 2022, hearing. At that
hearing, the court recognized that Petitioning Creditor had a judgment
lien and counsel for Biros explained that they acted the way they did
to avoid it. Notwithstanding that Petitioning Creditor was not present
at the hearing, and could not object, the judge complained that she
sued him, sued "the law" and could face prosecution by the Attorney
General of Pennsylvania. *Id.* The judge directed U Lock
representatives to "pass it on" to the Petitioning Creditor and repeat
the message. *Id.*

On April 25, 2022, to assure the ability to claw back the property
for the benefit of all creditors, not just Unsecured Creditor Biros, and
because U Lock is clearly insolvent, Petitioning Creditor filed the
instant petition for involuntary bankruptcy by placing it in the Court's
mailbox. However, upon filing, the petition was not accepted, but was
placed throughout the Clerk's office for *pro se* review and not

ultimately filed until April 27, 2022.

Petitioning Creditor notified the secretary of the state court judge of this case by personally handing her the Notice of Bankruptcy on May 12, 2022.  Petitioning Creditor also notified counsel for Biros.

Apparently, in response to the Notice of Bankruptcy, the judge rendered a summary order that not only provided possession of U Lock's property to Biros, but also allowed her to levy on and sell all of U Lock's property to pay expenses and for cleanup, including unknown environmental costs  *See* Exhibit B.  This preferential Order harmed Petitioning Creditor because she maintains a judgment lien and the judge knew it when he allowed Biros to sell all of U Lock's assets.

On May 20, 2022, despite knowing that a bankruptcy stay existed, counsel for Biros appeared before the state court judge and had a hearing.  At that hearing, counsel suggested ways to avoid the stay.  The judge falsely stated he rendered his possession on April 22, 2022, so he did not violate the stay– but the Order was not signed until May 13, 2022, and not docketed until May 17, 2022.  Counsel for Biros never asked the court to stop the hearing, but instead made arguments and complaints about the Petitioning Creditor.  At that hearing the court also stated that it would attempt to strike Petitioning Creditor's appeal from the preferential order allowing Biros to levy and sell the property because she had no standing.  *See* Exhibit C.

On the same day, Biros filed the omnibus motion to this Court
asking for myriad types of relief.  Despite the complicated nature of
the property, and despite U Lock possessing it since 2015, it became
an "emergency" so that the creditors could not receive notice, U Lock
would be unable to act, and the Petitioning Creditor who is acting
without an attorney would be blindsided.

Petitioning Creditor objects and opposes the motion for the
reasons set forth below.

## OBJECTION TO MOTION BEING CLASSIFIED AS AN EMERGENCY

Despite claiming that Alleged Debtor U Lock possessed the
property for five years, Biros suggests that this proceeding must be
heard as an emergency petition with little notice to Petitioning Creditor
and no notice to the other creditors.  Petitioning Creditor objects on
due process and procedural grounds.

Petitioning Creditor maintains a properly filed judgment lien on
all of the debtor's property, so she has standing.  *See* Exhibit A.   It is
unclear whether the debtor owns the real property at 14140 U.S.
Route 30 or whether the Unsecured Creditor Biros maintains *quit
claim* type ownership effective January 25, 2022– after Petitioning
Creditor's judgment.  While it is true that the state judge, who most
likely had no jurisdiction because the case record was never remanded

to him by the appellate court,[2] in late January 2022 entered what he called a "unilateral" Order allowing Biros to file certain deeds. However, this transfer – even though involuntary as to U Lock – constitutes a preferential transfer to an insider[3] of the debtor and a voidable transfer under Pennsylvania law. Petitioning Creditor suggests that this Court, after clawing back the preferential and voidable transfer, should ultimately sell the property and pay both Unsecured Creditor Christine Biros, Petitioning Creditor, and all other creditors rather than allow for an unjust enrichment in favor of unsecured creditor Biros to occur.

Regardless of which party owns the property, Petitioning Creditor maintains a judgment against U Lock's assets. Despite knowing of both Petitioning Creditors' judgment lien and the bankruptcy stay, the same judge granted Biros the right to levy and sell all of the Debtor's property to pay for expenses. *See* Exhibit B. The pre-bankruptcy hearing occurred outside of and without notice to Petitioning Creditor.

This complicated situation requires this Court to analyze a complicated factual background. As the United States Court of

---

[2] The judge had no jurisdiction and appears to have been mistaken when he claimed he did. *Compare* Exhibit G, Pennsylvania Rule of Appellate Procedure 1701, and the judge stating he could act "unilaterally" because he knew about the decisions even though the record was not remanded to him.

[3] Petitioning Creditor is filing an action to declare Biros an insider due to her heavy involvement in the purchase of U Lock's assets, her original planning and development of the company, her control over the entity, and the fact that the entity is acting as her trustee. Petitioning Creditor's adversary proceeding will also seek a claw back and declaratory judgment that the judgment is superior to Biros' unsecured claim.

A269

Appeals for the Third Circuit explained in *In re Mansaray-Ruffin*, 530

F.3d 230, 234-37 (3rd Cir. 2008), "Federal Rule of Bankruptcy

Procedure 7001 sets forth matters that may only be resolved through

an 'adversary proceeding,' including the determination of the 'validity,

priority, or extent of a lien *or other interest in property*.' Fed. R.

Bankr.P. 7001(2). An adversary proceeding is essentially a

self-contained trial—still within the original bankruptcy case—in

which a panoply of additional procedures apply. See Fed. R. Bankr.P.

7001–7087.

For this Court to determine ownership, disregard the potential

that the transfer may be voidable as a preference, and adjudicate all

that Movant Biros demands, is not an emergency proceeding– its an

adversary proceeding.  In *In re Smith*, 514 B.R. 331, 338-39 (Bankr.

S.D. Ga. 2014), the court held "that the procedural safeguards

inherent in that rule should not be disregarded based on narrow

definitions of 'validity' adopted by many courts. The Due Process

Clause of the Fifth Amendment forbids the deprivation of a property

right without due process of law, and the adoption of a Rule of

Procedure by the judiciary constitutes the template for assessing due

process. . . . [A]ny challenge to the viability of a lien must be

considered within the confines of an adversary proceeding under the

Rules and as a matter of due process. . . . [P]art of the purpose of Rule

7001 must certainly be to ensure that when the issue is the

enforceability of a state created lien, the defendant is entitled to the most infallible degree of notice of the nature and serious consequences of the proceeding brought against it. The procedural safeguards of adversary proceedings, including the Rules of Pleading of Bankruptcy Rule 7008 which require a specific 'demand for relief sought,' are calculated to achieve this purpose."

There exists no emergency that this Court needs to render a snap decision without a full and fair opportunity to litigate the questions contained in the complicated motion that affects substantial rights of all involved.  Creditors must be notified.  The debtor needs time to prepare.  Biros needs to file an adversary proceeding to determine her ownership.

As to the environmental issues, these are the same issues that Biros complained about in 2018.  Nothing changed that requires this Court to resolve the issue on such an accelerated schedule and without full and fair notice to all creditors, tenants, and interested parties, preferably after U Lock appears.

**ARGUMENT**

## I. THE BANKRUPTCY SHOULD NOT BE DISMISSED

1. **Petitioning Creditor is eligible to file an involuntary petition**

   i. **No *bona fide* dispute exists and the unsecured creditor failed to demonstrate a dispute**

Biros presents a transcript of a case where counsel for the
Movant Biros improperly goaded a judge into making dicta-type
comments towards Petitioning Creditor knowing that she was not a
party and had no ability to respond.  *See* Docket Entry 18, Biros'
Amended Exhibit I.

The Judge's dicta and rhetoric, complaining of a lawsuit
Petitioning Creditor filed where the judge is a defendant, has no legal
weight and no creation of a dispute. Petitioning Creditor's claim
against U Lock is based upon a federal judgment duly entered after
both Petitioning Creditor and the United States District Court for the
Western District of Pennsylvania provided U Lock with notice to attend
an in-person hearing.  28 USC 3201.  Petitioning Creditor's judgment
has priority.  28 USC 3201(b).

Petitioning Creditor filed and lodged the judgment with the Court
of Common Pleas of Westmoreland County.  It has been on file,
unpaid, since December 2021.  *Snyder v. U Lock*, 21 JU 04758
(Westmoreland County C.C.P.); *see* Exhibit A.

This Court must provide the federal judgment full faith and
credit.  *In re C. W Mining Co*, 2009 WL 4798264, *5 (BAP 10th Cir)
("[A] federal district court judgment is entitled to full faith and credit in
a bankruptcy court, absent the most extraordinary of
circumstances.").  The general rule is that an unappealed, unstayed

final judgment is not subject to a "bona fide dispute." *In re Raymark Indus., Inc.,* 99 B.R. 298, 300 (Bankr.E.D.Pa.1989); *In re Caucus Distributors, Inc.,* 83 B.R. 921, 928–29 (Bankr.E.D.Va.1988); *In re Drexler,* 56 B.R. 960 (Bankr.S.D.N.Y.1986).

Moreover, 28 USC 3201 explains that," (A) A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest.(b)Priority of Lien.—lien created under subsection (a) shall have priority over any other lien or encumbrance which is perfected later in time."

Petitioning Creditor filed her Proof of Claim in this case. This constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f); *In re: Zimmer, 623 B.R. 139* (Bank. W.D.Pa. 2020), *citing Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.),* 993 F.2d 915, 925 (1st Cir.1993). In order to rebut this prima facie evidence, the objecting party must produce "substantial evidence." *United States v. Clifford (In re Clifford),* 255 B.R. 258, 262 (D.Mass.2000).

Finally, Biros attempts to collaterally attack a federal judgment by complaining of inadvertent omissions in Petitioning Creditor's 2018

bankruptcy.  However, Biros was a creditor in that proceeding and did not seek to reopen it as she could.    Any omission on the 2018 bankruptcy schedule lacked materiality and would not warrant action being taken.  *See In re: Daniel*, 613 B.R. 374, 383 (Bank,. M.D. Fl. 2020)(holding that a creditor objecting to discharge for omissions or misstatements in schedules must show that they are material).

Petitioning Creditor simply did not know she had a cause of action against U Lock until 2020.  U Lock told the state judge that Petitioning Creditor worked for "sisterly love."  At no time did the Petitioning Creditor receive income from U Lock.  U Lock did promise Petitioning Creditor in 2020 that she would be paid minimum wage for all the time she spent as they developed or sold the property, and U Lock asked that payment be deferred.  Petitioning Creditor provided work and services for U Lock.  The argument to the United States District Court, which was accepted, constituted an assertion that, indeed, Petitioning Creditor received no payment, but that she should have received minimum wage as a matter of law.  Sisterly love does not apply to corporations.

Clearly, this does not rise to the level of a dispute. It may be a basis to collaterally attack the 2018 bankruptcy decree, but not the debt. Even if the period of 2016 through May 2018 is removed from the judgment, it would still be over $10,000.[4]

---

[4] Any omission of the potential claim against U Lock would most likely have been abandoned by the trustee considering the unsecured debt exceeded several million dollars and the minimum wage owed

### ii. **No status based prohibition on filing a bankruptcy exists**

Movant Biros asserts that, simply because Petitioning Creditor is the sister of two of U Lock's officers,[5] she constitutes an "insider" that cannot bring an involuntary petition. Biros then misstates the elements laid down in an often criticized case along with an unpublished case that cites the criticized case. Specifically, Biros cites *In re Runaway II*, 168 B.R. 193, 196 (W.D. Mo. 1994), but that Court stated that employees, insiders and creditors *receiving avoidable preferences* cannot file an involuntary bankruptcy. Specifically, the court explained, "Thus, to file a petition under (b)(2), a creditor must hold a claim that is not contingent, subject to a bona fide dispute, nor be the claim of an employee, insider or transferee *of an avoidable transfer*." Id. See also *In re Kenval Mktg. Corp.*, 38 B.R. 241, 244 (Bankr. E.D. Pa.) ("[C]reditors....are precluded from successfully filing *if they hold voidable preferences*."), *reconsideration denied*, 40 B.R. 445 (Bankr. E.D. Pa. 1984).

Biros does not and cannot aver that Petitioning Creditor holds an avoidable preference. On the contrary, it is Biros that received an avoidable preference to the detriment of all of the creditors by using a

---

constituted a small amount in comparison. Biros is welcome to reopen the bankruptcy and challenge the inadvertent omission.

[5] U Lock is a corporation with nearly 1,000 shareholders. Petitioning Creditor owns no stock. Petitioning Creditor did jobs for U Lock. In 2021, Petitioning Creditor learned that U Lock's failure to pay her constituted wage violations even though she was not receiving a salary, just a promise to eventually receive compensation.

A275

constructive trust to prevent a public sheriff's sale of the property

where creditors receive notice, parties can bid, fair value for the

property can occur at the auction, and all parties have the opportunity

to receive their share.

Regardless, contrary to the minority of cases cited by Biros, most

courts interpret §303(b) to allow an insider, or an employee or

transferee, with which insiders are associated to file an involuntary

petition in cases involving 12 or less creditors. In *Sipple v. Atwood (In*

*re Atwood),* 124 B.R. 402, 405 n.2 (S.D. Ga. 1991), the court stated,

"Petitioning creditors...qualify [to file an involuntary petition] even if

their claim is voidable."). In *In re Little Bldgs. Inc.,* 49 B.R. 889,

890-91 (Bankr. N.D. Ohio 1985), the court denied the debtor's motion

to dismiss involuntary petition filed by insiders.  In *In re United*

*Kitchen Assocs. Inc.,* 33 B.R. 214, 215 (Bankr. W.D. La. 1983), the

court held, "Under the plain meaning of 11 U.S.C. §303(b)(1) and (2),

employees of the debtor may be petitioning creditors for involuntary

bankruptcy of the debtor."

The *Little Bldgs.*court thoroughly reviewed the language of the

statute, and concomitantly, explained the basis for its decision. In

denying a motion to dismiss an involuntary petition filed by certain

officers, directors, employees or shareholders of the debtor, it found

that "the language of the section states, with mathematic-like

certainty, that the claims of insiders are excluded only from

consideration in determining the number of an alleged debtor's creditors." *Little Bldgs.*, 49 B.R. at 890-91. "Insiders are still eligible to initiate involuntary proceedings against the entity they are or were associated with." *Id.* at 891.  Other courts have similarly held that the status of the creditor constitutes a consideration for mathematical purposes, not for eligibility.  *See In the Matter of  Skye Marketing Corp.* 11 B.R. 891 (E.D. N.Y. 1981).

Indeed, in *In re Kitchen Assocs. Inc.,* 33 B.R. 214, 215 (Bankr.W.D.La.1983), the court held, "Under the plain meaning of 11 U.S.C. § 303(b)(1) and (2), employees of the debtor may be petitioning creditors for involuntary bankruptcy of the debtor."  In *In re Hopkins,* 177 B.R. 1 (Bankr.D.Me.1995), the court allowed former spouses and their children to be petitioning creditors.

Collier's also supports the *Little Bldgs.* rationale that "[a]lthough insiders are not counted as holders of claims for purposes of establishing the numerosity requirement in Section 303(b), these individuals can be petitioning creditors if they satisfy the other requirements." *Collier on Bankruptcy* ¶ 303.03[2](c)(iv), at page 303–36 (15th ed. rev.). Collier takes the same position with respect to creditors who have received voidable transfers. *Id.* at ¶ 303.03[2](c)(v), page 303–36–37.

The history of bankruptcy makes it clear that an insider would be an acceptable petitioner.  11 USC §303(b) contains a specific

A277

subpart authorizing the filing of an involuntary petition against a partnership by its general partners, *i.e.,* insiders. *See* 11 U.S.C. §303(b)(3); 11 U.S.C. §101(31)(C)(i) (defining general partner in debtor as insider where debtor is partnership). If Congress wished to disallow to allow all insiders, including corporate insiders, to file an involuntary petition, Congress could have easily included language to that effect in §303.

As noted in *Little Bldgs.,* the exclusionary language in §303(b)(2) should be interpreted to apply for counting the number of creditors. Historically, courts have held that the language does not disqualify any type of creditor.  In  *J.J.S. Co. v. Sacks (In re J.J.S. Co.),* 445 F.2d 138, 139 (7th Cir. 1971), the Seventh Circuit held, "While 11 U.S.C.A. §95(e)...excludes shareholders, officers and directors in the computation of the number of creditors of a bankrupt for the purposes of determining how many creditors must join in the petition, it does not serve to disqualify an officer, director or shareholder as a petitioning creditor."); *see also Winkleman v. Ogami,* 123 F.2d 78, 80 (9th Cir. 1941).

### 2. Petitioning Creditor filed the Involuntary Petition in good faith

Biros argues that Petitioning Creditor filed the petition in bad faith and that the petition should be dismissed on this basis.  She states that this filing was to stop the dispossession by U Lock.  On the

18

contrary, the filing was to create an estate for all creditors, to claw back the voidable transfer, and to have the property sold in order for Biros, Petitioning Creditor, and all creditors to be paid in full from the sale of the assets of U Lock.

Petitioning Credit clearly met the statutory requirements for filing the petition. She maintains an unpaid judgment lien for over $262,000 and, certainly, Biros would even agree that U Lock is not paying its bills.

Furthermore, the Petitioning Creditor conducted research before filing the case and knew the facts. She saw her 28 USC 3201 judgment lien being usurped and bypassed deliberately by Biros in a proceeding she could not take part in. No

Petitioning Creditor saw the property being transferred to an unsecured creditor without a Sheriff's sale through a constructive trust, which clearly dissipated U Lock's assets, and protected no other creditors or tenants.

Finally, Petitioning Creditor saw dangerous threats by Biros to impound all of the property of U Lock's storage customers and provide thirty-days for those paid-up customers to receive their things, making it more likely that U Lock would be subject to more debt and never pay the judgment. *See* Biros Amended Exhibit I (discussing locking the storage facility and notifying tenants by mail to retrieve their items).

Certainly the Petitioning Creditor chose to assert her rights, and

it appears quite obvious why.  The Order at Exhibit B, entered in retaliation for the bankruptcy stay, and in deliberate defiance of the stay, actually allows Biros to sell everything U Lock owns to pay for removal of garbage, cars, and environmental damage that existed at the time the property was purchased.  The property that Biros is allowed to levy and sell is not itemized.  The costs for environmental damage have not been set by any court.

More importantly, it cannot be said that the Petitioning Creditor used this proceeding as a tactical advantage in a pending action.  On the contrary, the Petitioning Creditor did not participate in the action, received no notice of the case that Biros speaks of, and was not a party to the proceeding.  As the judge stated on May 20, 2022, at his unlawful hearing, Petitioning Creditor has no standing in that case. *See* Exhibit C; *but see* Entry 18, Biros' Amended Exhibit I (mentioning that perhaps Petitioning Creditor could take part or intervene).

Biros cites a 2013 case that resulted in no judicial findings and constituted a compromise settlement to show "bad faith."  This compromise settlement has no relevance here.  Petitioning Creditor and Robert Biros, the father of Christine Biros, consented to a resolution of a dispute without the necessity of a judicial decision.  This Court did not find bad faith or render any adjudication.  In that case, issues arose because Biros chose to rent his property with no lease.  The reason the same parties are now before this Court is

A280

because the Biros family chooses to continue to conduct business without written documentation. Specifically, Christine Biros provided an unsecured loan so U Lock could buy a property without any binding documentation and then resorted to a rarely used form of action to obtain the property without notice to other parties.

### a. **There exists no basis for sanctions**

Ordinarily, in an involuntary bankruptcy, the Alleged Debtor may seek sanctions if a bankruptcy is dismissed. Here, a competing creditor, Biros, who seeks to protect her improper voidable preference, is seeking sanctions. As explained above, the debtor clearly lacks solvency. The Petitioning Creditor maintains a judgment enforceable pursuant to 28 USC 3201. She Becausfiled her case with a proper purpose. Sanctions are inappropriate and the demand for $20,000 constitutes just more intimidation against people who oppose their position. As shown by the hearing transcripts, Biros is seeking sanctions of $20,000 against U Lock for raising a defense about Biros' arrest. This is Biros' magic number to ask for if one challenges them or litigates a legal position. Petitioning Creditor will not allow Biros' threats of sanctions to persuade abandonment when the 28 USC 3201(b) judgment lien provides Petitioning Creditor's lien superiority to Biros' post-judgment deed. The demand for sanctions are nothing but a strategic plan to try to deter the prosecution of claims.

### III. THE AUTOMATIC STAY IS APPLICABLE AND NO RELIEF FROM THE STAY SHOULD BE PERMITTED, ESPECIALLY *NUNC PRO TUNC* RELIEF

#### a. Biros deliberately violated the bankruptcy stay

Biros seeks to annul the automatic stay.  "This relief is quite extraordinary because it is retroactive, and, therefore, parties who secure such relief will have their previous actions, which may have violated the automatic stay at the time, validated after the fact. Annulling the stay is thus inconsistent with the notion that all debtors who seek the protection of bankruptcy in good faith are entitled to the 'breathing spell' created by the automatic stay. Such extraordinary relief should therefore not be commonly available. If it were otherwise, the careful balance of benefits and burdens built into the Bankruptcy Code by Congress would be thrown off kilter". *See In re Siciliano,* 167 B.R. 999, 1007 (Bank. E.D. Pa. 1994).

With few exceptions, most courts acknowledged that annulling the stay is only appropriate in the rarest of circumstances. *See, e.g., In re Shamblin,* 890 F.2d 123, 126 (9th Cir.1989) ("Any equitable exception to the automatic stay [such as annulling the stay] should be narrow and applied only in extreme circumstances."); *Albany Partners, supra,* 749 F.2d at 675 ("[T]he important congressional policy behind the automatic stay demands that courts be especially hesitant to

A282

validate acts committed during the pendency of the stay."); *Scrima v.
John Devries Agency, Inc.,* 103 B.R. 128, 135 (W.D.Mich.1989)
("annulment of an automatic stay is a radical form of relief"); *In re
Jewett,* 146 B.R. 250, 252 (Bankr. 9th Cir.1992) ("Any such equitable
exception to the automatic stay [*i.e.,* annulling the stay] should be
narrow and applied only in limited circumstances."); *In re
Barker–Fowler Electric Co.,* 141 B.R. 929, 936 (Bankr.W.D.Mich.1992)
("Annulment of the stay is an equitable remedy and should be applied
only in extreme or extraordinary circumstances."); *In re Williams,* 124
B.R. 311, 316 (Bankr.C.D.Cal, 1991) ("The power to annul the stay
must ... be exercised sparingly."); and *In re Schewe,* 94 B.R. 938, 951
(Bankr.W.D.Mich.1989) ("Retroactive relief from the automatic stay
may be ordered by a bankruptcy court in appropriate limited
circumstances.").

In *In re Boston Business Machines,* 87 B.R. 867, 871
(Bankr.E.D.Pa.1988), the court stated that annulling the stay is only
appropriate in "a small category of situations."

However, in this case, Biros deliberately violated the stay. Prior
to the state court's Order of May 13, 2022, purportedly awarding
possession and allowing Biros to sell all of U Lock's property without
judicial oversight, Petitioning Creditor notified both Biros and the
Court of Common Pleas judge of the automatic stay in this case. The
Supreme Court of Pennsylvania, which continued to have jurisdiction

A283

over the underlying case, recognized the stay immediately.  *See* Exhibit D (docket sheet recognizing stay).  After it received the *void ab initio* Order for possession – obtained without even filing a lawsuit or notifying the tenants – Biros continued prosecuting U Lock in state court. On May 20, 2022, Biros proceeded at a hearing and attempted to convince the state judge that he could proceed as well, even asking the judge to issue an Order that could help in the bankruptcy.  *See* Exhibit C.

Biros knew that her actions violated the bankruptcy stay and acted in bad faith, yet now she asks this Court to equitably annul the stay. This is different from a case where an inadvertent or technical violation of the stay occurred.  Just like calling her motion an emergency motion to obtain a snap decision, Biros' actions in the state court are similarly on par.  As an example, in *In re: Stancil,* 487 B.R. 331, 341 (Bankr. D.C. 2013), the court explained, "even if [the bankruptcy] filing was in bad faith, the court will not sanction a willful violation of the automatic stay by annulling the stay. Any bad faith on [debtor's] part is outweighed by the mortgagee's knowing violation of the automatic stay."  Therefore, this Court should not entertain an annulment or relief from the automatic stay until all equity, lien, claw back, and other issues as to the property are settled.

A284

### b. U Lock's interest in the property, its business, and subleases.

As to U Lock's interest in possessing the property, this Court in In re: *Flabeg Solar US Corp.,* 499 B.R. 47570, Collier Bankr.Cas.2d 795 (Bank.W.D.Pa. 2013), explained, " It is undisputed that the Debtor had (and continues to have) *at least* possession of the Property at the time this bankruptcy case commenced. Therefore, under the line of cases holding that mere possession is sufficient to invoke the protection of the automatic stay, the stay applies. Furthermore, this Court holds that a possessory interest, without any accompanying legal or contractual interest, is sufficient to invoke the application of the automatic stay." *Flabeg Solar* based its decision on In *Atlantic Business and Community Corporation,* 901 F.2d 325 (3rd Cir. 1997), the Third Circuit Court of Appeals, citing *In re: 48th Street Steakhouse,* 835 F.2d 427 (2nd Cir. 1987), stated, "We join with the Court of Appeals for the Second Circuit in holding that a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." *Id at* 328. In *Atlantic Business,* the Third Circuit affirmed the decision of the district court in holding that a tenancy at sufferance created a property interest protected by the automatic stay. *Id.* Although the facts presented in *Atlantic Business* are distinguishable, the Third Circuit cited approvingly to *48th Street,*

A285

and likewise held that "[t]he language of Section 362 makes clear that *mere possession* of property at the time of filing is sufficient to invoke the protections of the automatic stay." 901 F.2d at 328 (emphasis added).

Furthermore, it appears that U Lock or the trustee may have a right to claw back the deed from January 2022. Pennsylvania's law relating to voidable preferences allows a four year time to demonstrate that an action preferred a single creditor– even when the transfer constituted an involuntary transfer. Bankruptcy law allows for one year when a creditor– such as Biros – yielded considerable influence, and ninety (90) days regardless of the circumstances. Petitioning Creditor certainly has an interest in the property with her perfected judgment lien on it before the preferential transfer to Biros in January 2022.

Regardless, the deeds filed in January 2022,which were neither signed by a judge nor had their language reviewed, directly conflicts with both the original decision of the Court of Common Pleas and the Superior Court of Pennsylvania which stated that the corrective deeds indeed made U Lock the owner of the property. There are two competing deeds on file with the Westmoreland County Recorder of Deeds. The Recorder did not make notations prioritizing one or the other.

Considering this, the unilateral filing of non-judicial deeds– not

signed by a judge, that claims the original deeds were void directly

conflicts with the decisions.  As explained above, both the common

pleas court and the Superior Court of Pennsylvania found that the

2018 deeds transferred ownership to Biros.

Moreover, U Lock made an argument to the state court that no

mandate ever came from the Superior Court because of a stay by the

Supreme Court rendering the actions of the state court to be without

jurisdiction. *See* Pa.R.A.P. 1701.   It is understood that U Lock took

appeals from both the January 2022 Order and the *void* May 13,

2022, Order for possession challenging the jurisdiction of the state

court.  The petitioning creditor took an appeal as well because of the

portions of the Order that allow Biros to sell U Lock's other property

and use it to offset her costs.  These appeals should be stayed because

this Court will need to take the property, determine ownership and

lien priority, sell it, and compensate all the creditors.

Finally, U Lock maintains leases to many third-party property

storage customers.  Counsel for Biros stated at the April 2022 hearing

that, "They raised the issue of the tenants, it is a series of lockers and

storage sites. We have no problem whatsoever, Your Honor. We will

blockade the site then if they will give us lists of their clients we will

send out notice letters to them telling them to come and pick up their

stuff. If people do not come we will advertise for it. At the end of that

we will do what we are entitled to do with unclaimed property." *See*

Entry 18, Biros' Amended Exhibit I.   This procedure will subject U

Lock to more liability considering that these customers may have

prepaid for their tenancy– yet they were provided no orderly notice

from the state court or opportunity to participate.

    For this reason, the stay cannot be lifted at this time.

### c. Biros' request for possession and to sell all found U Lock property

    In the state court action, tenants and creditors were not invited

to participate.  Despite knowing a stay existed, the Common Pleas

Court rendered an Order not only allowing possession, but also

<u>levying all of U Lock's non-real property and allowing it to be sold by</u>

<u>Biros</u> to cover the expenses of removing items.  *See* Exhibit B ("Such

writ will authorize levy and sale of any property of Defendant U Lock

to satisfy (a) the costs of the levy; (b) any unpaid property taxes; and

(c)  the costs of removal of rubbish, trash, used cars and any other

environmental hazard located on the property)."  This goes far beyond

any simple possession of property issue, but allows a single, preferred

creditor, to take everything U Lock owns and sell it to cover

non-itemized and unclear expenses.

    However, in Pennsylvania, you must file an action for ejectment,

not a quick motion without notice to the public, the tenants, or the

other creditors.   Ejectment is an action filed by a plaintiff who does

not possess the land but has a right to possess it, against a defendant

who has actual possession." *Siskos v. Britz,* 567 Pa. 689, 790 A.2d 1000, 1006 (2002); *see also Soffer v. Beech,* 487 Pa. 255, 409 A.2d 337 (1979). " 'Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and [the plaintiff] has a present right to immediate possession.' " *Siskos,* 790 A.2d at 1006 (quoting *Brennan v. Shore Bros.,* 380 Pa. 283, 110 A.2d 401, 402 (1955) .

It does not appear that Biros sought ejectment in her lawsuit against U Lock. She never averred that her deed was superior.  She did not notify the tenants.  Instead, Biros filed a motion and the judge granted it when he learned of this bankruptcy despite having cancelled the hearing due to the automatic stay.  Certainly, Biros' request that she can just sell everything U Lock owns to pay for her expenses defies logic and is unheard of– especially where the environmental problems came with the property, not from U Lock.

### d. Possession affects U Lock's leases and exposes it to liability

U Lock is a storage facility with active tenants– tenants that prepaid.  Providing Biros with possession, when it never served the tenants, will necessarily bring additional claims against debtor, harming the estate.  The tenants, who maintain leases, maintain a right to be told they are being moved and their property impounded by Biros.  This Court cannot allow this type of "plan" by Biros to move forward.  Moreover, the leases it rendered constitute property of the

estate and must be disposed of, abandoned, or otherwise resolved before Biros can violate them and simply evict tenants.

### e. 11 USC 362(b)(10) does not apply.

Biros recognizes that 11 USC 362(b)(10) does not  specifically apply, but attempts to convince this Court to expand it to this situation.  Section 362(b)(1)  addressed a problem where a lease terminated and enterprises filed bankruptcy simply to prolong the lease.  In this case, there exists no lease.  Rather, there is a dispute as to ownership and whether a *voidable* transfer occurred.  U Lock, if placed in bankruptcy, can claw back the transfer, sell the property, and pay all of the creditors.  This is the required result where a multi-million dollar property is being hijacked by a single creditor with a $350,000 unsecured claim.

If Congress desired to eliminate the automatic stay for properties in situations like the present one, when it enacted 11 USC 362(b)(10), it could have included language.  This Court cannot expand the statute where there exists no Congressional intent.

### IV. THERE CAN BE NO ABANDONMENT PROPERTY AT THIS JUNCTURE

It appears unclear what property Biros demands this Court to abandon.  She does not itemize the possessions U Lock maintained in the storage sheds.   Nevertheless, she asks this Court to abandon the unknown items so she can sell them pursuant to the *void* state court

order. Biros also appears to desire that this Court abandon the real property without this Court evaluating the value thereof despite the fact that a fair sale of the property could pay all of the creditors, including Biros. This is why Biros fights so hard–because she desires an unjust enrichment and to obtain a multi-million dollar property for a few hundred thousand dollars without regard to the other creditors.

Biros cites no case law to suggest that a creditor can seek to abandon property of an estate before a trustee is even appointed. In *In re: Wideman*, 84 B.R. 9718 Collier Bankr.Cas.2d 650 (Bank. W.D. Tx. 1988), the Court explained that, while a creditor can move to *compel* a trustee to abandon property, it must be done after full notice and a hearing with all creditors receiving notice. In *Wideman*, the Court specifically found that the creditors received inadequate notice, as here.

Regardless, there can be no basis for this Court to abandon all of U Lock's property – including possessions not itemized and a high value property worth more than Biros' unsecured claim.

As to the environmental problems, they have existed prior to the purchase of the property. The property in question can be sold for well more than the debts of the estate. Therefore, there is no basis to abandon the property.

A291

## V. **Conclusion**

Based on the above, the motion filed by unsecured creditor

Christine Biros should be denied.

### <u>DECLARATION OF SHANNI SNYDER</u>

The above facts as stated are true and correct to the best of my knowledge, information, and belief.  I filed the bankruptcy against U Lock in good faith because I believed that U Lock is not paying its bills as they become due, its assets are being conveyed to a single creditor without notice of participation to the other creditors, and that I hold an undisputed debt in excess of $10,000 with less than 12 other unsecured, non-insider creditors.  I did not include my potential claim against U Lock on my 2018 bankruptcy petition because I did not fully understand that they owed me money for doing work.  I was not receiving any compensation from U Lock and I did not receive a salary. I made it clear to the federal judge that they did not pay me anything. I did not begin to research my labor rights until 2020 when U Lock informed me that I would never receive a position with the Company, that its property was being given to Christine Biros, etc.  My research of the Fair Labor Standards Act occurred after my bankruptcy and I learned that I could take action for the work I did even if U Lock said I did it for "sisterly love" or contingent upon their profitability.  This is why it was not included in my schedules.  Even if the time prior to May 2018 was removed from my judgment, it would still exceed $10,000.  I declare under the penalty for perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. 28 USC 1746.

Respectfully submitted,

Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
shannis@pm.me
(412) 218-1750

PETITIONING CREDITOR

CERTIFICATE OF FILING AND SERVICE

I, Shanni Snyder, certify that all participants to this case have joined the Court's Electronic Case Filing Service and will receive a copy of this document and the attached exhibits through that system and notification when the document is filed.

In addition, I certify that I filed this document on May 31, 2022, by depositing with the Clerk of Court's filing box.

Shanni Snyder

A294

## ABSTRACT OF JUDGMENT

### Notice

4758 of 2021

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. § 6323(f), creates a lien on all real property of the defendant(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

| Names and Addresses of Parties against whom judgments have been obtained | Names of Parties in whose favor judgments have been ordered |
|---|---|
| U LOCK INC. also known as<br>U-LOCK INC.<br>14140 Route 30<br>North Huntingdon PA  15642 | SHANNI SNYDER<br>14390 Route 30<br>North Huntingdon, PA  15642 |
| DOB(if available): --<br>Drivers Licence (if available): --- | Docket No. 2:21-cv-00904 |

| Amount of Judgment | Date Judgment Entered on Docket |
|---|---|
| $262,702.00 plus post-judgment interest<br>$402 costs | October 18, 2021 |
| | Credits:<br>none |

FILED PROTHONOTARY'S OFFICE WESTMORELAND COUNTY
2021 DEC 15  AM 10: 10
CHRISTINA O'BRIEN PROTHONOTARY

### UNITED STATES OF AMERICA
### UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I CERTIFY, That the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Dated:  12/14/2021

Joshua C. Lewis, Clerk

By   Karen Sawdy                          , Deputy Clerk

**EXHIBIT A**          A295

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
## CIVIL ACTION – LAW

**SHANNI SNYDER**

**Plaintiff**

Vs.

**Case No. 21JU04758**

**U LOCK INC a/k/a
U-LOCK INC**

**Defendant**

**NOTICE OF THE ENTRY OF JUDGMENT** on the 15TH day of DECEMEBR, 2021 in the amount of $262,702.00 in the above captioned action.

**Prothonotary**

## THIS IS A NOTICE ONLY!

A296

A297

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA CIVIL DIVISION**

CHRISTINE BIROS, an individual,          CIVIL DIVISION

   Plaintiff,          No. 17CJ04886

  vs.

         ORDER OF COURT

U LOCK, INC., a Pennsylvania
corporation,

   Defendant.

**ORDER OF COURT**

AND NOW, this _13th_ day of _May_, 2022, it is hereby

ORDERED and DECREED that:

 1. The Prothonotary of Westmoreland County is directed to issue a Writ of

Possession to the Sheriff of Westmoreland County for property situate at 14140 Route 30, North

Huntingdon, PA 15642, with a Tax Map No. 54-03-10-0-10 (the "Property") against Defendant

U Lock, Inc. and in favor of Plaintiff Christine Biros.

 2. Such Writ will authorize levy and sale of any property of Defendant U Lock to

satisfy (a) the costs of the levy; (b) any unpaid property taxes; and (c) the costs of removal of

rubbish, trash, used cars and any other environmental hazard located on the Property.

 3. Defendant U Lock within five (5) days will comply with the Order of the

Pennsylvania Supreme Court to pay all due and unpaid real estate taxes on the Property.

 ~~4. Defendant U Lock within ten (10) days post financial security in an amount of~~

~~_____ to pay for any environmental remediation which is necessary.~~

_Denied
Without
Prejudice
to #4 only._

ATTEST:
GINA O'BARTO
PROTHONOTARY
_Gina O'Barto_

BY THE COURT:

**EXHIBIT B**          A298

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA.
## CIVIL ACTION – LAW

**CHRISTINE BIROS, an individual,**
**Plaintiff(s)**

Case No.  X 4886 OF 2017

**WRIT OF POSSESSION**

Vs.

**U LOCK, INC., a Pennsylvania corporation,**
**Defendant(s)**

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF WESTMORELAND**

**TO THE SHERIFF OF WESTMORELAND COUNTY:**

**To satisfy the judgment for possession in the above matter you are directed to deliver possession of the following described property to CHRISTINE BIROS, an individual,**

**14140 Route 30, North Huntingdon, PA 15642, with a Tax Map No. 54-03-10-0-10**

**(2) To satisfy the costs against U LOCK, INC., a Pennsylvania corporation you are directed to levy upon any property of U LOCK, INC., a Pennsylvania corporation and sell (his, her, their, its) interest therein.**

Date:  May 13, 2022

_Gina O'Barto_

_____
Prothonotary

_____
Deputy

**LAW FIRM OF WILLIAM E. OTTO**
**WILLIAM OTTO, ESQUIRE**

COPY

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA.

CIVIL DIVISION

* * *

CHRISTINE BIROS,                    )       No. 4886 of 2017
                                    )
                Plaintiff,          )
                                    )
        vs.                         )
                                    )
U LOCK, INC.,                       )
                                    )
                Defendant.          )

* * *

HEARD:  Friday, May 20, 2022

    BEFORE:  The Honorable Harry F. Smail, Jr., Judge

* * *

TRANSCRIPT OF MOTION TO AMEND THE RECORD
AND MOTION FOR SANCTIONS

* * *

A P P E A R A N C E S :

On behalf of the Plaintiff:

        WILLIAM E. OTTO, ESQ.

On behalf of the Defendant:

        ALAN ROTH, ESQ.

**EXHIBIT C**

1

A301

1       FRIDAY, MAY 20, 2022 - 9:49 A.M.
2              P R O C E E D I N G S
3                   * * *
4              THE COURT:  Call the case of Christine Biros,
5       plaintiff, versus U Lock, Inc. as defendant.  Case
6       number 4886 of 2017.
7              Will counsel please enter their appearance
8       for the record.
9              MR. OTTO:  Your Honor, I'm William Otto
10      representing Christine Biros.
11             MR. ROTH:  Alan Roth on behalf of U Lock.
12             THE COURT:  Let's first talk.  The Court is
13      indicating at this particular number, and the Court
14      notes that all appellate rights at this particular
15      number, 4886 of 2017, have been exhausted, that the
16      Court received from a nonparty who has no involvement in
17      the underlying Common Pleas case, nor the Superior Court
18      case, nor the allowance for appeal to the PA Supreme
19      Court case, nor the deferential treatment by the Supreme
20      Court of Pennsylvania for consideration of the Supreme
21      Court of the United States any interest at all filing a
22      notice of appeal at this number.
23             The Court did receive what is noticed as a
24      notice of appeal, but there's no standing.
25             Mr. Otto, if you'd like to address that.

**2**

1          MR. OTTO:  Your Honor, my only comment is,

2     first of all, that under Rule 2329(3), you have the

3     discretion to deny any request for intervention.  The

4     entry of appearance was filed using a form from family

5     court.  Wasn't even the normal petition for leave to

6     intervene.

7          So, I see no reason why this shouldn't be

8     stricken from the docket.

9          THE COURT:  Okay.  Do you want to make any

10    comment on this Shanni Snyder notice of appeal?

11         MR. ROTH:  No comments.

12         THE COURT:  Do you stand opposed to the oral

13    motion to strike it from the docket?

14         MR. ROTH:  I have no position on that.

15         THE COURT:  That's fine.  That's all I'm

16    asking.  You don't have to take a position.  You can

17    simply say no --

18         MR. ROTH:  No position.

19         THE COURT:  You're not involved in that.

20    Let's get back to Mr. Roth.  I gave you a pretty

21    thorough set of instructions relative to the caption.

22    Did you do anything to correct it?

23         MR. ROTH:  Yes, Your Honor.  I brought it to

24    your office three days ago.  I think it's waiting for

25    your signature to do what you asked to have done.

1          THE COURT:  Let me see here.  I got a notice

2    for bankruptcy.  Then I got your response to the

3    objections, filed.  I have a letter of May 18th from

4    Mr. Otto.  So this is the U Lock motion to correct

5    and/or strike the erroneous caption, correct?

6          MR. ROTH:  Yes.

7          THE COURT:  Did you see that, Mr. Otto?

8          MR. OTTO:  I did.  Given, Your Honor, it

9    looks like it was filed yesterday in the Prothonotary's

10   office, it should have been done several weeks ago.

11         THE COURT:  Right.

12         MR. ROTH:  It was delivered to your office,

13   Your Honor, about three days ago.  However, if I could

14   suggest to the Court --

15         THE COURT:  My understanding is we were here,

16   I think, end of April.

17         MR. OTTO:  22nd of April, Your Honor.

18         THE COURT:  22nd of April.  What took a

19   month?

20         MR. ROTH:  Well, what it was, I was diagnosed

21   with cancer, and that cancer was very far along.  That

22   interrupted everything I was doing.  I was doing all

23   kinds of testing and things.  That's why it took that

24   long to get it done.

25         THE COURT:  Mr. Otto, did you get an

**4**

A304

1    opportunity to review the Order of Court attached to his

2    motion and do you have any objection to it?

3               MR. OTTO:  Your Honor, I just --

4               THE COURT:  As far as the wording is all

5    I'm --

6               MR. OTTO:  I saw that you have already

7    changed it on your order on the 13th.  Based on that,

8    Your Honor, I didn't look at it any further.

9               With all due respect to Mr. Roth's action, I

10   think your order on the 13th of May takes care of the

11   issue.

12              THE COURT:  I'll grant in part and deny in

13   part basically and refer to the order back to the May

14   13th sui sponte order that I issued.

15              MR. ROTH:  Yes.

16              THE COURT:  That issue is completed then.  We

17   are here today.  Mr. Otto, for the record's sake, would

18   you like to address your May 18th, 2022, correspondence

19   just so that we establish it on the record?

20              MR. OTTO:  Yes.  First of all, as Your Honor

21   is aware, there's been an involuntary Chapter 7

22   bankruptcy filing against U Lock.  And under the federal

23   bankruptcy code, an automatic stay goes into effect.

24              So, the purpose of this presentation this

25   morning, Your Honor, I want to make very clear has

**5**

1    nothing to do with U Lock specifically.  I'm not asking

2    for you to rule on anything related to U Lock

3    specifically.

4            But the motion that I submitted to you

5    previously for sanctions included request for sanctions

6    against both Mr. Roth as well as George and Cash Snyder.

7    I would like you to consider those.

8            Just to point out a couple of things related

9    to our previous hearing, Your Honor.  At that hearing,

10   Mr. George Snyder agreed to provide information related

11   to old cars that were on the site.  He agreed that he

12   would provide the name of the police officer that he

13   spoke to, as well as copies of various releases he

14   claims he had from car owners.  That was to be delivered

15   on the Tuesday following the April 22nd hearing.

16           I have not received anything from either

17   Mr. Roth -- and I wouldn't expect to receive it directly

18   from Mr. Snyder, but I didn't receive anything from

19   Mr. Roth.

20           Second, Mr. Snyder said the taxes would be

21   paid on the property.  They have not been paid.  I don't

22   expect them to get paid now because that is an

23   obligation of U Lock, and it's certainly stayed by the

24   bankruptcy petition.

25           But I believe that goes to the fact that

1     there have been no commitments made by the principals of

2     U Lock which have been kept, and, of course, the last

3     item is the estate release.  It had to be executed, and

4     that required your action.  Otherwise, it wouldn't have

5     been done until the last couple of days.

6              With that in mind, if you look at the motion

7     that I filed or the information that I filed to

8     supplement your request, there is a summary that shows a

9     number of invoices for -- that came after or -- on or

10    after November 2019.

11             Mr. Roth made the point that he believes any

12    actions of his prior to the date of his bankruptcy

13    petition would have been discharged.  Regardless of

14    whether that's right or not, a substantial amount of

15    what we have complained about took place after that

16    date.

17             You may not recall, Your Honor, but in

18    November we began hearings on his post-trial motions.

19    And subsequent to that he filed appeals in the Superior

20    Court and a Petition for Leave to Appeal to the Supreme

21    Court.  And at every step, he again raised the issue of

22    my client's source of funds.

23             So I believe the motion is still relevant.

24    Even if you exclude the invoices for matters prior to

25    November, it still runs around 8 to $9,000, which

**7**

1  whether that amount would be collectible is up in the

2  air, Your Honor.  But at least --

3          THE COURT:  Well, your motion suggests or

4  your supplemental -- I want to call it right.  Your

5  evidence in support that was filed supports $14,280, but

6  your request for sanctions is $20,000.

7          MR. OTTO:  Yes.

8          THE COURT:  So we have $5,720 that are not

9  established.  Your request for that is for damages you

10  felt your client sustained because of the malfeasance or

11  behaviors on the other side of the case.  I have to

12  consider what actual damages are.

13          And if you follow the precedent law, unless

14  there's some evidentiary presentation of actual damages

15  sustained as a result of even misuse of freedom of

16  speech to the defamatory effect of somebody's

17  reputation, you would have to represent or present

18  evidence in support of it, even if it's not the full

19  request, but enough to establish that I can take actions

20  on established damages.

21          Do you have that to present today?

22          MR. OTTO:  May I speak with my client?

23          THE COURT:  Sure.

24  (Indulgence)

25          MR. OTTO:  Your Honor, I'm not sure we can

**8**

1      quantify anything.  With that in mind . . .

2                THE COURT:  That was a concern of mine,

3      obviously for the balance of the demand or request.

4      Because if there's not quantification, I'm precluded by

5      precedent law as to what remedies I can make available

6      within an Order of Court because I don't want to create

7      an automatic additional appellate issue.

8                MR. OTTO:  I understand, Your Honor.

9                THE COURT:  Mr. Roth, obviously at this point

10     in time there's a Chapter 7 bankruptcy that you served

11     me a notice on relative to U Lock, Inc.  Now there's a

12     question of whether or not the sanctions can be imposed

13     upon George and Cash Snyder, joint and severally, that

14     are not necessarily protected by the bankruptcy

15     pleading.

16               So, do you want to respond to that?

17               MR. ROTH:  Well, Your Honor, we believe that

18     the bankruptcy pleading stays all activity in this case,

19     because the case does involve U Lock, and we believe the

20     stay -- and I actually have a copy of the section that

21     grants the stay right here if you want to see that.

22               THE COURT:  If you want to bring that up,

23     I'd be happy to.  I want to touch base on one thing.

24     You gave me a Rule of Civil Procedure rule.

25               MR. OTTO:  2329(3.

1          THE COURT:  That'll save my law clerk time to

2     look it up.

3          MR. ROTH:  I believe that the automatic stay

4     stays all proceedings in this case because U Lock is an

5     active participant in the case.  Therefore, we don't

6     believe that anything should be happening today with

7     regard to these issues.

8          Once the bankruptcy is resolved, then we can

9     come back and revisit these issues then if we need to do

10     that.  And I believe that's how it should happen.

11          THE COURT:  How does your bankruptcy

12     petition, though, in any way void my prior orders for

13     the receipt of deeds and possession of the property

14     since they were prior to the filing of the bankruptcy?

15          MR. ROTH:  Well, first of all, we did not

16     file the bankruptcy.  Shanni Snyder filed the

17     bankruptcy.

18          THE COURT:  No.  She filed a suggestion for

19     bankruptcy, and then apparently somebody received --

20     acknowledged it.

21          MR. ROTH:  Well, what happened is --

22          THE COURT:  My question is, how does she have

23     standing other than the liquidated damages to the labor

24     and wage case that she had in the federal court against

25     U Lock where she doubled her damages because of the

**10**

1   liquidation claim, which I'm aware of to suggest

2   bankruptcy based on those claims, but how does that

3   relate back to Shanni Snyder's claims as to the

4   property, the possession thereof and ownership that

5   we've already established after the exhaustion of appeal

6   back to Christine Biros?

7           MR. ROTH:  Well, the bankruptcy -- the

8   bankruptcy is an involuntarily bankruptcy.

9           THE COURT:  I understand that.  But it's

10  filed by a nonparty.

11          MR. ROTH:  Yes.

12          THE COURT:  As to the relationship of this

13  case number Christine Biros versus U Lock, Inc., Shanni

14  Snyder's claims are based from a federal lawsuit under

15  labor and wage which was defaulted, which kicks in then

16  the automatic doubling of the damages and liquidated

17  damages which Judge Colville entered.

18          So, she has the suggestion of bankruptcy for

19  U Lock relative to that claim and what they have.  But

20  if properties have already been deeded, transferred and

21  then are simply up for possession prior to that

22  bankruptcy being filed, which is the case here, what's

23  your position on that?

24          To be quite honest, you're asking us to stay

25  this automatically for related claims that have nothing

**11**

A311

1    to do with Christine Biros, but they do relate to

2    U Lock, Incorporated.

3          MR. ROTH:  Well, because of the automatic

4    stay, which you have in front of you, that stays all

5    proceedings against U Lock.  It stays all proceedings.

6          THE COURT:  Okay.  And I'll grant you that.

7    Let's say it stays it from the date it was filed before

8    the U.S. Bankruptcy Court, which is April 28th, 2022.  I

9    issued orders before that granting the deeds to

10    Christine Biros and the properties to her prior to the

11    bankruptcy.  So the automatic stay doesn't protect that.

12          MR. ROTH:  I'm not saying that it does.  I

13    understand what you're saying.

14          THE COURT:  So she can continue to move for

15    possession of her properties that she owns by deed,

16    because that's prior to the bankruptcy.  That's not a

17    protected field under the automatic stay, because the

18    claim was made after the events that transpired and

19    after the exhaustion of the appeals through the state

20    system and your allowance for consideration to enter

21    into the federal system.  And you didn't do it.

22          MR. ROTH:  I believe that the stay covers any

23    of these proceedings today.  I believe that that's what

24    the stay does.

25          THE COURT:  But you don't have an Order of

A312

1    Court that tells me it does.  You just have the U.S.

2    Code Title 11 Subsection 362.  But that doesn't stay

3    prior events before the date of the bankruptcy

4    proceeding.  Or the filing thereof.

5              MR. ROTH:  It stays all actions against

6    U Lock.

7              THE COURT:  Those actions are done.  That's

8    what I'm trying to say.  They are not proceedings that

9    are going on.  She already has the ownership of the

10    property.  So therefore -- and by right, it's her

11    property.  Now she can remove off anybody that she sees

12    as a squatter on her property by eviction, because

13    that's -- it's prior to the bankruptcy, unless you have

14    some case that indicates to me this real property is at

15    issue.

16              But the real property isn't even at issue in

17    the bankruptcy because it's not even an asset on April

18    the 28th, 2022 at 4:53 p.m. when Shanni Snyder filed

19    this.

20              MR. ROTH:  We still believe the stay applies.

21    If you disagree with that --

22              THE COURT:  Well, if I disagree with that and

23    I enter an order to that effect, obviously you can have

24    it reviewed by the bankruptcy court judge, who then

25    could, under the supremacy clause, indicate to the state

**13**

1    court that an order issue suspending that possession.

2            But I think you're going to have to establish

3    with the Western District Bankruptcy Court a precedent

4    that indicates that or something statutorily that

5    applies under U.S. Code 11 Subsection 362 that is a

6    mandate that applies to a state enforcement of prior

7    conduct which is completed before the bankruptcy begins.

8            That's the dilemma.  It's the timing of when

9    the bankruptcy began.  I think you would be correct here

10   if this thing started prior to my April -- I believe

11   22nd Order of Court.  If it was prior to the April 22nd

12   Order of Court of 2022, then you would have standing to

13   say I'm automatically stayed.  This came in six days

14   after that order went into effect.

15           MR. ROTH:  I understand.

16           THE COURT:  And you don't have an appellate

17   order by mandamus or king's bench that says I must stay

18   the allowance of the state action below because all the

19   appeals are exhausted.

20           MR. ROTH:  I understand what you're saying.

21           THE COURT:  Correct?

22           MR. ROTH:  We still submit we should have the

23   protection.

24           THE COURT:  I understand.  Mr. Otto.

25           MR. OTTO:  Your Honor, if you would issue

**14**

1    such an order, that would help us in the bankruptcy

2    court.

3              THE COURT:  I think that's your third request

4    essentially is that the bankruptcy doesn't affect the

5    April 22nd, 2022, Order of Court for the deeds and

6    possession.

7              MR. OTTO:  Right.

8              THE COURT:  Okay.  I think it does confound

9    you on the taxes.  It does confound you on the vehicles.

10             MR. OTTO:  That's the order related to Shanni

11   Snyder.  Or the rule.

12             THE COURT:  Anything further that you would

13   like on the record for today?

14             I'm going to take all this under advisement.

15   I am going to look into the bankruptcy U.S. Code Title

16   11 Subsection 362 to see if there's any binding by the

17   supremacy clause as to events that transpired before the

18   bankruptcy.  Because that's the real issue.  And if it

19   does bind me and I don't have the authority and/or

20   jurisdiction, then I'll agree with your automatic stay

21   and I'm done.

22             But if there's not, then I think that the

23   Court will find that the April 22nd, 2022, Order of

24   Court can still proceed because the bankruptcy came

25   afterwards.

A315

1          MR. OTTO:  Your Honor, there is a recent

2    change to the bankruptcy code.  I'm not a bankruptcy

3    attorney, so I don't have the citation.  But it relates

4    to stays or the impact of stays on expired leases.

5          The reason for the change was that when a

6    tenant's lease expired, a tenant would often file a

7    bankruptcy petition to delay their eviction process.

8    So, the change in the bankruptcy code provided that if

9    the lease has expired, then the automatic stay does not

10   apply to efforts to regain possession.

11         I don't know the extent to which that applies

12   in this situation, but it is certainly an analogous case

13   where the debtor or U Lock has no right to the property.

14         THE COURT:  You would assume that the

15   eviction here would more or less mirror a landlord

16   tenant like lease?

17         MR. OTTO:  Yes.  That's my point, Your Honor.

18         MR. ROTH:  I can tell the Court that I've

19   done hundreds of bankruptcies, and I don't believe that

20   what he's arguing is going to apply to this particular

21   case.

22         THE COURT:  See, I would tend to agree with

23   you if it was within the time frame subsequent to the

24   filing of the bankruptcy.

25         MR. ROTH:  I understand.

A316

1      THE COURT:  Then I think I'm bound
2    automatically.  There's this question of six days before
3    I enter an order, because the appellate process or the
4    Commonwealth of Pennsylvania and then one allowance into
5    the federal statement wasn't utilized.
6            So the question is, does that escape the
7    automatic stay of the bankruptcy and is permissibly
8    permitted to proceed in the form of an eviction for
9    possession?
10            He's saying even after a bankruptcy is filed
11    under a landlord/tenant type lease expired, the
12    automatic stay doesn't apply.  I'm concerned that it
13    applies even less to an event that transpired before the
14    bankruptcy than subsequent to.  And that's our dilemma.
15            Would you prefer to have leave to brief this
16    particular issue from both sides and submit that?
17        MR. OTTO:  Your Honor --
18        THE COURT:  It wouldn't have to be anything
19    significant.
20        MR. OTTO:  On one hand, I would love the
21    opportunity to do that.  I'm also reluctant to cause my
22    client to have to spend more money to respond to
23    arguments which I believe are nonsense.
24            I have no problem, if Your Honor would like,
25    I can get the citation and any cases and provide them to

**17**

1   both you and Mr. Roth.

2         THE COURT:  Instead of a brief, legal

3   memorandum that would be in the form of a letter that

4   can be exchanged between counsel.

5         MR. ROTH:  I can do it that way.

6         THE COURT:  Here's my issue:  What I would

7   like to do is I would like to have it in short order.  I

8   don't want this languishing.  Could you have it by close

9   of business next Friday at 5 p.m.?

10         MR. OTTO:  Yes, Your Honor.

11         THE COURT:  That would give you all of next

12   week, five business days to get it together, but seven

13   days from today.

14         And it doesn't have to be in the form of a

15   brief or anything, just a legal memorandum by

16   correspondence of any citations you want me to look at

17   or review so that Caitlin, my law clerk, and I can look

18   at those items and consider your argument that the

19   automatic stay is imposed upon me.

20         I would consider Mr. Otto's position that it

21   is not imposed upon me and does not subject my

22   authority.  Is that agreeable?

23         MR. ROTH:  That's fine.

24         THE COURT:  We'll allow you to do that.  I'm

25   going to look at everything in the intervening time, and

**18**

A318

```
 1    then I'll defer ruling until after I receive the legal

 2    memorandums.  The earlier you get them to me, the

 3    earlier I can issue orders.

 4            But in reference to the Shanni Snyder case, I

 5    am going to issue an order relative to that that is

 6    permissible by Pennsylvania Rules of Civil Procedure if

 7    I feel that it's my duty to do so.

 8            MR. OTTO:  Thank you, Your Honor.

 9            MR. ROTH:  Could I just add a little bit

10    about his request for sanctions and the amount?

11            THE COURT:  Okay.  Yes.

12            MR. ROTH:  All right.  I point out when

13    preliminary objections were filed by Mr. Otto, he filed

14    five or six issues in those preliminary objections.  The

15    Court ruled on one of those.

16            Now they're making a claim and they're trying

17    to tack costs for all of this research on all of these

18    issues.

19            THE COURT:  My question to you, Mr. Roth, is

20    why didn't you file a response to his motion that would

21    calculate down off of his billable time of $14,280,

22    which I don't think should even be considered?

23            MR. ROTH:  Well --

24            THE COURT:  If that's your argument now,

25    obviously I don't have the time this morning because of
```

**19**

1   subsequent hearings that are coming up to go line by

2   line down to challenge his billable rate or his time.

3           MR. OTTO:  Your Honor, with all due respect,

4   as I said earlier, and Mr. Roth isn't looking at it

5   obviously, but my summary, if you exclude the time prior

6   to November 19th, it takes out the preliminary

7   objections.  From November 19 on was post-trial action.

8   There's a summary --

9           THE COURT:  If you look --

10          MR. OTTO:  Next page.  A little forward.  A

11  little more.

12          THE COURT:  A.

13          MR. OTTO:  And the dates are on the left-hand

14  column, Your Honor.  So if you exclude, I think, the

15  first three lines, then you get to November, my November

16  invoices.

17          THE COURT:  There's a $1050 there.

18          MR. OTTO:  The first couple were prior to the

19  November time frame.

20          THE COURT:  I see.

21          MR. OTTO:  So even if you take Mr. Roth's

22  argument about preliminary objections, that's excluded

23  from what I've said this morning.

24          THE COURT:  I see.  So there would be about,

25  looks like $3,025.  If you take those --

1          MR. OTTO:  I believe it's around 8,000, Your

2   Honor.  It's --

3          THE COURT:  I'm just looking at the summary.

4   Oh, I see what you're seeing.  The value of hours.

5          MR. OTTO:  Right.

6          THE COURT:  If you look at that, that's about

7   $18,000.

8          MR. OTTO:  Well, no.  If you look at the

9   fourth date down, that's 11-2-2019.  And then go across

10  all the way to the far right-hand corner and total those

11  three numbers.  It's around $10,000.

12         THE COURT:  I see.  Okay.

13         MR. OTTO:  And that excludes, as Mr. Roth was

14  concerned about, my time for preliminary objections.  In

15  fact, that excludes everything through trial.

16         THE COURT:  Okay.  I'm trying to follow you,

17  but your numbers aren't reconciling with my numbers.

18  Even if I take those four summation numbers to the far

19  right --

20         MR. OTTO:  If you look on the far left

21  column, you see there's one billing for 11-7-2019.  The

22  remaining three items are for billings after trial.  If

23  you go to the far right hand, there's a number 205 plus

24  7,000 plus 1050.  Those are the numbers I'm now asking

25  for sanctions for.

**21**

A321

1           THE COURT: I see. Okay. So there's a

2 modification then from the 14,280, because those are not

3 the preliminary objections or, if you will, prediscovery

4 hours billed.

5           MR. OTTO: Yes. And that is -- while I don't

6 agree with Mr. Roth's summary as to the effectiveness of

7 his bankruptcy filing, those three numbers there are

8 post his petition filing and are not discharged.

9 Whatever his theory is.

10           THE COURT: I will -- and that will be from

11 11-7 of '19 to the conclusion of that summation.

12           MR. OTTO: Yes, Your Honor.

13           THE COURT: With that modification and

14 adjustment, Mr. Roth, it goes from the 14,280, then it

15 appears to be between 8 or 9,000 dollars for the claim

16 now.

17           Are you still saying there's something else

18 that should be shaved off of it?

19           MR. ROTH: I would like to say this: For the

20 amount of time he's claiming, he's claiming six or seven

21 times the amount of time that I spent on the appeal and

22 the post-trial motions. That just doesn't seem

23 realistic.

24           Appeal and post-trial motions take time. But

25 he's taking six or seven times what my time was, and I

A322

1    don't think that's a fair analysis of the amount of time

2    that he really would have spent on those things.

3            THE COURT:  I think that goes to the weight

4    that I would put into it by experience being on the

5    bench, by being a practicing solo attorney being in

6    private practice, as to whether that has reasonableness

7    or not.

8            So whatever weight and consideration I would

9    give it to a modification based upon your assertion that

10   it's unreasonable as far as his statement.  Different

11   practices address different issues with different

12   insight and time.

13           I don't know how many times he had to meet

14   with his client to gain information.  That would have

15   added to his response time.  There's a lot of factors

16   that would have come into it.  Is there a whole load of

17   research that you had to look into issues?

18           MR. OTTO:  I had to not only read the cases

19   that he cited, I had to prepare my own brief.

20           Quite frankly, Your Honor, his brief was so

21   disjointed, I had to reorder the whole thing in order to

22   make sense of it for appellate purposes and for your

23   purposes.

24           THE COURT:  Okay.  I'll give it the weight

25   and credibility that I believe is reasonable and uses

A323

1   common sense relative to that.  Thank you very much.

2            Anything further from counsel?

3            MR. ROTH:  Nothing, Your Honor.

4            THE COURT:  All right.  We're concluded and

5   adjourned.  I'll be looking for legal memorandums by

6   5 o'clock next Friday.

7            MR. OTTO:  Thank you very much, Your Honor.

8

9            PROCEEDINGS ADJOURNED AT 10:25 A.M.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A324



**Supreme Court of Pennsylvania**

**Allocatur Docket Sheet**

**Docket Number: 259 WAL 2021**

**Page 1 of 3**

**May 29, 2022**

CAPTION

Christine Biros, an individual, Respondent

v.

U Lock Inc., a Pennsylvania Corporation, Petitioner

CASE INFORMATION

| | |
|---|---|
| Initiating Document: | Petition for Allowance of Appeal |
| Case Status: | Active |
| Journal Number: | |
| Case Category: | Civil |

| Case Type(s): | |
|---|---|
| | Declaratory Judgment |
| | Equity |
| | Quiet Title |
| | Real Property |

CONSOLIDATED CASES                          RELATED CASES

COUNSEL INFORMATION

| | |
|---|---|
| Attorney: | Roth, John Allen |
| Address: | 805 S Alexandria |
| | Latrobe, PA 15650 |
| Phone No: | (724) 537-0939 |
| Receive Mail: | Yes |
| Receive EMail: | Yes |
| Representing: | U Lock Inc., Petitioner |
| Pro Se: | No |
| IFP Status: | |

Email:

| | |
|---|---|
| Attorney: | Otto, William E. |
| | Law Firm of William E. Otto, Esq. |
| Address: | Po Box 701 |
| | Murrysville, PA 15668 |
| Phone No: | (724) 519-8778 |
| Receive Mail: | Yes |
| Receive EMail: | Yes |
| Representing: | Biros, Christine, Respondent |
| Pro Se: | No |
| IFP Status: | |

Email:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**EXHIBIT D**

A326

## Supreme Court of Pennsylvania



## Allocatur Docket Sheet
## Docket Number:  259 WAL 2021
## Page 2 of 3

## May 29, 2022

SUPREME COURT INFORMATION

Appeal From:
Appeal Filed Below:

| | | | |
|---|---|---|---|
| Probable Jurisdiction Noted: | | Docketed Date: | August 27, 2021 |
| Allocatur/Miscellaneous Granted: | | Allocatur/Miscellaneous Docket No.: | |
| Allocatur/Miscellaneous Grant Order: | | | |

FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 08/27/2021 | Petition for Allowance of Appeal Filed | 90.25 | 08/27/2021 | 2021-SUP-W-002013 | 90.25 |

INTERMEDIATE APPELLATE COURT INFORMATION

| | | | |
|---|---|---|---|
| Court Name: | Superior | Docket Number: | 1841 WDA 2019 |
| Date of Order: | May 21, 2021 | Rearg/Recon Disp Date: | July 28, 2021 |
| | | Rearg/Recon Disposition: | Denied. |
| Judge(s): | Shogan, Jacqueline O. | | |
| | Stabile, Victor P. | | |
| | King, Megan | | |
| Intermediate Appellate Court Action: | | Affirmed. | |
| Referring Court: | | | |

AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Court Below: | Westmoreland County Court of Common Pleas | | |
| County: | Westmoreland | Division: | Westmoreland County Civil Division |
| Date of Agency/Trial Court Order: | January 6, 2020 | | |
| Docket Number: | 17 CJ 04886 | | |
| Judge(s): | Smail, Harry F. | OTN: | |
| Order Type: | Judgment | | |

ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content/Description |
|---|---|---|
| | | |

**Record Remittal:**

DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Related Journal No: | | Judgment Date: | |
| Category: | Decided | Disposition Author: | Per Curiam |
| Disposition: | Order Denying Petition for Allowance of Appeal | Disposition Date: | January 19, 2022 |
| Dispositional Filing: | | Author: | |
| Filed Date: | | | |

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number:  259 WAL 2021**

**Page 3 of 3**

**May 29, 2022**

DISPOSITION INFORMATION

DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **August 27, 2021** | **Petition for Allowance of Appeal** | | |
| | | Petitioner | U Lock Inc. |
| **August 27, 2021** | **Reproduced Record** | | |
| | | Petitioner | U Lock Inc. |
| **September 8, 2021** | **Answer to Petition for Allowance of Appeal** | | |
| | | Respondent | Biros, Christine |
| **January 19, 2022** | **Order Denying Petition for Allowance of Appeal** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 19th day of January, 2022, the Petition for Allowance of Appeal is DENIED.

| **January 19, 2022** | **Order Exited** | | |
|---|---|---|---|
| | | | Office of the Prothonotary |
| **February 2, 2022** | **Application Pursuant to Pa.R.A.P. 2572(c) to Stay Remand of Record Pending US Supreme Court Review** | | |
| | | Petitioner | U Lock Inc. |
| **February 15, 2022** | **Answer to Application to Stay Remand and Application for Appropriate Security** | | |
| | | Respondent | Biros, Christine |
| **March 16, 2022** | **Order Granting Stay of Remand of Record Pending US Supreme Court Review** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 16th day of March, 2022, the Application to Stay Remand of Record Pending United States Supreme Court Review is GRANTED.   Additionally, in accordance with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real estate taxes and to keep such taxes current during the pendency of its occupancy of the Property.

| **March 16, 2022** | **Order Exited** | | |
|---|---|---|---|
| | | | Office of the Prothonotary |
| **May 11, 2022** | **Bankruptcy Notice - Action Stayed** | | |
| | | | Supreme Court of Pennsylvania |

CROSS COURT ACTIONS

Docket Number:                                          1841 WDA 2019

A329

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

CHRISTINE BIROS, AN INDIVIDUAL,  :  No. 259 WAL 2021
              Respondent       :
                         :
                v.            :
                         :
U LOCK INC., A PENNSYLVANIA  :
CORPORATION,  :
                   :
           Petitioner       :

## ORDER

**PER CURIAM**

    **AND NOW**, this 16th day of March, 2022, the Application to Stay Remand of Record Pending United States Supreme Court Review is **GRANTED**.  Additionally, in accordance with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real estate taxes and to keep such taxes current during the pendency of its occupancy of the Property.

**EXHIBIT E**
A330



THIS LOAN AGREEMENT BETWEEN Ulock
INC. (BORROWER) A PENNSYLVANIA CORPORATION AND
CHRISTINE BIROS (LENDER) AND/OR CANDIDOR
COLLATERAL/2013 FROM SLT BANK THE
SUM OF $ 325,316 BY THE TERMS &
CONDITIONS OF THE PAYMENT IN 11 & 7
AGREED UPON ON OR BEFORE 8/16/15 (LENDER)
WILL SET TERMS IF AGREEMENT IS NOT
SATISFIED BY THAT DATE.

Raja Syl Pierce
Ulock Inc.
7/16/15

PLAINTIFF'S
EXHIBIT
EXHIBIT F
4886C117

**Ms. Christine Biros**
**P.O. Box 550**
**1985 Lincoln Way**
**White Oak, PA 15131**

May 5, 2017

Mr. George Snyder
U-Lock Inc.
14140 State Route 30
North Huntingdon, PA 15642

    **RE:**    **Loan from Christine Biros to U Lock Inc.**

Dear Mr. Snyder:

    The purpose of this letter is to document a loan (the "Loan") to U-Lock Inc. (the "Borrower") from me (the "Lender") for the purchase of real estate located at 14140 State Route 30, North Huntingdon, PA 15642 (the "Property"). On July 16, 2015 (the "Loan Date"), the sum of Three Hundred Twenty-Five Thousand and no/100 Dollars ($325,000.00) (the "Proceeds") was advanced to the Borrower to purchase the Property.

    On the Loan Date, the Proceeds were paid to the sellers of the Property. At that time, the Borrower delivered a signed document to me committing to terms of payment to be agreed upon on or before August 16, 2015. The document also provided that in the event no agreement was reached, the Lender would set the terms of payment. That date has passed with no agreement having been reached.

    In addition, despite the passage of almost two years, the deeds which were delivered to the Borrower (the "Deeds") evidencing the transfer of title to the Property to the Borrower have not been recorded and no repayments of the Proceeds have been made.

    Since U-Lock has had access to the Property and the use of the Proceeds for almost two years, I have added the accrued interest to the Proceeds in order to establish the amount of the Loan. Based on the date on which the Proceeds were advanced, July 16, 2015, using an interest rate of nine percent (9.0 %) and assuming that this transaction closes on or before June 15, 2017, the amount of interest to be added to the Proceeds is Sixty Thousand Nine Hundred Thirty-Nine and 85/100 Dollars ($60,939.85).

    As a condition to proceeding with this Loan transaction, there will be guarantee agreements signed and delivered by you, Kash Snyder and Erik Martin. All three have been involved in this transaction in one manner or another and since no payments have been made since July 16, 2015, it is appropriate that all three execute guarantees assuring the Lender of repayment. You, Kash Snyder and Erik Martin are collectively referred to in this letter as the "Guarantors".

    Accordingly, the Borrower and Guarantors agree as follows.

1.    The following transaction will be closed on or prior to June 15, 2017 (the "Closing Date").

2.    On the Closing Date, the Borrower and the Guarantors will execute and deliver appropriate loan documents to evidence and secure the Loan. The loan documents will


DEFENDANT'S EXHIBIT

**EXHIBIT G**

A334

Mr. George Snyder
U Lock Inc.
May 5, 2017
Page 2

          include, but not be limited to, the following: a Note, a Mortgage and an Assignment of
Leases and Rents, all executed by the Borrower, and Guarantees executed by the
Guarantors. In addition, the Borrower will provide appropriate corporate documents
evidencing the Borrower's authorization of the Loan. All documents and documentation
will be in form acceptable to Lender and Lender's counsel.

3.     The Note will be in the face amount of the sum of Three Hundred Eighty-Five Thousand
Nine Hundred Thirty-Nine and 85/100 Dollars ($385,939,85) plus the additional charges
advanced by the Lender pursuant to Section 5 below.  The Note will bear interest at an
annual rate of nine percent (9.0 %) per annum, with monthly payments of principle and
interest, based on an amortization of ten (10) years, with a balloon payment of the
outstanding balance of the Loan due on or before June 1, 2022.

4.     On the Closing Date, the Deeds will be delivered to Lender's counsel for recording.

5.     The Lender will advance the following charges, all of which will be added to the
principal balance of the Loan. These amounts will be finalized at the closing and will be
evidenced on the face of the Note.
          (a) recording fees and transfer taxes due and owing on the Deeds;
          (b) the Lender's legal fees; and
          (c) any other charges which Lender may incur for this transaction.

     The undersigned represent that they are authorized to execute this letter agreement on behalf of
the Borrower.  The undersigned also acknowledges that this letter agreement is binding upon each of the
Guarantors and the Borrower and is fully enforceable.

Very truly yours,

Christine Biros

**INTENDING TO BE LEGALLY BOUND, AGREED TO AND ACKNOWLEDGED THIS \_\_\_\_\_
DAY OF MAY, 2017:**

**BORROWER:**                            **GUARANTORS:**
**U LOCK INC.**                              **GEORGE SNYDER**

By: _____
Name: George Snyder                        George Snyder
Title: _____
                                              Kash Snyder

                                              Erik Martin



CLERK's OFFICE
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA
5414 USX TOWER
600 GRANT STREET
PITTSBURGH, PA 15219

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

FILED

PGH00130

# EXHIBIT Q



**USAAG SYSTEMS CO**

**GLASTONBURY CT**

July 12, 2022

J. Allen Roth, Esq.
805 S. Alexandria Street
Latrobe PA  15650

       In re:       Confidential Letter of Intent
                14140 U.S. 30, North Huntingdon, Pennsylvania

Dear Mr. Roth:

USAAG Systems Co. is an accredited investor.  It has fully reviewed the *U Lock* bankruptcy matter along with certain lawsuits filed in the Court of Common Pleas of Westmoreland County.

USAAG Systems Co. is willing to infuse the capital necessary for U Lock to either emerge from bankruptcy or have its bankruptcy dismissed,, satisfy the unsecured loan Ms. Biros provided to U Lock Inc. along with fair interest.  We would  provide the seed money and assistance for U Lock to either develop the property or enter into a joint venture to develop the property.  USAAG Systems Co. would expect to receive at least a seventy-five percent (75%) equity stake in U Lock Inc. to do so.

Alternatively, USAAG Systems Co. is willing to provide U Lock a mortgage to pay Ms. Biros the funds along with interest.  USAAG would provide terms and guidance for U Lock to enable U Lock to develop the property.

However, as USAAG Systems Co. must be able to provide U Lock with seed capital and cover other expenses, this Letter of Intent is contingent upon Ms. Biros receiving no more than the actual amount she provided,any property taxes she paid between 2015 and present, along with the capped Pennsylvania simple interest rate of six percent (6%).   *Furthermore, we cannot consider compensation to Ms. Biros for the current remediation activities without first evaluating a site plan.*

Finally, we note our extreme concern relating to the dumping or development activities occurring on the property.  If it is found that these current activities caused significant environmental damage or would materially increase the costs of simple remediation, we reserve the right to modify or rescind this offer.

The funds earmarked for this project are liquid, deposited in an FDIC insured bank, and ready to be transmitted to escrow or the bankruptcy trustee forthwith.

Very truly yours,

Dave Carter
Vice President

                    ---Allen and George:
            This plan is flexible.  We could infuse the entire amount owed
       to all creditors including the Christine Biros unsecured loan and the
       Shanni Snyder judgment so long as its capped at what they are entitled to--
       federal prejudgment or post-judgment.  In this case, based on calculations,
       we'd ask for 80% of the reorganized enterprise and the existing shareholders
       receive 20%.  We'd guide the reorganized company to develop nicely
       with Mike Levesque and Don Parsons on board.
                      --Dave

# EXHIBIT R

**Fill in this information to identify the case:**

Debtor    U Lock Inc

United States Bankruptcy Court for the:    Western District of Pennsylvania

Case number    22-20823
(If known)

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

**2.1** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:

Last 4 digits of account
number    _____

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Total claim $ _____    Priority amount $ _____

**2.2** | Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:

Last 4 digits of account
number    _____

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

**2.3** | Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:

Last 4 digits of account
number    _____

Is the claim subject to offset?
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

A340

| Debtor | JB Cock Inc |
|--------|-------------|
| | Name |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|

**3.1**
**Nonpriority creditor's name and mailing address**
Christine Biros
435 Millers Road
Pittsburgh, PA, 15239

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed
**Basis for the claim:**  Monies Loaned / Advanced

$ 325,000.00

Date or dates debt was incurred    07/09/2015
Last 4 digits of account number    9999

Is the claim subject to offset?
☑ No
☐ Yes

**3.2**
**Nonpriority creditor's name and mailing address**
Christine Biros
435 Millers Road
Pittsburgh, PA, 15239

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed
**Basis for the claim:**  Claims she is owed attorney fees.

$ Unknown

Date or dates debt was incurred    01/01/2021
Last 4 digits of account number    9999

Is the claim subject to offset?
☑ No
☐ Yes

**3.3**
**Nonpriority creditor's name and mailing address**
JAR Coal Company
1985 Lincoln Way
STE 23-333
White Oak, PA

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed
**Basis for the claim:**  Based on information, JAR Coal Company, an unincorporated a

$ 325,000.00

Date or dates debt was incurred    07/09/2015
Last 4 digits of account number    9999

Is the claim subject to offset?
☑ No
☐ Yes

**3.4**
**Nonpriority creditor's name and mailing address**
PA Turnpike Toll by Plate
PO Box 645631
Irwin, PA, 15642

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**

$ 16.90

Date or dates debt was incurred    09/27/2021
Last 4 digits of account number    0615

Is the claim subject to offset?
☑ No
☐ Yes

**3.5**
**Nonpriority creditor's name and mailing address**
Shanni Snyder and/or Trustee of the Shanni
Snyder Bankruptcy Estate
14390 Route 30
Irwin, PA, 15642

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**

$ 262,000.00

Date or dates debt was incurred
Last 4 digits of account number    9999

Is the claim subject to offset?
☑ No
☐ Yes

**3.6**
**Nonpriority creditor's name and mailing address**
West Penn Power
76 South Main Street
Akron, OH, 44308

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**  Utility Services

$ 43.73

Date or dates debt was incurred    04/21/2022
Last 4 digits of account number    0618

Is the claim subject to offset?
☑ No
☐ Yes

A341

---

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

---

**3.__7__**   **Nonpriority creditor's name and mailing address**

Westmoreland County Tax Claim Bureau
2 North Main Street
Ste 109
Greensburg, PA, 15601

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

**Basis for the claim:** Property Taxes

$ ___Undetermined___

**Date or dates debt was incurred**   12/31/2021

**Last 4 digits of account number**   _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.____**   **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____**   **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____**   **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____**   **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

A342

Debtor _____  Case number (if known) _____
       Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ 912,060.63 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 912,060.63 |

# EXHIBIT S

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | U LOCK INC |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court | **WESTERN DISTRICT OF PENNSYLVANIA** |
| Case number: | **22-20823** |

FILED

**U.S. Bankruptcy Court**
**WESTERN DISTRICT OF**
**PENNSYLVANIA**

8/26/2022

**Michael R. Rhodes, Clerk**

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | George Snyder |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No ☐ Yes. From whom? |

| | | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?** | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | George Snyder | |
| | Name | Name |
| | Box 15 Irwin, PA 15642 | |
| | Contact phone _____ | Contact phone _____ |
| | Contact email snyder4judge@yahoo.com | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____ | |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No ☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No ☐ Yes. Who made the earlier filing? _____ |

A345

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

---

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7. How much is the claim?**

$ 99000.00

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

wage, fair labor standards.

---

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

---

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

---

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

---

Official Form 410       Proof of Claim       page 2

A346

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | |
|---|---|---|---|---|
| | | ☐ Yes. *Check all that apply*: | | Amount entitled to priority |

| | |
|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     8/26/2022

MM / DD / YYYY

/s/ George Snyder

Signature

Print the name of the person who is completing and signing this claim:

| Name | George Snyder |
|---|---|
| | First name          Middle name          Last name |
| Title | |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | Box 15 |
| | Number   Street |
| | Iriwn, PA 15642 |
| | City   State   ZIP Code |
| Contact phone | _____   Email   snyder4judge@yahoo.com |

---

Official Form 410                 Proof of Claim                 page 3

A347

# EXHIBIT T

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION – CIVIL

Christine Biros

Plaintiff,

Versus

Case No. 17 CJ 04886

U Louk Inc.

Defendant

Shanni Snyder non party Appellant

## ENTRY OF APPEARANCE PURSUANT TO PA.R.C.P. 1930.8

I, Shanni Snyder, hereby enter my appearance on behalf of (plaintiff) (defendant) and
(please circle one)

direct that pursuant To PA. R.C.P. No.: 1930.8, I may be contacted at:

14390 US Rt 30
Number, Street, and Apartment Number (if any)

N. Huntingdon, PA 15642
City, State, Zip Code

(412) 758 1371 or
Daytime Phone
(310) 498 5587

~~Facsimile Number (optional)~~

E-mail Address (optional)

I understand that I must supply a copy of this Entry of Appearance to all other parties or
attorneys. I further understand that I must contact the Court should any of the above
information change.

Signature

Date 5/19/22

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19 A 10: 07
GINA O'BARTO
TIME IN

A349

# EXHIBIT U

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,

        Plaintiff,

    vs.

U LOCK INC.,

        Defendant,

SHANNI SNYDER,

    Non-party   Appellant.

Case No. 17 CJ 04886

**NOTICE OF APPEAL**

Filed on behalf of:

Shanni Snyder, non-party
Appellant.

Counsel of record for this party:

Shanni Snyder
14390 Route 30
North Huntingdon PA 15642
(412) 206-6850
shannis@pm.me

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19 A 10: 07
GINA O'BARTO
TIME IN

A351

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                                    Case No. 17 CJ 04886

               Plaintiff,

    vs.

U LOCK INC.,

    Debtor in Bankruptcy,

SHANNI SNYDER,

    Non-party    Appellant.

## <u>NOTICE OF APPEAL</u>

Notice is hereby give that non-party Shanni Snyder, an individual who is judgment

creditor at case 21-JU-04758 of debtor in bankruptcy and defendant U Lock Inc., and

holding a lien on all assets of said defendant, and harmed by the actions of this Court which

rendered an Order that eviscerates and appears to supersede portions of her judgment lien,

hereby appeals to the Superior Court of Pennsylvania from the Order entered in the above

case at 11:47 a.m. on the 17th day of May, 2022 (directing the Prothonotary to issue a *Writ

of Possession* that includes terms to "authorize levy and sale of any property of Defendant U

Lock" in favor of Plaintiff Christine Biros).

TRANSCRIPT ORDER:  Shanni Snyder hereby orders a transcript of the hearing in

connection with this appeal.  Said hearing occurred on an unknown date not contained on

the docket and without public notice.

Respectfully submitted,

Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
(412) 206-6850
shannis@pm.me

# DOCKET ENTRIES

## Case Information

| Case# | Caption | Reference File | Judgment Amt | Filed Date | Case Type/Subtype | Status | Judge |
|-------|---------|----------------|--------------|------------|-------------------|--------|-------|
| 17CJ04886 | CHRISTINE BIROS /INDIVID VS U LOCK INC | | | Jan/24/2018 | LIS PENDENS NEW FILE | ACTIVE | Rita Donovan Hathaway |

## Parties

| Party Type | Name | Address |
|------------|------|---------|
| DEFENDANT ATTY | DENNIS D DEL COTTO | 4345 OLD WILLIAM PENN HWY , MURRYSVILLE , PA, 15668 |
| DEFENDANT ATTY | J ALLEN ROTH | 805 S ALEXANDRIA STREET , LATROBE , PA, 15650 |
| DEFENDANT ATTY | JOHN A TUMOLO | 437 GRANT STREET , PITTSBURGH , PA, 15219 |
| DEFENDANT | DENISE SCHUR /EXEC | 8700 CLEVELAND ROAD, CRESTON, OH, 44217, USA |
| DEFENDANT | ALEX SCHUR /ESTATE | |
| DEFENDANT | HENRY L MOORE /CO EXEC | 310 KEYSTONE COMMONS 35 WEST PITTSBURGH STREET, GREENSBURG, PA, 15601, USA |
| PLAINTIFF ATTY | WILLIAM E OTTO | PO BOX 701 , MURRYSVILLE , PA, 15668 |
| PLAINTIFF | CHRISTINE BIROS /INDIVID | 435 MILLERS LANE, PLUM, 15239 |
| DEFENDANT | SUSAN STANO /CO EXEC | 31856 LAKE DRIVE, AVON LAKE, OHIO, 44012, USA |
| DEFENDANT | NICHOLAS SCHUR /ESTATE | |
| DEFENDANT | KATHLEEN S WALTER /EXEC | 3 RIDGE COURT, SARATOGA SPRINGS, NY, 12866, USA |

| DEFENDANT | MICHAEL SCHUR /ESTATE | |
|-----------|-----------------------|---|
| DEFENDANT | CYNTHIA SARRIS /ADMIN | 14249 HILAND PLACE, IRWIN, PA, 15642, USA |
| DEFENDANT | ANN SARRIS /ESTATE | |
| DEFENDANT | U LOCK INC | 14140 ROUTE 30, NORTH HUNTINGDON, PA, 15642, USA |

## Events

| Action Date | Action Description | Action Name | View Document |
|-------------|--------------------|-------------|---------------|
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER DENYING | ORDER MAY 13 2022 DENIED WITH PREJUDICE NOTICE GIVEN RULE N 236 | View |
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER | ORDER MAY 13 2022 AS SET FORTH NOTICE GIVEN RULE N 236 | View |
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER | ORDER MAY 13 2022 AS SET FORTH NOTICE GIVEN RULE N 236 | View |
| Apr/25/ 2022 | BRIEF IN OPPOSITION TO MOTION | FOR SANCTIONS | View |
| Apr/21/ 2022 | PRELIMINARY OBJECTIONS | DEFT U LOCK INCS PRELIMINARY OBJECTIONS RAISING ISSUES OF FACT TO THE PETITION FOR WRIT OF POSSESSION | View |
| Mar/18 /2022 | ORDER | PENDING SUPRME COURT OF PA WESTERN DISTRICT | View |
| Mar/17 /2022 | EXHIBITS | IN SUPPORT OF PETITION TO STRIKE ORDER OF JANUARY 20 2022 AS SET FORTH | View |
| Mar/17 /2022 | MOT/PET STRIKE | PETITION TO STRIKE ORDER OF JAN 20 2022 AS SET FORTH | View |
| Jan/24/ 2022 | ORDER | ORDER JANUARY 20, 2022 NOTICE GIVEN RULE N236 | View |
| Aug/27 /2021 | *MOT/PET STAY TAX SALE | AND ORDER DATED AUGUST 27 2021 GRANTING STAY RULE N 236 NOTICE SENT | View |
| May/08 /2020 | ORDER DENYING MOTION | ORDER MAY 7, 2020 MOTION IS DENIED WITHOUT PREJUDICE | View |

| Apr/13/2020 | OBJECTIONS | DEFTS OBJECTIONS TO PLFFS INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION DIRECTED TO U LOCK INC | View |
|---|---|---|---|
| Mar/26/2020 | BRIEF IN OPPOSITION TO MOTION | TO DELIVER DEEDS TO PLFF | View |
| Mar/23/2020 | BRIEF IN SUPPORT OF MOTION | TO DELIVER DEEDS TO PLFF | View |
| Mar/23/2020 | MOTION/PETITION | MOTION TO DELIVER DEEDS TO PLFF | View |
| Feb/07/2020 | NOTICE SENT TO ALL COUNSEL & UNREPRESENTED PARTIES/PER PA RA | NOTICE SENT TO ALL COUNSEL & UNREPRESENTED PARTIES/PER PA RA | |
| Feb/04/2020 | SUPPLEMENT | ORDER TO RULE 1925a | View |
| Feb/04/2020 | ORDER PURSUANT TO RULE 1925(A) | ORDER PURSUANT TO RULE 1925(A) | View |
| Jan/24/2020 | BRIEF IN SUPPORT OF MOTION | TO REQUIRE DEFT TO POST SECURITY | View |
| Jan/24/2020 | STATEMENT PURSUANT TO RULE 1925 | OF ISSUES TO BE RAISED ON APPEAL | View |
| Jan/24/2020 | BRIEF IN OPPOSITION TO MOTION | TO REQUIRE DEFT TO POST SECURITY PURSUANT TO PARAP 1733 AND OBJECTIONS TO THE PROPERTY INSPECTION PROCEDURE | View |
| Jan/24/2020 | VERIFICATION | OF GEORGE SNYDER JR AS TO PLFFS MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1733 | View |
| Jan/10/2020 | MOTION/PETITION | MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT TO PARAP RULE 1733 | View |
| Jan/10/2020 | MOTION/PETITION | MOTION TO DIRECT DEFT TO FILE A STATEMENT OF ERRORS COMPLAINED OF ON APPEAL PURSUANT TO PARAP RULE 1925B AND ORDER AS SET FORTH | View |

A356

| Jan/06/2020 | *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT | ON COURT ORDER DATED AUG 23, 2019 JUDGMENT ENTERED NOTICE SENT | View |
| Jan/06/2020 | OPPOSITION | DEFT U LOCK INCS OPPOSITION TO MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT TO PARAP 1733 | View |
| Dec/20/2019 | NOTICE APPEAL FROM THE SUPERIOR COURT | NOTICE APPEAL FROM THE SUPERIOR COURT | View |
| Dec/13/2019 | *NOTICE APPEAL TO THE SUPERIOR COURT | *NOTICE APPEAL TO THE SUPERIOR COURT | View |
| Dec/09/2019 | OPINION AND ORDER | OPINION AND ORDER DECEMBER 6 2019 AS SET FORTH N236 | View |
| Nov/26/2019 | TRANSCRIPT OF PROCEEDINGS | TRANSCRIPT OF PROCEEDINGS | View |
| Oct/21/2019 | BRIEF IN OPPOSITION TO POST-TRIAL MOTION | PURSUANT TO PARCIV PROC 227.1 | View |
| Oct/17/2019 | ORDER CONTINUING HEARING | OCTOBER 16 2019THE HEARING ON PLFFS MOTION FOR POST TRIAL MOTION IS HEREBY CONTINUED TO NOVEMBE 8 2019 | View |
| Oct/15/2019 | BRIEF IN OPPOSITION TO | PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT U LOCK INCS POST-TRIAL MOTIOINS PURSUANT TO PA R CIV PROC RULE 227.1 | View |
| Sep/30/2019 | BRIEF IN SUPPORT OF POST-TRIAL MOTION | PURSUANT TO PARCIV PROC RULE 227.1 | View |
| Sep/23/2019 | BRIEF IN SUPPORT OF POST-TRIAL MOTION | RELIEF PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 227.1 | View |
| Sep/16/2019 | ORDER ORAL ARGUMENT | SEPTEMBER 13 2019 THAT THE ORAL ARUGMENT ON THE MOTION FOR POST TRIAL RELIEF IS SCHEDULED OCTOBER 21 2019 N236 | View |
| Sep/13/2019 | MOT/PET POST-TRIAL RELIEF | MOTION FOR POST TRIAL RELIEF PURSUANT TO PA R CIV PROC 227.1 | View |
| Sep/13/2019 | OBJECTIONS TO MOTION | OBJECTIONS TO DEFTS MOTION FOR POST TRIAL RELIEF PURSUANT TO PARCIV PROC 227.1 | View |
| Sep/03/2019 | MOT/PET POST-TRIAL RELIEF | DEF MOTION FOR POST TRIAL RELIEF PURSUANT TO PA RCP 227.1 | View |

A357

| Aug/23 /2019 | OPINION AND ORDER | NON JURY TRIAL OPINION AND ORDER AUG 22 2019 AS TO PLFFS COMPLAINT VERDICT IS HEREBY ENTERED IN FAVOR OF PLFF CHRISTINE BIROS AND GAINSG DEDT U LOCK INC ON COUNTS I AND II COUNT III OF PLFFS COMPLAINT IS | View |
|---|---|---|---|
| Jun/04/ 2019 | NOTICE | OF COMPLIANCE WITH ORDER OF COURT | View |
| May/20 /2019 | FINDINGS OF FACT AND CONCLUSIONS OF LAW | DEFTS PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW WITH PROPOPSED ORDER | View |
| May/17 /2019 | FINDINGS OF FACT AND CONCLUSIONS OF LAW | PROPOSED | View |
| May/15 /2019 | TRANSCRIPT OF PROCEEDINGS | HEARD ON APRIL 29, 2019 | View |
| May/06 /2019 | ORDER AMENDING | ORDER MAY 3, 2019 THAT THE CAPTION IS AMENDED AS SET FORTH | View |
| Apr/30/ 2019 | MOT/PET CONTINUANCE | TRIAL AND ORDER APRIL 29, 2019 DENIED WITH PREJUDICE | View |
| Apr/26/ 2019 | PRAECIPE WITHDRAW PRELIMINARY OBJECTIONS | AND ORDER ACCERPT FOR FILING BY THE COURT | View |
| Apr/26/ 2019 | MOTION/PETITION | MOTION TO WITHDRAW PRELIMINARY OBJECTIONS AND ORDER APRIL 26, 2019 THAT THE PRELIMINARY OBJECTIONS FILED ON DECEMBER 1, 2017 ARE HEREBY DISMISSED WITH PREJUDICE | View |
| Apr/26/ 2019 | CERTIFICATE OF SERVICE | OF THE ORGINAL ANSWER AND NEW MATTER FILED ON APR 23 2019 | View |
| Apr/26/ 2019 | RESPONSE - PLAINTIFF'S | PLFFS RESPONSE TO DEFTS NEW MATTER | View |
| Apr/23/ 2019 | ANSWER AND NEW MATTER | ANSWER AND NEW MATTER | View |
| Apr/04/ 2019 | SCHEDULING ORDER | ORDER APRIL 3, 2019 THAT A ONE DAY NON-JURY TRIAL IS SCHEUDLED ON APRIL 29, 2019 N236 | View |
| Apr/01/ 2019 | PRAECIPE | TO SET TRIAL DATE | View |
| Mar/29 /2019 | MOTION/PETITION | TO ENFORCE SETTLEMENT | View |
| Feb/25 /2019 | ANSWER | ANSWERS AND OBJECTIONS TO THE SECOND SET OF INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK INC | View |

| Jan/28/2019 | ORDER PRELIMINARY OBJECTION | ORDER THAT RULING ON SAID PRELIMINARY OBJECTIONS IS DEFERRED AS THE PARTIES PURSUE SETTLEMENT AS SET FORTH N236 | View |
|---|---|---|---|
| Dec/07/2018 | JUDICIAL REASSIGNMENT FORM FROM | MARSILI TO JUDGE MARSILI/SMAIL | View |
| Dec/07/2018 | MOT/PET HEARING | MOTION TO SCHEDULE HEARING TO DETERMINE PRELIMINARY OBJECTIONS AND ORDER HEARING IS SCHEDULED ON JANUARY 24, 2019 | View |
| Oct/12/2018 | RESPONSE - PLAINTIFF'S | TO DEFT U LOCK INCS NEW MATTER | View |
| Oct/01/2018 | AMENDED | DEFT U LOCK INCS AMENDED OBJECTIONS AND RESPONSES TO THE INTERROGATORIES REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND EXHIBITS A THROUGH Y NOT IMAGED | View |
| Sep/21/2018 | AMENDED ANSWER AND NEW MATTER | TO COMPLAINT FOR DECLATORY JDGMT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Sep/07/2018 | ORDER PRELIMINARY OBJECTION | ORDER SEPT 6 2018 THAT PRELIMINARY OBJECTIONS ARE OVERRULED IN PART SUSTAINED IN PART AND STRICKEN IN PART AS SET FORTH N236 | View |
| Sep/07/2018 | MOT/PET STAY TAX SALE (NO FEE) | AND ORDER AS SET FORTH | View |
| Jul/06/2018 | ORDER | ORDER DEFTS PETITION FOR PROTECTIVE ORDER IS GRANTED AS SET FORTH | View |
| Jul/06/2018 | MOT/PET PROTECTIVE ORDER | DEFT U LOCK INCS PETITION PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 4012A FOR A PROTECTIVE ORDER AND FOR A THIRTY (30) DAY EXTENSION OF TIME TO RESPOND TO THE PLFFS DISCOVERY REQUESTS | View |
| Jul/06/2018 | MOT/PET COMPEL | DISCOVERY RESPONSE TO DEFTS OBJECTIONS TO PLFFS DISCOVERY REQUEST AND RESPONSE TO PLFFS MOTION FOR PROTECTIVE ORDER | View |
| Jul/02/2018 | RESPONSE | TO DEFTS U LOCK INCS ANSWER TO PRELIMINARY OBJECTIONS | View |

| Jun/13/2018 | ANSWER PRELIMINARY OBJECTIONS | DEFT U LOCK INCS ANSWER TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING | View |
| Jun/13/2018 | BRIEF IN OPPOSITION TO PRELIMINARY OBJECTION | DEFT U LOCK INCS BRIEF IN OPPOSITION TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING | View |
| May/23/2018 | CERTIFICATE OF SERVICE | OF SCHEDULING ORDER DATED MAY 17 2018 | View |
| May/18/2018 | SCHEDULING ORDER | FILING BRIEFS N236 | View |
| May/16/2018 | OBJECTIONS | AND RESPONSES TO THE INTERROGATORIES REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS | View |
| May/14/2018 | PRELIMINARY OBJECTIONS | BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING AND BRIEF IN SUPPORT | View |
| Apr/23/2018 | NOTICE OF SERVICE | OF INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK INC | View |
| Apr/23/2018 | OPPOSITION | TO PRELIMINARY OBJECTIONS | View |
| Apr/23/2018 | AMENDED ANSWER AND NEW MATTER | TO COMPLAINT IN CIVIL ACTION FOR DECLATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Apr/19/2018 | CERTIFICATE OF SERVICE | OF SCHEDULING ORDER | View |
| Apr/12/2018 | SCHEDULING ORDER | FILING BRIEF N236 | View |
| Apr/04/2018 | PRELIMINARY OBJECTIONS | PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING AND BRIEF IN SUPPORT | View |
| Mar/28/2018 | PRAECIPE WITHDRAW PRELIMINARY OBJECTIONS | AND BRIEF IN SUPPORT | View |

| Mar/19 /2018 | ANSWER COMPLAINT | AND NEW MATTER TO COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUTING | View |
|---|---|---|---|
| Mar/16 /2018 | ORDER | THAT THE DEFAULT JDGMT IN FAVOR OF PLFF AND AGAINST DEFT U LOCK IS STRIKEN AS SET FORTH | View |
| Mar/16 /2018 | MOT/PET STRIKE JUDGMENT (NO FEE) | MOTION TO STRIKE DEFAULT JUDGMENT (NO FEE) | View |
| Mar/16 /2018 | SCHEDULING ORDER | SCHEDULING ORDER MARCH 15, 2018 FILING BRIEF AS SET FORTH N236 | View |
| Mar/12 /2018 | APPEARANCE ENTERED BY | JOHN A TUMOLO ESQ | View |
| Mar/08 /2018 | JUDICIAL REASSIGNMENT FORM FROM | FROM JUDGE SCHERER TO JUDGE MARSILL | View |
| Mar/06 /2018 | ORDER RECUSAL | ORDER RECUSAL THAT THE COURT ADMINISTRATORS OFFICE SHALL REASSIGN THIS CASE TO JUDGE ANTHONY MARSILI AS SET FORTH N236 | View |
| Mar/05 /2018 | ANSWER COMPLAINT | FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Mar/05 /2018 | APPEARANCE ENTERED BY | J ALLEN ROTH ESQ | View |
| Mar/05 /2018 | BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS | BRIEF IN SUPPORT OF DEFT U LOCK INCS PRELIMINARY OBJECTIONS TO THE COMPLAINT | View |
| Mar/05 /2018 | PRELIMINARY OBJECTIONS | DEFT U LOCK INCS PRELIMINARY OBJECTIONS TO THE COMPLAINT | View |
| Mar/05 /2018 | *MOT/PET OPEN OR STRIKE JUDGMENT | *MOT/PET OPEN OR STRIKE JUDGMENT | View |
| Mar/02 /2018 | APPEARANCE ENTERED BY | DENNIS D DEC COTTO ESQ | View |
| Feb/23 /2018 | *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT | *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT | View |
| Feb/21 /2018 | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | View |

| Feb/21/2018 | RETURN SERVICE BY | OF PROCESS BY PUBLICATION | View |
| Jan/19/2018 | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | View |
| Jan/12/2018 | MOTION/PETITION | MOTION FOR SERVICE BY PUBLICATION PURSUANT TO RULE 430 AND ORDER THAT DEFT U LOCK INC MAY BE SERVED BY PUBLICATION IN ACCORDANCE WITH PA PRCP RULE 430 | View |
| Jan/12/2018 | *PRAECIPE INDEX LIS PENDENS | *PRAECIPE INDEX LIS PENDENS | View |

## VERIFICATION OF SERVICE

I, Shanni Snyder, verify under the penalty for unsworn falsification to authorities that I mailed a copy of this document to the following persons in this case on the 18th day of May, 2022, by First Class Mail:

William E. Otto, Esq.
PO Box 701
Murrysville, PA  15668

Dennis D. Del Cotto, Esq.
4345 Old William Penn Highway
Murrysville, PA  15668

William F. Ross, Esq.
406 N. Market Street
Wooster, OH  44691

John Tumolo, Esq.
Suite 1500, Frick Building
Pittsburgh, PA  15219

Hon. Harry F. Smail
Court of Common Pleas
2 N Main Street, Courtroom 2
Greensburg PA  15601

Court Administrator
Court of Common Pleas
2 N Main Streert
Greensburg PA  15601


Shanni Snyder

# EXHIBIT V

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

CHRISTINE BIROS,

        Plaintiff,

  vs.

U LOCK INC.,

        Defendant.

Case No. 17 CJ 04886

U LOCK INC.'S  NOTICE OF
BANKRUPTCY

Filed on behalf of:

U LOCK INC.,    Defendant.

Counsel of record for this party:

J. Allen Roth, Esq. (PA 30347)
805 S. Alexandria
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19  A 10: 09
JS
GINA O'BARTO
TIME IN

1

A365

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                )          Case No. 17 CJ 04886
                                )
                    Plaintiff,  )
                                )
        vs.                     )
                                )
U LOCK INC., et al,             )
                                )
                    Defendant.  )

## DEFENDANT U LOCK INC.'S NOTICE OF BANKRUPTCY

Defendant U Lock Inc., by and through its counsel, J. Allen Roth, files this Notice of Bankruptcy:

U Lock Inc. received notification from Shanni Snyder and by mail from the United States Bankruptcy Court that a petition for bankruptcy was filed against it. The bankruptcy filing appears to create an automatic stay of this case.



**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 04/28/2022 at 4:53 PM and filed on 04/27/2022. U LOCK INC 14140 U.S. Route 30 N. Huntingdon, PA 15642 Tax ID / EIN: 47-4994911 aka U-LOCK INC. The case was filed by the following petitioning creditor(s): Shanni Snyder 14390 Route 30 Unit H North Huntingdon, PA 15642 SSN / ITIN: xxx-xx-6136 The case was assigned case number 22-20823-GLT to Judge Gregory L. Taddonio. If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor(s) and the debtor, they are available at our Internet home page https://ecf.pawb.uscourts.gov or at the Clerk's Office, U.S. Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219. You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines. Michael R. Rhodes Clerk, U.S. Bankruptcy Court. /s/ Michael R. Rhodes, Clerk, U.S. Bankruptcy Court.

2

WHEREFORE, U Lock Inc. respectfully notifies the Court and the parties that a bankruptcy exists against the Defendant along with an automatic stay.

Respectfully submitted,

J. Allen Roth, Esq (PA 30347)
805 S Alexandria Street
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

ATTORNEY FOR U LOCK INC.

3

## CERTIFICATE OF SERVICE

I certify that I mailed a true copy of the foregoing to the following parties on this

18th day of May, 2022:

William E. Otto, Esq.
PO Box 701
Murrysville, PA 15668

Dennis D. Del Cotto, Esq.
4345 Old William Penn Highway
Murrysville, PA 15668

William F. Ross, Esq.
406 N. Market Street
Wooster, OH 44691

John Tumolo, Esq.
Suite 1500, Frick Building
Pittsburgh, PA 15219

Hon. Harry F. Smail
Court of Common Pleas
2 N Main Street, Courtroom 2
Greensburg PA 15601

J. Allen Roth, Esq.

4

# EXHIBIT W

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                           Case No. 17 CJ 04886

        Plaintiff,

    vs.                                    NOTICE OF
                              APPEARANCE


U LOCK INC.,

        Defendant.


                            Filed on behalf of:

                            *Mark*
                            M. MILES MYCKA


                            Representing himself:

                            *Mark*
                            M. Miles Mycka
                            5148 Peach St #401
                            Erie, PA 16509
                            My phone 814-283-4820
                            My email mmm@thunderland.net

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 JUN -1 P 3: 02

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                    )    Case No. 17 CJ 04886
                                    )
                Plaintiff,          )
                                    )
        vs.                         )
                                    )
U LOCK INC., a Pennsylvania corp., )
                                    )
                Defendant.          )
-------------------------------- )

## NOTICE OF APPEARANCE

M. Miles Mycka the interested party tenant appears in this case solely to appeal the order that the court put on the docket May 17 2022 giving Christine Biros possession of 14140 Route 30 North Huntingdon even though she told the court she intended to block the tenants and lock up their things and make them pick it up even though she didn't give tenants and bailors any form of notification or tell them there was a lawsuit against them or that the court was considering evicting the tenants.

Thank you,

M. Miles Mycka
5148 Peach St #401
Erie, PA 16509
My phone 814-283-4820
My email mmm@thunderland.net

# EXHIBIT X

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                          Case No. 17 CJ 04886

          Plaintiff,

   vs.                                      NOTICE OF
                                          APPEAL

U LOCK INC.,

          Defendant.


Filed by:

*Mark* M. MILES MYCKA


Representing himself:

*Myk* M. Miles Mycka
5148 Peach St #401
Erie, PA 16509
My phone 814-283-4820
My email mmm@thunderland.net

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 JUN -1 P 3: 02

1
A373

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

CHRISTINE BIROS,              )    Case No. 17 CJ 04886
                                 )
            Plaintiff,        )
                                 )
    vs.                   )
                                 )
U LOCK INC., a Pennsylvania corp., )
                                 )
            Defendant.      )
-------------------------------- )

## NOTICE OF APPEAL BY TENANT

I appeal to the Superior Court of Pennsylvania from the order entered on the docket on May 17, 2022 directing a writ of possession to Christine Biros without giving the tenants and bailors any notice. This order is on the docket sheet I attached to this.

Respectfully submitted,

M. Miles Mycka
5148 Peach St #401
Erie, PA 16509
My phone 814-283-4820
My email mmm@thunderland.net

APPELLANT

```
17CJ04886   CHRISTINE BIROS /INDIVID VS. U LOCK INC          Jan/24/2018
LIS PENDENS NEW FILE      ACTIVEHARRY F SMAIL
Parties
Party Type  Name  Address
DEFENDANT ATTY    DENNIS D DEL COTTO4345 OLD WILLIAM PENN HWY , MURRYSVILLE , PA,
15668
DEFENDANT ATTY    J ALLEN ROTH805 S ALEXANDRIA STREET , LATROBE , PA, 15650
DEFENDANT ATTY    JOHN A TUMOLO    437 GRANT STREET , PITTSBURGH , PA, 15219
DEFENDANT   DENISE SCHUR /EXEC8700 CLEVELAND ROAD, CRESTON, OH, 44217, USA
DEFENDANT   ALEX SCHUR /ESTATE
DEFENDANT   HENRY L MOORE /CO EXEC  310 KEYSTONE COMMONS 35 WEST PITTSBURGH STREET,
GREENSBURG, PA, 15601, USA
PLAINTIFF ATTY    WILLIAM E OTTO    PO BOX 701 , MURRYSVILLE , PA, 15668
PLAINTIFF   CHRISTINE BIROS /INDIVID435 MILLERS LANE, PLUM, 15239
DEFENDANT   SUSAN STANO /CO EXEC    31856 LAKE DRIVE, AVON LAKE, OHIO, 44012, USA
DEFENDANT   NICHOLAS SCHUR /ESTATE
DEFENDANT   KATHLEEN S WALTER /EXEC 3 RIDGE COURT, SARATOGA SPRINGS, NY, 12866, USA
DEFENDANT   MICHAEL SCHUR /ESTATE
DEFENDANT   CYNTHIA SARRIS /ADMIN   14249 HILAND PLACE, IRWIN, PA, 15642, USA
DEFENDANT   ANN SARRIS /ESTATE
DEFENDANT   U LOCK INC  14140 ROUTE 30, NORTH HUNTINGDON, PA, 15642, USA
INTERESTED PTY    SHANNI SNDER14390 US RT 30, NORTH HUNTINGDON, PA, 15642, USA
Events
Action Date Action DescriptionAction Name View Document
May/24/2022 ORDER APPELLATE RULE 1925B    ORDER MAY 23, 2022 APPELLATE RULE 1925B
NOTICE GIVEN RULE N236  View
May/23/2022 ********* NOT VERIFIED *********    ********* NOT VERIFIED *********

May/23/2022 *NOTICE APPEAL TO THE SUPERIOR COURTON THE ORDER DATED MAY 17 2022View
May/23/2022 ********* NOT VERIFIED *********    ********* NOT VERIFIED *********

May/23/2022 *NOTICE APPEAL TO THE SUPERIOR COURTOF THE ORDER DATED JANUARY 24 2022
      View
May/19/2022 RESPONSE   AND OBJECTIONS TO THE EXHIBITS FILED BY CHRSTINIE BIROS
      View
May/19/2022 NOTICEOF BANKRUPTCY    View
May/19/2022 MOT/PET CORRECT CAPTION DEFT U LOCK INCS MOTION TO CORRECT AND OR
STRIKE ERRONEOUS CAPTIONView
May/19/2022 *NOTICE APPEAL TO THE SUPERIOR COURT*NOTICE APPEAL TO THE SUPERIOR
COURT View
May/19/2022 PRO SE APPEARANCE ENTERED BY  SHANNI SNYDER    View
May/17/2022 ORDER DENYING    ORDER MAY 13 2022 DENIED WITH PREJUDICE NOTICE GIVEN
RULE N 236  View
May/17/2022 ORDER ORDER MAY 13 2022 WRIT OF POSSESSION ISSUED NOTICE GIVEN RULE N
236  View
May/17/2022 ORDER ORDER MAY 13 2022 AS SET FORTH NOTICE GIVEN RULE N 236View
Apr/25/2022 BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS    View
Apr/21/2022 PRELIMINARY OBJECTIONS  DEFT U LOCK INCS PRELIMINARY OBJECTIONS RAISING
ISSUES OF FACT TO THE PETITION FOR WRIT OF POSSESSION View
Mar/18/2022 ORDER PENDING SUPRME COURT OF PA WESTERN DISTRICT    View
Mar/17/2022 EXHIBITS    IN SUPPORT OF PETITION TO STRIKE ORDER OF JANUARY 20 2022
AS SET FORTHView
Mar/17/2022 MOT/PET STRIKE    PETITION TO STRIKE ORDER OF JAN 20 2022 AS SET FORTH
      View
Jan/24/2022 ORDER ORDER JANUARY 20, 2022 NOTICE GIVEN RULE N236    View
```

5

A375

Aug/27/2021 *MOT/PET STAY TAX SALE  AND ORDER DATED AUGUST 27 2021 GRANTING STAY
RULE N 236 NOTICE SENT  View
May/08/2020 ORDER DENYING MOTION    ORDER MAY 7, 2020 MOTION IS DENIED WITHOUT
PREJUDICE   View
Apr/13/2020 OBJECTIONS  DEFTS OBJECTIONS TO PLFFS INTERROGATORIES REQUEST FOR
ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION DIRECTED TO
U LOCK INC  View
Mar/26/2020 BRIEF IN OPPOSITION TO MOTION TO DELIVER DEEDS TO PLFFView
Mar/23/2020 BRIEF IN SUPPORT OF MOTION    TO DELIVER DEEDS TO PLFFView
Mar/23/2020 MOTION/PETITION   MOTION TO DELIVER DEEDS TO PLFF    View
Feb/07/2020 NOTICE SENT TO ALL COUNSEL & UNREPRESENTED PARTIES/PER PA RANOTICE SENT
TO ALL COUNSEL & UNREPRESENTED PARTIES/PER PA RA
Feb/04/2020 SUPPLEMENT  ORDER TO RULE 1925a     View
Feb/04/2020 ORDER PURSUANT TO RULE 1925(A)ORDER PURSUANT TO RULE 1925(A)View
Jan/24/2020 BRIEF IN SUPPORT OF MOTION    TO REQUIRE DEFT TO POST SECURITY     View
Jan/24/2020 STATEMENT PURSUANT TO RULE 1925     OF ISSUES TO BE RAISED ON APPEAL
     View
Jan/24/2020 BRIEF IN OPPOSITION TO MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT
TO PARAP 1733 AND OBJECTIONS TO THE PROPERTY INSPECTION PROCEDURE View
Jan/24/2020 VERIFICATIONOF GEORGE SNYDER JR AS TO PLFFS MOTION TO REQUIRE DEFT TO
POST SECURITY PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1733 View
Jan/10/2020 MOTION/PETITION   MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT TO
PARAP RULE 1733   View
Jan/10/2020 MOTION/PETITION   MOTION TO DIRECT DEFT TO FILE A STATEMENT OF ERRORS
COMPLAINED OF ON APPEAL PURSUANT TO PARAP RULE 1925B AND ORDER AS SET FORTH   View
Jan/06/2020 *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT  ON COURT ORDER DATED
AUG 23, 2019 JUDGMENT ENTERED NOTICE SENT View
Jan/06/2020 OPPOSITION  DEFT U LOCK INCS OPPOSITION TO MOTION TO REQUIRE DEFT TO
POST SECURITY PURSUANT TO PARAP 1733View
Dec/20/2019 NOTICE APPEAL FROM THE SUPERIOR COURT    NOTICE APPEAL FROM THE
SUPERIOR COURT    View
Dec/13/2019 *NOTICE APPEAL TO THE SUPERIOR COURT*NOTICE APPEAL TO THE SUPERIOR
COURT View
Dec/09/2019 OPINION AND ORDER OPINION AND ORDER DECEMBER 6 2019 AS SET FORTH N236
     View
Nov/26/2019 TRANSCRIPT OF PROCEEDINGS    TRANSCRIPT OF PROCEEDINGS    View
Oct/21/2019 BRIEF IN OPPOSITION TO POST-TRIAL MOTION  PURSUANT TO PARCIV PROC 227.1
     View
Oct/17/2019 ORDER CONTINUING HEARINGOCTOBER 16 2019THE HEARING ON PLFFS MOTION FOR
POST TRIAL MOTION IS HEREBY CONTINUED TO NOVEMBE 8 2019     View
Oct/15/2019 BRIEF IN OPPOSITION TO  PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT U
LOCK INCS POST-TRIAL MOTIOINS PURSUANT TO PA R CIV PROC RULE 227.1View
Sep/30/2019 BRIEF IN SUPPORT OF POST-TRIAL MOTION    PURSUANT TO PARCIV PROC RULE
227.1 View
Sep/23/2019 BRIEF IN SUPPORT OF POST-TRIAL MOTION    RELIEF PURSUANT TO
PENNSYLVANIA RULE OF CIVIL PROCEDURE 227.1View
Sep/16/2019 ORDER ORAL ARGUMENT     SEPTEMBER 13 2019 THAT THE ORAL ARUGMENT ON THE
MOTION FOR POST TRIAL RELIEF IS SCHEDULED OCTOBER 21 2019 N236    View
Sep/13/2019 MOT/PET POST-TRIAL RELIEF    MOTION FOR POST TRIAL RELIEF PURSUANT TO
PA R CIV PROC 227.1    View
Sep/13/2019 OBJECTIONS TO MOTION    OBJECTIONS TO DEFTS MOTION FOR POST TRIAL
RELIEF PURSUANT TO PARCIV PROC 227.1View
Sep/03/2019 MOT/PET POST-TRIAL RELIEF     DEF MOTION FOR POST TRIAL RELIEF PURSUANT
TO PA RCP 227.1   View
Aug/23/2019 OPINION AND ORDER NON JURY TRIAL OPINION AND ORDER AUG 22 2019 AS TO
PLFFS COMPLAINT VERDICT IS HEREBY ENTERED IN FAVOR OF PLFF CHRISTINE BIROS AND

GAINSG DEDT U LOCK INC ON COUNTS I AND II COUNT III OF PLFFS COMPLAINT IS      View
Jun/04/2019 NOTICEOF COMPLIANCE WITH ORDER OF COURT     View
May/20/2019 FINDINGS OF FACT AND CONCLUSIONS OF LAW    DEFTS PROPOSED FINDINGS OF
FACT AND CONCLUSION OF LAW WITH PROPOPSED ORDER View
May/17/2019 FINDINGS OF FACT AND CONCLUSIONS OF LAW    PROPOSED     View
May/15/2019 TRANSCRIPT OF PROCEEDINGS     HEARD ON APRIL 29, 2019 View
May/06/2019 ORDER AMENDING     ORDER MAY 3, 2019 THAT THE CAPTION IS AMENDED AS SET
FORTH View
Apr/30/2019 MOT/PET CONTINUANCE     TRIAL AND ORDER APRIL 29, 2019 DENIED WITH
PREJUDICE     View
Apr/26/2019 PRAECIPE WITHDRAW PRELIMINARY OBJECTIONS  AND ORDER ACCERPT FOR FILING
BY THE COURTView
Apr/26/2019 MOTION/PETITION     MOTION TO WITHDRAW PRELIMINARY OBJECTIONS AND ORDER
APRIL 26, 2019 THAT THE PRELIMINARY OBJECTIONS FILED ON DECEMBER 1, 2017 ARE HEREBY
DISMISSED WITH PREJUDICEView
Apr/26/2019 CERTIFICATE OF SERVICE  OF THE ORGINAL ANSWER AND NEW MATTER FILED ON
APR 23 2019 View
Apr/26/2019 RESPONSE - PLAINTIFF'S  PLFFS RESPONSE TO DEFTS NEW MATTER  View
Apr/23/2019 ANSWER AND NEW MATTER    ANSWER AND NEW MATTER    View
Apr/04/2019 SCHEDULING ORDER  ORDER APRIL 3, 2019 THAT A ONE DAY NON-JURY TRIAL IS
SCHEUDLED ON APRIL 29, 2019 N236    View
Apr/01/2019 PRAECIPE     TO SET TRIAL DATE View
Mar/29/2019 MOTION/PETITION    TO ENFORCE SETTLEMENT    View
Feb/25/2019 ANSWERANSWERS AND OBJECTIONS TO THE SECOND SET OF INTERROGATORIES
REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK
INC    View
Jan/28/2019 ORDER PRELIMINARY OBJECTION    ORDER THAT RULING ON SAID PRELIMINARY
OBJECTIONS IS DEFERRED AS THE PARTIES PURSUE SETTLEMENT AS SET FORTH N236     View
Dec/07/2018 JUDICIAL REASSIGNMENT FORM FROM     MARSILI TO JUDGE MARSILI/SMAILview
Dec/07/2018 MOT/PET HEARING    MOTION TO SCHEDULE HEARING TO DETERMINE PRELIMINARY
OBJECTIONS AND ORDER HEARING IS SCHEDULED ON JANUARY 24, 2019     View
Oct/12/2018 RESPONSE - PLAINTIFF'S  TO DEFT U LOCK INCS NEW MATTERView
Oct/01/2018 AMENDED     DEFT U LOCK INCS AMENDED OBJECTIONS AND RESPONSES TO THE
INTERROGATORIES REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND
EXHIBITS A THROUGH Y NOT IMAGED     View
Sep/21/2018 AMENDED ANSWER AND NEW MATTER TO COMPLAINT FOR DECLATORY JDGMT AND
EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING    View
Sep/07/2018 ORDER PRELIMINARY OBJECTION   ORDER SEPT 6 2018 THAT PRELIMINARY
OBJECTIONS ARE OVERRULED IN PART SUSTAINED IN PART AND STRICKEN IN PART AS SET
FORTH N236  View
Sep/07/2018 MOT/PET STAY TAX SALE (NO FEE)AND ORDER AS SET FORTH  View
Jul/06/2018 ORDER ORDER DEFTS PETITION FOR PROTECTIVE ORDER IS GRANTED AS SET FORTH
     View
Jul/06/2018 MOT/PET PROTECTIVE ORDERDEFT U LOCK INCS PETITION PURSUANT TO
PENNSYLVANIA RULE OF CIVIL PROCEDURE 4012A FOR A PROTECTIVE ORDER AND FOR A THIRTY
(30) DAY EXTENSION OF TIME TO RESPOND TO THE PLFFS DISCOVERY REQUESTS    View
Jul/06/2018 MOT/PET COMPEL    DISCOVERY RESPONSE TO DEFTS OBJECTIONS TO PLFFS
DISCOVERY REQUEST AND RESPONSE TO PLFFS MOTION FOR PROTECTIVE ORDER     View
Jul/02/2018 RESPONSE     TO DEFTS U LOCK INCS ANSWER TO PRELIMINARY OBJECTIONS View
Jun/13/2018 ANSWER PRELIMINARY OBJECTIONS DEFT U LOCK INCS ANSWER TO PRELIMINARY
OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF
SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING     View
Jun/13/2018 BRIEF IN OPPOSITION TO PRELIMINARY OBJECTION    DEFT U LOCK INCS BRIEF
IN OPPOSITION TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF
COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT
SPECIFICITY IN PLEADING View

May/23/2018 CERTIFICATE OF SERVICE  OF SCHEDULING ORDER DATED MAY 17 2018     View
May/18/2018 SCHEDULING ORDER  FILING BRIEFS N236View
May/16/2018 OBJECTIONS  AND RESPONSES TO THE INTERROGATORIES REQUESTS FOR
ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS     View
May/14/2018 PRELIMINARY OBJECTIONS  BASED UPON FAILURE TO CONFORM TO RULE OF COURT
AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY
IN PLEADING AND BRIEF IN SUPPORT     View
Apr/23/2018 NOTICE OF SERVICE OF INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST
FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK INC     View
Apr/23/2018 OPPOSITION  TO PRELIMINARY OBJECTIONS     View
Apr/23/2018 AMENDED ANSWER AND NEW MATTER TO COMPLAINT IN CIVIL ACTION FOR
DECLATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN
ACCOUNTING  View
Apr/19/2018 CERTIFICATE OF SERVICE  OF SCHEDULING ORDER     View
Apr/12/2018 SCHEDULING ORDER  FILING BRIEF N236 View
Apr/04/2018 PRELIMINARY OBJECTIONS  PRELIMINARY OBJECTIONS BASED UPON FAILURE TO
CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND
INSUFFICIENT SPECIFICITY IN PLEADING AND BRIEF IN SUPPORT     View
Mar/28/2018 PRAECIPE WITHDRAW PRELIMINARY OBJECTIONS  AND BRIEF IN SUPPORT     View
Mar/19/2018 ANSWER COMPLAINT  AND NEW MATTER TO COMPLAINT IN CIVIL ACTION FOR
DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN
ACCOUTING  View
Mar/16/2018 ORDER THAT THE DEFAULT JDGMT IN FAVOR OF PLFF AND AGAINST DEFT U LOCK
IS STRIKEN AS SET FORTH View
Mar/16/2018 MOT/PET STRIKE JUDGMENT (NO FEE)     MOTION TO STRIKE DEFAULT JUDGMENT
(NO FEE)     View
Mar/16/2018 SCHEDULING ORDER  SCHEDULING ORDER MARCH 15, 2018 FILING BRIEF AS SET
FORTH N236  View
Mar/12/2018 APPEARANCE ENTERED BY    JOHN A TUMOLO ESQ View
Mar/08/2018 JUDICIAL REASSIGNMENT FORM FROM     FROM JUDGE SCHERER TO JUDGE MARSILL
     View
Mar/06/2018 ORDER RECUSAL     ORDER RECUSAL THAT THE COURT ADMINISTRATORS OFFICE
SHALL REASSIGN THIS CASE TO JUDGE ANTHONY MARSILI AS SET FORTH N236     View
Mar/05/2018 ANSWER COMPLAINT  FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO
CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING     View
Mar/05/2018 APPEARANCE ENTERED BY    J ALLEN ROTH ESQ  View
Mar/05/2018 BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONSBRIEF IN SUPPORT OF DEFT U
LOCK INCS PRELIMINARY OBJECTIONS TO THE COMPLAINT     View
Mar/05/2018 PRELIMINARY OBJECTIONS  DEFT U LOCK INCS PRELIMINARY OBJECTIONS TO THE
COMPLAINT   View
Mar/05/2018 *MOT/PET OPEN OR STRIKE JUDGMENT    *MOT/PET OPEN OR STRIKE JUDGMENT
     View
Mar/02/2018 APPEARANCE ENTERED BY    DENNIS D DEC COTTO ESQ  View
Feb/23/2018 *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT  *JUDGMENT EO DIE:
JUDGMENT ENTERED/NOTICE SENT  View
Feb/21/2018 PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED    PRAECIPE
REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATEDView
Feb/21/2018 RETURN SERVICE BY OF PROCESS BY PUBLICATION     View
Jan/19/2018 PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED    PRAECIPE
REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATEDView
Jan/12/2018 MOTION/PETITION   MOTION FOR SERVICE BY PUBLICATION PURSUANT TO RULE
430 AND ORDER THAT DEFT U LOCK INC MAY BE SERVED BY PUBLICATION IN ACCORDANCE WITH
PA PRCP RULE 430  View
Jan/12/2018 *PRAECIPE INDEX LIS PENDENS   *PRAECIPE INDEX LIS PENDENS

CERTIFICATE OF SERVICE

I mailed a copy of this notice of appeal to:

Bill E. Otto,
the attorney for Christine Biros
Box 701
Murrysville PA  15668

Allen Roth,
the attorney for U Lock storage
805 South Alexander Street
Latrobe PA  15650

Judge Harry Smail
judge of the court
2 N Main Street, Courtroom 2
Greensburg PA  15601

Prothonotary
2 N Main Street
Greensburg PA  15601

on June 1, 2022.

_____
Mark Miles Mycka

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTINE BIROS,                               )
                                               )    No. 2:23-297
                    Plaintiff,                 )
                                               )
        v.                                     )    Judge Robert J. Colville
                                               )
SHANNI SNYDER, GEORGE SNYDER,                  )
KASH SNYDER, and J. ALLEN ROTH,                )
                                               )
                    Defendants.                )
                                               )

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

        Before the Court are four Motions to Dismiss (ECF Nos. 32, 34, 35, 36) filed by Defendants

in this matter. Defendants move to dismiss with prejudice all counts in Plaintiff's Complaint,

arguing that Plaintiff has failed to state a claim upon which relief can be granted. The Court has

jurisdiction to rule on this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The Motions

have been fully briefed and are ripe for disposition.

## I.      Factual Background & Procedural History

        To provide some degree of clarity at the outset, the Court notes that the history of this

matter involves three different court proceedings: (1) is a suit in state court over the title of the plot

of land at the center of this dispute (the "Title Case"), (2) is a wage dispute in this District that

resulted in a default judgment awarding allegedly unpaid wages (the "Wage Case"), and (3) is a

Bankruptcy proceeding related to the company at the center of this controversy (the "Bankruptcy

1

Case"). In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motions at issue:

On July 16, 2015, Plaintiff provided funding for the purchase of a plot of land at 14390 Route 30, North Huntington, PA 15642, from the executors of four estates. ECF No. 1 ¶ 13. After the purchase was complete, the four deeds for the property were executed in favor of "U Lock Inc." *Id.* ¶ 15. On September 4, 2015, the corporation U Lock Inc. ("U Lock") was formed, operating under the auspices of George Snyder ("George") and Kash Snyder ("Kash"). *Id.* ¶ 17.

On October 17, 2017, Plaintiff commenced the Title Case against U Lock and the four executors in the Court of Common Pleas of Westmoreland County, seeking, among other things, a declaratory judgment that she owned the property and relief quieting title to her. *Id.* ¶ 19. The court found that Plaintiff owned the property and that U Lock simply held legal title to the property in trust for Plaintiff's benefit. *Id.* ¶ 23. U Lock's post-trial motions were denied. *Id.* ¶ 25. On December 17, 2019, U Lock appealed, and the Superior Court affirmed the decision of the Court of Common Pleas (the "Superior Court Appeal"). *Id.* ¶ 27–28. U Lock applied for re-argument. *Id.* ¶ 44.

On July 14, 2021, before the court ruled on U Lock's application for re-argument in the Title Case, Defendant Shanni Snyder ("Shanni"), sister to George and Kash, filed the Wage Case *pro se* against U Lock in this District under the Fair Labor Standards Act. *Id.* ¶ 61. Shanni claimed that she had been working for U Lock for seventy hours per week since January 1, 2016, without receiving the promised compensation, and sought $131,351 in unpaid wages. *Id.* ¶ 66. U Lock did not file any response to Shanni's complaint and made no attempt to defend itself. *Id.* ¶ 69. On October 18, 2021, this Court entered a default judgment against U Lock, awarding Shanni $263,104, which the court reiterated with an abstract of the judgment on December 14, 2021. *Id.*

2

A381

78–81.  On December 15, 2021, Shanni filed the abstract of judgment against U Lock in the judgment roll of the Westmoreland Court, thereby gaining a lien against the real property of U Lock.  *Id.* ¶ 83 and Ex. K.

On July 28, 2021, the Superior Court denied U Lock's application for re-argument in the Title Case.  *Id.* ¶ 31.  On August 27, 2021, U Lock petitioned the Pennsylvania Supreme Court for allowance of appeal.  *Id.* ¶ 32.  On January 19, 2022, the Pennsylvania Supreme Court denied the petition.  *Id.* ¶ 33.  With all appeals exhausted, on January 20, 2022, the Court of Common Pleas issued an order in the Title Case, directing the parties to deliver to Plaintiff all deeds conveying title of the property to her (the "Deed Order").  *Id.* ¶ 36.  On January 24 or 25, 2022, Plaintiff recorded the deeds conveying legal title to herself.  *Id.* ¶¶ 37 & 90.

However, in March 2022, U Lock applied to the Pennsylvania Supreme Court to stay remand to the Court of Common Pleas, pending U Lock's request for a grant of *certiorari* from the United States Supreme Court.  *Id.* ¶ 38.  Although the Court of Common Pleas had already issued the Deed Order, the Pennsylvania Supreme Court granted the application to stay the order and prevent remand to the Court of Common Pleas, providing U Lock with ninety days to complete its petition to the United States Supreme Court.  *Id.*  U Lock never did petition the United States Supreme Court.  *Id.* ¶ 40.

Instead, on March 17, 2022, U Lock, through its attorney J. Allen Roth ("Roth"), filed with the Court of Common Pleas a petition to strike its January 20th Deed Order.  *Id.* ¶ 91.  The petition also asked the court to strike Plaintiff's recorded deed, and instead have the property conveyed to U Lock, which would, if appropriate, convey the title to Plaintiff.  *Id.* ¶ 93.

Then, on April 27, 2022, eight days after the Pennsylvania Supreme Court's ninety-day deadline for U Lock to petition the United States Supreme Court had passed, Shanni filed the

3

Bankruptcy Case under Chapter 7 against U Lock, arguing that she was a creditor of the company and was owed $375,100. *Id.* ¶ 107.

On May 17, 2022, the Court of Common Pleas denied U Lock's motion to strike the Deed Order in the Title Case, and on May 19, 2022, Shanni filed a Notice of Appeal to the Superior Court from the Court of Common Pleas's decision in that matter, arguing that her judgment lien would be effectively destroyed if the judgment of the Court of Common Pleas was allowed to go forward. *Id.* ¶ 152-155. Just two minutes later, at the same Westmoreland Courthouse, Roth filed U Lock's notice of bankruptcy. *Id.* ¶ 159.

On May 27, 2022, in the Bankruptcy Case, Shanni filed the judgment from this Court in the Wage Case as evidence of her claim against U Lock, which she asserted was secured by property. *Id.* ¶ 122. The Bankruptcy Court stayed the Court of Common Pleas from proceeding on the matters relating to U Lock, pending the resolution of the Bankruptcy Case.[1]

On February 26, 2023, Plaintiff brought claims in this District for civil Racketeer Influenced and Corrupt Organizations Act ("RICO Act") violations under 18 U.S.C. § 1962(c), RICO Act conspiracy under 18 U.S.C. § 1962(d), common law slander of title, and claims under Pennsylvania state law for civil conspiracy, fraud, aiding and abetting fraud, and abuse of process. ECF No. 1. Defendants filed their Motions to Dismiss, along with Briefs in Support, on April 24, 2023 (ECF No. 32), April 27, 2023 (ECF Nos. 34–35), and May 1, 2024 (ECF No. 36). Plaintiff filed a Response to the Motions to Dismiss on June 6, 2023 (ECF No. 39).

## II.    Legal Standard

---

[1] The Court notes that, after Plaintiff filed the Complaint, an opinion was issued in the Bankruptcy Case. The Court acknowledges the bankruptcy court's excellent recitation of the facts, and further acknowledges its analysis and disapproval of the seemingly deceptive conduct of some of the Defendants. While it bears no particular weight on this ruling, the Court reads the facts largely in step with the bankruptcy court.

4

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits, but simply accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they

5

A384

are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g.*, *Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

## III.    Discussion

### A.  Counts I & II – RICO and RICO Conspiracy

Under the RICO Act, it is unlawful "for any person employed by or associated with any enterprise engage in, or the activities of which affect, interstate or foreign commerce, to conduct

A385

or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962. *See Dongelewicz v. PNC Bank Nat'l. Ass'n*, 104 Fed. Appx. 811, 816–817 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Therefore, to succeed in a cause of action for a RICO Act violation under § 1962(c), plaintiffs must establish that the defendant is (1) a person (2) who is associated with an enterprise engaged in interstate commerce (3) who conducted the affairs of said enterprise (4) through a pattern (5) of racketeering activity. *Id.* Under 18 U.S.C. § 1962(d), "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962.

Plaintiff alleges that each of the various Defendants acted as "persons" to form an association-in-fact that functioned as an "enterprise." ECF No. 1 ⁋ 168. They "conducted the affairs of the enterprise" by scheming to obtain a superior interest in the property that rightfully belonged to Plaintiff. *Id.* ⁋ 168. Once Defendants realized that they were unlikely to win the Title Case, they used a "pattern" of procedural delay tactics to allow Shanni to open the Wage Case, in which she lied about working for U Lock. George and Kash did not dispute the case, in order to force a fraudulent default judgment that would grant them a lien against the property. *Id.* ⁋ 171. They then conspired to open the Bankruptcy Case to supersede the state court decisions in the Title Case. *Id.* These various corruptions of the judicial system and acts of fraud amounted to "racketeering." *Id.* ⁋ 213.

This Court interprets certain terms in this cause of action as specifically applied to the Rico Act claims differently than Plaintiff. Most notably, "Enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). While "it is not necessary to

A386

show that the enterprise has some function wholly unrelated to the racketeering activity," a plaintiff must show "that [the enterprise] has an existence beyond that which is necessary merely to commit each of the acts [that] predicate racketeering offenses." *United States v. Console*, 13 F.3d 641 (3d Cir. 1993). In other words, "a plaintiff must demonstrate the existence of an 'enterprise,' functioning as an independent, free-standing association-in-fact, which 'engages in a pattern of activity which differs from the usual and daily activities of its members.'" *Ferguson v. Moeller*, No. 2:16-CV-41, 2016 WL 1106609 (W.D. Pa. Mar. 22, 2016) (quoting *In re Ins. Brokerage Antitrust Litig.*, 2006 WL 2850607, at *17 (D.N.J. Oct. 3, 2006)). In short, a collective can only be an "enterprise" for RICO Act purposes if it has "functions other than the perpetration of the predicate racketeering acts." *Id. See also Smith v. Jones, Gregg, Creehan & Gerace, LLP,* No. 2:08-CV-365, 2008 WL 5129916 (W.D. Pa. Dec. 5, 2008); *Wood v. Wood*, No. CV 16-995, 2017 WL 57186 (W.D. Pa. Jan. 5, 2017); *Kingfly Spirits, LLC v. Ragghianti*, No. CV 22-50E, 2023 WL 6214262 (W.D. Pa. Sept. 25, 2023).

This Court is not convinced that there exists an "enterprise," which must have a broader function than to simply defraud Plaintiff. Here, Plaintiff does not allege the existence of a broader criminal, or other intended, enterprise that she happened to fall victim to. In fact, she states outright that "[t]he purpose of the . . . [e]nterprise was to attempt to obtain an interest in the Subject Property that was superior to any title that [Plaintiff] might take in that property." ECF No. 1 ¶ 194. This assertion essentially defeats the theory that this is a viable RICO Act claim. "[By] limiting its allegations . . . to the underlying offenses, plaintiff affirmatively negate[s] the existence of . . . an enterprise separate and apart from the pattern of activity in which it engages." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984) (internal quotation marks omitted). The same is true here as in *Seville*. Accepting all the well-pled facts in the Complaint in a light

8

most favorable to Plaintiff, as the Court reads it, Plaintiff argues that the function of the enterprise was to simply defraud Plaintiff, not to engage in a broader pattern of criminal or other intended behaviors that go beyond this singular fraud.  While the Court does not necessarily find the RICO Act argument to be futile, it finds that the Complaint does not currently state a plausible RICO Act claim under § 1962(c) (and, by extension, RICO Act conspiracy under § 1962(d)).

### B.  The Remaining Counts

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C.A. § 1367(a).  A district court may, however, decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C.A. § 1367(c)(3).  In making a determination to decline to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Because the RICO Act claims were the sole jurisdictional basis that brought this action to this District, the Court finds it premature to make any findings related to the remaining state claims without the presence of a federal question before the Court.  The factors of judicial economy, convenience, fairness, and comity all weigh in favor of this Court declining to exercise supplemental jurisdiction without conviction that there is a claim respecting federal law to which the remaining state claims are ancillary.  Accordingly, if an amended complaint does not present a credible federal question, the Court will be inclined to dismiss the remaining state law claims

9

without prejudice to allow Plaintiff to pursue the same in state court. Pending any such amendment, the court declines to exercise supplemental jurisdiction over the state claims at this time.

**IV.  Conclusion**

For the reasons discussed above, as to Counts I and II, the Court grants Defendants' Motions to Dismiss. Plaintiff's RICO Act and RICO Act Conspiracy claims are dismissed without prejudice, and the Court grants Plaintiff leave to amend her complaint within 21 days of the date of this memorandum order.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 29, 2024

cc: All counsel of record

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE BIROS, | ) | |
| | ) | No. 2:23-297 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| SHANNI SNYDER, GEORGE SNYDER, | ) | |
| KASH SNYDER, and J. ALLEN ROTH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER OF COURT

AND NOW, this 29th day of March, 2024, upon consideration of the Motions to Dismiss (ECF Nos. 32, 34, 35, 36) filed by Defendants Shanni Snyder, George Snyder, Kash Snyder, and J. Allen Roth, and for the reasons set forth in this Court's Memorandum Opinion of the same date, it is hereby ORDERED that:

1) As to Counts I and II of the Complaint, the Motions to Dismiss are GRANTED in part;

2) As to the remaining state-law claims, the Court declines to exercise supplemental jurisdiction until Plaintiff files an amended complaint with a viable federal question; and

3) Plaintiff is granted leave to file an amended complaint. Any such amended complaint shall be filed within 21 days of this order.

BY THE COURT:

_/s/Robert J. Colville_____
Robert J. Colville
United States District Judge

cc: All counsel of record

1

A390

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the within

VOL II OF IV APPENDIX OF APPELLANT, CHRISTINE BIROS was served this

22nd  day of August 2025, via the Court's CM/ECF

*Stuart C. Gaul, Jr.*